IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MIKE V. MATA,                         ) | |
|     Plaintiff,       ) | |
|     v.              ) | C.A. No. 05-423(KAJ)) |
| E. I. DU PONT DE NEMOURS AND COMPANY, ) | |
| a Delaware corporation; E. I. DU PONT DE ) | |
| NEMOURS AND COMPANY, Plan Administrator, ) | |
| And                                   ) | |
| PENSION AND RETIREMENT PLAN,          ) | |
|     Defendants.     ) | |

## AMENDED COMPLAINT

COMES NOW the Plaintiff, by undersigned counsel, and as a cause of action against the above named Defendants, hereby alleges as follows:

### JURISDICTION

1. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. Section 1132(e)(1), the pendant jurisdiction of this Court, and under 28 U.S.C. Section 1331.

2. A copy of this Complaint has been served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail.

### VENUE

3. Venue lies in the District of Delaware under 29 U.S.C. Section 1132(e)(2), and 28 U.S.C. Section 1391(b).

### PARTIES

4. Plaintiff Mike V. Mata, ("Mata" or "Plaintiff"), DOB July 4, 1951, is a former employee of the Company and an intended Participant in the Plan(s), as that status is defined under the Employee Retirement Income Security Act of 1974 ("ERISA") Sec. 3(7), [29 U.S.C. Section 1002(7)]. As such, Plaintiff is an intended Beneficiary of the Plan(s) as that term is defined by Sec. 3(8), [29 U.S.C. Section 1002(8)].

5.  Defendant Pension and Retirement Plan ("Plan") is a plan, fund or program of the Company relating to benefits described in ERISA Sec. 3, [29 U.S.C. Section 1002], and an employee benefit plan within the meaning of ERISA Sec.s 3(1) and (2) [29 U.S.C. Sections 1002(1) and (2)], and ERISA Sec. 4(a) [29 U.S.C. Section 1003(a)].  The Plan is administered and found within the District of Delaware.

6.  Defendant E. I. DuPont de Nemours & Company, Inc., ("Company"), is a Delaware corporation organized and operating under the laws of the State of Delaware, and the former employer of Plaintiff Mata.  Defendant Company is an employer within the meaning of ERISA Sec. 3(5), [29 U.S.C. Section 1002(5)], with a business office in Wilmington, Delaware.  The Company is the "Plan Administrator" of the Plan acting through its employees as agents, and is a fiduciary under ERISA Sec. 3(21)(A), and Sec. 402(a), [29 U.S.C. Sections 1002(21)(A) and 1102(a)].  The Company is also the sponsor of Defendant Plan(s), within the meaning of ERISA Sec. 3(16), [29 U.S.C. Section 1002(16)].

## COMMON FACTS

7.  Mata is a resident of New Castle County, Delaware, and has completed a total of 15.2 years of active service through her employment with the Company.  His full-time employment consisted of 15.2 years, consisting of 2.6 years of employment with Nason Automotive Finishes, and 12.6 years as an employee of DuPont ("Company") for a total of 15.2.  During such time as he was a full-time employee, he was a participant in the Plan(s) and an intended beneficiary as a retiree under the Plan(s).

8.  Mata applied for a pension in 2004, at age 53.  In January, 2004, Mata was advised that his pension was available because he had accumulated 14.2 years of vesting service with an adjusted service date of May 8, 1989.  As a result, his service from 1989 through 2004, was combined.  The Company has not acknowledged his service with the Company is employment sufficient to grant a pension under the Plan with the Company such as to allow his qualification for a pension entitlement under the Plan as an employee with 15 years service and a separation date after his 50th birth date to allow the earliest commencement date.  This employment was spread over a period of 15.2 years.  This additional service results in a total employment service time of 15.2 years, when combined with employment at Nason Finishes.

9. Mata currently receives no benefits from the Pension Plan in spite of her having accrued 15.2 years of full-time-service under the Plan(s), and receives no status benefits from other related plans of the Company.

10. Mata applied for and was denied a pension on the basis he did not have sufficient years of credited service following his severance grant. Mata has now qualified for a severance plan payment based on his separation from service.

11. Mata has by his own means and through counsel, applied to the Plan Administrator of the Pension and Retirement Plan (Plan) to have pension plan provisions in effect at the time of his separation in 2004 administered under ERISA. On June 1, 2005, Mata asserted his wrongful pension denial. On June 10, 2005, Mata was advised that the Board of Pensions would review the June 1, 2005, letter of appeal. By letter of June 22, 2005, the Board withdrew its review agreement. On July 1, 2005, Mata requested the Board continue Mata's Level 2 Appeal and supported this request by his July 26, 2005 detailed appeal data. On September 27, 2005, the Board denied Mata's appeal. This denial was the result of DuPont's internal failure of presentation of this appeal and the Company's consequent unprofessional consideration by Company personnel supporting the Board (to include indicating confusion so as to a result in the Plan Administrator's delay) and understanding as to the issues and the exact hearing date.

12. Mata has otherwise exhausted his administrative remedies with the Plan Administrator to secure his credited service and monthly benefits under the Plan.

13. Section IV.3(c) of the Continuity of Service Rules, Absences which do not constitute breaks in service, states: ". . . provided, however, that this ten-year [return to work] requirement will be waived for the purpose of the Pension and Retirement Plan if the employee retires or is involuntarily terminated for reasons other than discharge for dishonesty, insubordination or other misconduct, and if at the time of such retirement or termination the total of his prior periods of service and current service equals fifteen years or more; . . ." (emphasis supplied).

