**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| MIKE V. MATA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-423 (KAJ) |
| | ) | |
| E. I . DU PONT DE NEMOURS AND | ) | |
| COMPANY, a Delaware corporation; | ) | |
| E. I. DU PONT DE NEMOURS AND | ) | |
| COMPANY, Plan Administrator; and | ) | |
| PENSION AND RETIREMENT PLAN, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER TO AMENDED COMPLAINT

Defendants E. I. du Pont de Nemours and Company ("DuPont"), E. I. du Pont de Nemours and Company, Plan Administrator ("Plan Administrator"), and the DuPont Pension and Retirement Plan ("the Plan") (collectively, "Defendants"), by and through their undersigned counsel, hereby respond to the allegations of the Amended Complaint as follows:

### JURISDICTION

1.    The allegations of this paragraph state legal conclusions to which no response is required.

2.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

### VENUE

3.    The allegations of this paragraph state legal conclusions to which no response is required.

## PARTIES

4.    Defendants admit that Plaintiff is a former employee of DuPont. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation regarding Plaintiff's date of birth.  The remainder of the allegations of this paragraph are denied.

5.    The allegations of this paragraph are admitted.

6.    The allegations of this paragraph are admitted.

## COMMON FACTS

7.    The allegations of this paragraph are denied in their entirety.

8.    Defendants admit that Plaintiff applied for a pension.  The remainder of the allegations of this paragraph are denied.

9.    Denied as stated.  By way of further response, Defendants specifically deny the inference contained in this allegation  that Plaintiff is entitled to any benefits under the Plan.

10.    The allegations of this paragraph are admitted.

11.    It is admitted that Plaintiff applied for a provision through Defendants' plan, that Defendant was denied the pension benefit he sought, that he appealed such benefit, and that his appeal was denied by Defendant DuPont's Board of Pension and Benefits.  The remaining allegations of this paragraph are denied.

12.    The allegations of this paragraph are admitted.

13.    Defendants state that the Plan speaks for itself.

14.    The allegations of this paragraph are denied in their entirety.

15.    The allegations of this paragraph are denied in their entirety.

<u>**COUNT I**</u>

<u>**PENSION BENEFITS UNDER ERISA**</u>

16.    Defendants incorporate their responses to paragraph numbers one (1) through fifteen (15) as if fully set forth herein.

17.    The allegations of this paragraph are denied in their entirety.

18.    The allegations of this paragraph are denied in their entirety.

19.    The allegations of this paragraph are denied in their entirety.

20.    The allegations of this paragraph are denied in their entirety.

21.    The allegations of this paragraph are admitted.

<u>**COUNT II**</u>

<u>**BREACH OF FIDUCIARY DUTIES UNDER ERISA**</u>

22.    Defendants incorporate their responses to paragraph numbers one (1) through twenty-one (21) as if fully set forth herein.

23.    The allegations of this paragraph are denied in their entirety.

24.    The allegations of this paragraph are denied in their entirety.

25.    The allegations of this paragraph are denied in their entirety.

26.    The allegations of this paragraph are denied in their entirety.

27.    The allegations of this paragraph are denied in their entirety.

28.    The allegations of this paragraph are admitted.

<u>**AFFIRMATIVE DEFENSES**</u>

<u>**FIRST AFFIRMATIVE DEFENSE**</u>

The Complaint fails to state a claim(s) upon which relief may be granted.

<u>**SECOND AFFIRMATIVE DEFENSE**</u>

The Plaintiff's claims are barred by the doctrine of accord and satisfaction.

WHEREFORE, Defendants respectfully request that this Court enter judgment in their favor and against Plaintiffs:

1.    Dismissing the complaint with prejudice;

2.    Awarding them their costs and attorneys fees; and

3.    Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

By: _/s/ Kathleen Furey McDonough_
    Mary E. Copper (No. 2397)
    Kathleen Furey McDonough (No. 2395)
    Sarah E. DiLuzio (No. 4085)
    1313 North Market Street
    Wilmington, DE  19801
    Telephone:  (302) 984-6000
    Facsimile:   (302) 658-1192
    kmdonough@potteranderson.com

Attorney for Defendants

Date: October 24, 2005
PA&C-704466v1

4

# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Kathleen Furey McDonough, hereby certify this 24th day of October, 2005, that the foregoing **DEFENDANTS' ANSWER TO AMENDED COMPLAINT** was electronically filed with U.S. District Court District of Delaware via CM/ECF (Official Court Electronic Document Filing System) which will send notification of such filing that the document is available for viewing and downloading via CM/ECF to the following counsel of record:

John M. Stull (No. 568)
1300 North Market Street
Suite 700
P.O. Box 1947
Wilmington, DE 19801
Telephone:  (302) 654-0399
Facsimile:  (302) 654-0884
jstullesq@aol.com


/s/ Kathleen Furey McDonough
Kathleen Furey McDonough (No. 2395)
Hercules Plaza – Sixth Floor
1313 North Market Street
Wilmington, DE  19801
(302) 984-6279 (Telephone)
(302) 658-1192 (Facsimile)
kmcdonough@potteranderson.com

PA&C-704466v1