14. Section IV.3(c) also violates the Rule of Parity, DOL Reg. Sec. 2530.210(g) [29 C.F.R. Sec. 2530.210(g)], which provides that a plan may not disregard service if the participant's service prior to his separation (here 15.2 years). The Plan Administrator has committed a fiduciary breach by applying a service requirement to Mata's service to prevent Mata from receiving an accrued benefit based on all years of credited service under ERISA.

15. The Plan Administrator is improperly denying Mata's pension credit from being one continuous period of 15 years, 2 months in not using a proper ERISA Rule of Parity to allow his proper service to apply toward his pension entitlement.

## COUNT I - PENSION BENEFITS UNDER ERISA

16. The allegations of Paragraphs 1 through 15 are herein incorporated by reference as if fully restated.

17. The Plan provides that a Participant's accrued benefit shall be paid to a Participant who separates from service with 15.2 years of credited service. A Participant who has worked as a full-time employee for over 15 years as of the date of his retirement application and who is over 50 years of age is entitled to a pension as stated under Section V of the Plan. Mata now receives no monthly pension amount.

18. Mata, as of his 50 age/15 years of service has reached a retirement age and has fulfilled all conditions for a pension under the Plan that would pay him approximately $600 per month.

19. Plaintiff has been arbitrarily and capriciously denied his full monthly benefit entitlement from the Plan by Plan Administrator not applying the Rule of Parity to cure his service under Plan to meet service requirements to include each year of his credited service toward a pension. Plaintiff has been denied full benefits because Plan Administrator has arbitrarily and capriciously failed to apply a legal rule under ERISA and the Plan, that would allow Mata his full benefits. Also, Plan Administrator has ignored fact that it has granted such benefits to two other persons previously employed by Nason in Mata's same factual situation, being Larry Sayer and William McConachie, giving them full pension benefits.

20. Plaintiff is entitled to his full benefits for his properly qualified credited service under the Plan and makes a claim for an accrued benefit from the Plan under ERISA Sec. 502(a)(1)(B), 29 U.S.C. Section 1132(a)(1)(B), which benefits were arbitrarily and capriciously denied to Plaintiff.

21. Plaintiff has followed claims procedures of the Plan and otherwise has exhausted his administrative remedies.

WHEREFORE, Plaintiff asks that the Court:

(1) Enter judgment against the Plan and the Company as Plan Administrator declaring Plaintiff's entitlement to accrued benefits due as indicated above and as to any related status benefits under related plans, and direct the Plan and the Plan Administrator to pay said benefits due, together with pre-judgment interest and post-judgment interest on said amounts.

(2) Enter judgment against the Plan and the Company as Plan Administrator for reasonable attorney fees, costs, and other expenses allowed by law in prosecuting this action, incurred in this action, or due as a result of any collection or enforcement of any judgment, and

(3) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT II - BREACH OF FIDUCIARY DUTIES UNDER ERISA

22. The allegations of Paragraphs 1 through 21 are herein incorporated by reference as if fully restated.

23. The Plan provides that a Participant's accrued benefit shall be paid to a Participant who is separated from service with 15 years of credited service. Mata suffered an undisclosed gap in his full-time employment of time he spent with Nason Finishes and DuPont as employer ("Company") so as to deny him credited service from full-time employment and his credited service under the Plan prior to the acquisition of Nason Finishes.

24. Interpretation of the Plan under ERISA and its regulations, i.e., Rule of Parity, is required by virtue of Mata's' post-ERISA's employment following and during 1991, which employment generated credited service under the Plan.

25. The Plan, through the Plan Administrator's actions, has improperly cancelled certain of Mata's pension credits by improper application of the Rule of Parity. Mata's entitlement to a monthly pension amount under ERISA has been improperly denied due to this denial of pension service. The Plan Administrator is committing a fiduciary breach by not granting a continuous period of employment of 15.2 years for purposes of pension credit under the Plan.

26. Because of improper calculation of prior pension credits under the Plan due to illegal and erroneous application of continuity of service rules, the Plan and the Plan Administrator have breached a fiduciary duty to Mata.

27.  Plaintiff is entitled to his full benefits for his 15.2 years of credited service from the Plan and makes a claim for relief to obtain accrued benefits properly due him from the Plan under ERISA Sec. 502(a)(3) [29 U.S.C. Section 1132(a)(3)], and ERISA Sec. 404 [29 U.S.C. Section 1104], which benefits were arbitrarily and capriciously denied.

28.  Plaintiff has followed claims procedures of the Plan and otherwise has exhausted her administrative remedies.

WHEREFORE, Plaintiff asks that the Court:

(1)  Enter judgment against the Plan and the Company as Plan Administrator declaring Plaintiff's entitlement to accrued benefits due as indicated above and from related plans based on his status under the Plan, and direct the Plan and the Plan Administrator to pay said benefits due, together with pre-judgment interest and post-judgment interest on said amounts.

(2)  Enter judgment against the Plan and the Company as Plan Administrator for reasonable attorney fees, costs, and other expenses allowed by law in prosecuting this action, incurred in this action, or due as a result of any collection or enforcement of any judgment, and

(3)  Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

/s/ JOHN M. STULL
John M. Stull, Esq. (Bar No. 568)
1300 North Market Street, Ste #700
P. O. Box 1947
Wilmington, DE 19899-1947
Phone 302) 654-0399
Attorney for Plaintiff
jstullesq@AOL.Com.

Dated: October 10, 2005