LEXSEE 1995 U.S. DIST. LEXIS 14484

**DAVID J. PETR, plaintiff, v. DELAWARE AIR NATIONAL GUARD, WALTER G. POWELL, Lt. Colonel, and SHEILA E. WIDNALL, Secretary of the Department of the Air Force, defendants.**

Civil Action No. 94-327-SLR

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

*1995 U.S. Dist. LEXIS 14484*

September 28, 1995, Decided

**COUNSEL:** [*1] Barbara H. Stratton, Esquire, of Knepper and Stratton, Wilmington, Delaware, attorney for plaintiff. Of counsel: William F. Splitgerber, Jr., Esquire, Fallston, Maryland.

David A. Green, Esquire, Assistant United States Attorney, attorney for defendants.

**JUDGES:** Sue L. Robinson, District Judge

**OPINIONBY:** Sue L. Robinson

**OPINION:**

### MEMORANDUM OPINION

Dated: September 28, 1995

Wilmington, Delaware

Sue L. Robinson, District Judge

### I. INTRODUCTION

Plaintiff David J. Petr filed this action against the Delaware Air National Guard and Lt. Colonel Walter G. Powell on February 14, 1994 n1 Plaintiff alleges that he was wrongfully terminated from his position with the Delaware Air National Guard after an episode of severe depression caused him to be absent from his job without leave for two weeks. In his amended complaint, plaintiff presents claims of violation of due process under *42 U.S.C. § 1983*, discrimination in violation of the Rehabilitation Act, wrongful discharge, breach of contract, and intentional infliction of emotional distress. (D.I. 30) Presently before the court is defendants' motion to dismiss or in the alternative for summary judgment.

n1 Plaintiff filed an amended complaint on September 5, 1995, adding Sheila E. Widnall, Secretary of the Air Force, as a defendant. (D.I. 30)

[*2]

### II. BACKGROUND

Plaintiff was originally hired as a supply technician by the Delaware Air National Guard in 1988. At the time of his discharge, he was working as a management assistant. (D.I. 30 at P III) On January 28, 1991, plaintiff did not show up for work, nor did he report for work at any time during the following two weeks. (D.I. 30 at P V) He did not contact his supervisor or anyone else at his workplace to explain his absence. (D.I. 30 at P VI) Plaintiff claims that his absence was caused by a bout of severe depression, anxiety, and other psychological problems. (D.I. 30 at PP IV, V) These problems eventually led to a two week hospitalization. (D.I. 30 at P VII)

As a result of his abandonment of his position, plaintiff's employment with the Delaware Air National Guard was terminated. He received notification on February 14, 1991. (D.I. 30 at P IX) Upon learning of his termination, plaintiff contacted defendant Powell by telephone. Powell, the Support Personnel Management Officer, told plaintiff that he could appeal his termination by requesting either an appellate review or an administrative hearing in writing. (D.I. 30 at P XII) Plaintiff formally requested an [*3] appellate review on March 15, 1991. Included with his request was a report from his doctor. (D.I. 30 at P XIII) n2 After several inquiries to his congressional representatives, plaintiff learned that his appeal was unsuccessful. (D.I. at PP XVI, XVIII)

Case 1:05-cv-00423-KAJ    Document 34-2    Filed 05/01/2006    Page 2 of 4

Page 2
1995 U.S. Dist. LEXIS 14484, *

n2 According to a letter attached as an exhibit to plaintiff's original complaint, defendants claim that plaintiff submitted no evidence for consideration in the appellate review. (D.I. 1 at Exhibit 12) This dispute, however, is not material.

## III. DISCUSSION

Defendants have moved for dismissal for failure to prosecute, n3 or in the alternative for summary judgment. Because the court finds that plaintiff's claims are all administratively barred, defendants' motion for summary judgment will be granted.

n3 Since the filing of defendants' motion on February 21, 1995, plaintiff has obtained local counsel and filed an amended complaint. (D.I. 13, 30) Defendants' motion to dismiss for failure to prosecute is therefore moot.

[*4]

### A. Standard for Summary Judgment

*Federal Rule of Civil Procedure 56(c)* provides that a party is entitled to a summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." A party seeking summary judgment always bears the initial responsibility of informing the Court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact. Where, as here, the nonmoving party opposing summary judgment has the burden of proof at trial on the issue for which summary judgment is sought, he must then make a showing sufficient to establish the existence of an element essential to his case. If the nonmoving party fails to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, the moving party is entitled to judgment as a matter of law. [*5] *Celotex Corp. v. Catrett, 477 U.S. 317, 322, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986)*. Moreover, the mere existence of some evidence in support of the nonmoving party will not be sufficient to support a denial of a motion for summary judgment; there must be enough evidence to enable a jury to reasonably find for the nonmoving party on that issue. *Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986)*.

### B. State Defendants

As noted above, plaintiff has sued the Delaware Air National Guard and Lt. Colonel Powell. The Third Circuit has described the National Guard as having a unique "hybrid" status, combining elements of both federal and state law. *Johnson v. Orr, 780 F.2d 386, 388 (3d Cir. 1986). Jorden v. National Guard Bureau, 799 F.2d 99, 101 (3d Cir. 1986)*. "Within each state the National Guard is a state agency, under state authority and control. At the same time, the activity, makeup, and function of the Guard is provided for, to a large extent, by federal law." *New Jersey Air National Guard v. Federal Labor Relations Authority, 677 F.2d 276, 278-79 (3d Cir. 1982)*.

#### 1. Claims Against the Delaware Air National Guard [*6]

Although federal law plays a significant role in the functioning of the National Guard, each state's National Guard itself is a state agency. Plaintiff's claims against the Delaware Air National Guard, therefore, must be dismissed. Plaintiff is suing a state agency for damages and such a claim is barred by the Eleventh Amendment. In *Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100, 79 L. Ed. 2d 67, 104 S. Ct. 900 (1984)*, the United States Supreme Court stated that "a suit in which the State or one of its agencies or departments is named as the defendant is Proscribed by the Eleventh Amendment." In *Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 238 n.1, 87 L. Ed. 2d 171, 105 S. Ct. 3142 (1985)*, the Supreme Court noted that Eleventh Amendment Immunity may be waived when there has been an "unequivocal indication that the State intends to consent to federal jurisdiction that otherwise would be barred by the Eleventh Amendment." No showing exists that Delaware has waived this immunity. See *Ospina v. Dept. of Corrections, 749 F. Supp. 572, 578 (D. Del. 1990)*. The court, therefore, will grant summary judgment in favor of the Delaware Air National Guard for each [*7] of plaintiff's claims.

#### 2. Claims Against Lt. Colonel Powell

Plaintiff's claims against defendant Powell must likewise be dismissed. It is true that supervisors of technicians in the National Guard have been found to act "under color of state law" for the purposes of suits under § 1983. *Johnson v. Orr, 780 F.2d 386, 392 (3d Cir. 1986)*. In suits under § 1983 for damages, however, the Supreme Court has held that state officials acting in their official capacity are not "persons." *Will v. Michigan Dept. of State Police, 491 U.S. 58, 105 L. Ed. 2d 45, 109 S. Ct. 2304 (1989)*. Plaintiff does not indicate in either

his original or his revised complaint that he is bringing claims against defendant Powell in anything other than his official capacity. The complaint states that "Defendant is a government agency." (D.I. 30 at P II) n4 In addition, the Third Circuit has held that officers of the National Guard have official immunity from suits for damages by their subordinates. *Jorden v. National Guard Bureau, 799 F.2d 99, 107-08 (3d Cir. 1986).* Plaintiff has not requested any relief aside from damages. The court, therefore, will grant summary judgment in favor of defendant [*8] Powell on all claims.

   n4 Plaintiff's brief does offer arguments concerning qualified immunity in response to defendants' brief, but neither the brief nor the complaint contains any allegations identifying any conduct on the part of this defendant that might form the basis of an individual claim. The brief merely states that defendant Powell "violated the constitutional rights of plaintiff," and in the same section states that "he was named as the head of his agency." (D.I. 23 at 35)

Because all claims will be dismissed against the only state defendants in this case, plaintiff's § 1983 claim must be dismissed in its entirety. See *Long v. Parker, 390 F.2d 816, 819 (3d Cir. 1968)* (§ 1983 applies only to state actors, not federal agencies or officers).

### C. Employment Discrimination Claim

#### 1. Plaintiff's Employment Status

Another anomalous feature of the National Guard's hybrid nature is the status of its civilian employees. Under *32 U.S.C. § 709*, the National Guard may employ civilians as technicians [*9] for administration, training, and maintenance and repair of supplies. Technicians employed under this section are paid from federal funds and are explicitly designated "employee[s] of the United States." *32 U.S.C. § 709(d).* Plaintiff contends that without discovery, he does not know whether he was a technician and thus a federal employee under § 709. This contention does not create an issue of material fact. Plaintiff must be aware of the description and title of a job he held for three years. Whether that title and job description match those of the statute involve an interpretation of law, not an issue of material fact. Plaintiff does not cite any authority to support the proposition that civilians may be employed by the National Guard as non-technicians, outside the aegis of § 709. The official record of termination submitted by defendants with their brief cites § 709 as the legal authority for plaintiff's termination. (D.I. 10 at Exhibit 5) In addition, plaintiff refers to himself repeatedly in his amended complaint as a technician (e.g., D.I. 30 at PP III, XIX, XXV, XXX, XXXII, XXXVIII, XLI) and bases his § 1983 claim on defendants' alleged failure to follow the "National [*10] Guard Technician Personnel Regulations regarding Discipline and Adverse Action." (D.I. 30 at P XIX) This court concludes, therefore, that plaintiff was a federal employee covered by the provisions of § 709 throughout his tenure with the Delaware Air National Guard.

#### 2. Preemptive Effect of Title VII

Title VII provides the exclusive remedy for federal employees seeking redress for employment discrimination. *Brown v. General Services Administration, 425 U.S. 820, 48 L. Ed. 2d 402, 96 S. Ct. 1961 (1976).* The Supreme Court held in Brown that by implementing the 1972 amendment to the Civil Rights Act, Congress intended to create "an exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination." *Id. at 829.*

Plaintiff has brought his discrimination claim under the Rehabilitation Act. The Rehabilitation Act incorporates the enforcement mechanisms and remedies of Title VII. *29 U.S.C. § 794a.* The Third Circuit has recently held that Title VII supplies the exclusive remedy for suits against federal agencies under the Rehabilitation Act. *Spence v. Straw, 54 F.3d 196 (3d Cir. 1995).* Thus, Title VII preempts all other federal [*11] constitutional and statutory claims based on the same set of facts.

#### 3. Failure to Exhaust Administrative Remedies

Before bringing suit in a federal court, plaintiff must exhaust his administrative remedies. "Where Title VII remedies are available, they must be exhausted before a plaintiff may file suit." *Spence v. Straw, 54 F.3d at 200.* Plaintiff does not dispute the existence of this requirement, but rather contends that he has complied with it. Plaintiff claims that by requesting an appellate review of his termination, he has done all that is necessary. This contention is simply incorrect.

Title VII gives the Equal Employment Opportunity Commission the authority to enforce the Civil Rights Act. *42 U.S.C. § 2000e-16.* Federal regulations make clear that the EEOC's authority extends to employees of the military. *29 C.F.R. § 1613.201(b).* These regulations also lay out the specific steps that federal employees must take to pursue claims of discrimination, beginning with consultation with an Equal Employment Opportunity Counselor. *29 C.F.R. § 1613.213.* Plaintiff does not claim to have fulfilled this requirement, and an affidavit submitted by defendants confirms this fact. [*12] (D.I. 10 at Exhibit 8) Therefore, the court concludes that plaintiff has failed to exhaust his administrative remedies and, accordingly, summary judgment must be granted in

favor of federal defendant Widnall on plaintiff's employment discrimination claim.

### D. Wrongful Termination Claims

As plaintiff correctly points out, additional claims are preempted by Title VII where they constitute mere "attempts to bypass the administrative and remedies restrictions of Title VII 'by the simple expedient of putting a different label on the pleadings'" *Baird v. Haith*, 724 F. Supp. 367, 373-74 (D. Md. 1988), quoting *Brown*, 425 U.S. at 833. At least to some extent, plaintiff has laid out a distinct factual predicate for his claims of wrongful termination, breach of contract, and intentional infliction of emotional distress.

Federal employees' claims stemming from improper dismissals are ordinarily covered by the Civil Service Reform Act. This act provides the exclusive remedy for wrongful dismissals, and requires an initial determination by the Merit Systems Protection Board (MSPB). The National Guard Technicians Act, however, limits the MSPB's review of National Guard Technicians' [*13] terminations. Under *32 U.S.C. § 709*(e)(3), a technician may be separated from his employment by the adjutant general for cause. Section 709(e)(5) provides that the employee's right of appeal from such a termination "shall not extend beyond the adjutant general of the jurisdiction concerned."

The purpose underlying the unreviewability of removals for cause by the adjutant general is the recognition that such decisions have a military component. *Ne-Smith v. Fulton*, 615 F.2d 196, 201 (5th Cir. 1980). This purpose is underscored in this case by the fact that plaintiff's absence occurred during the critical period of the Gulf War when, as plaintiff acknowledges, many National Guard members had been called into active duty. (D.I. 30 at P VIII)

Plaintiff at bar did exhaust his administrative remedies under the National Guard Technicians Act, *32 U.S.C. § 709*, by appealing his dismissal to the adjutant general. The only federal remedy remaining to plaintiff for his alleged wrongful termination would be suit under *42 U.S.C. § 1983* for violations of constitutionally protected rights by individuals acting under color of state law. See *Johnson v. Orr*, 780 F.2d at 395. Plaintiff is precluded [*14] from pursuing such a cause of action, however, because he failed to name proper state actors and because he asserts only a § 1983 damage action. *Jorden v. National Guard Bureau*, 799 F.2d at 107-08 (State military defendants are immune from a damages action under § 1983).

### E. Sovereign Immunity

Even if plaintiff's wrongful termination claims were not precluded by Title VII and the National Guard Technicians Act, plaintiff could not pursue those claims in this court. Plaintiff's suit is against his former employer, the United States. As a basic principle, the United States, its agencies, and its officials acting in their official capacity cannot be sued for damages unless it has specifically consented to be sued. *United States v. Sherwood*, 312 U.S. 584, 586, 85 L. Ed. 1058, 61 S. Ct. 767 (1941). In instances where sovereign immunity has been waived, plaintiffs must comply with the conditions attached to the waiver. *Lehman v. Nakshian*, 453 U.S. 156, 160, 69 L. Ed. 2d 548, 101 S. Ct. 2698 (1981).

The United States has consented to be sued for breach of contract. *28 U.S.C. §§ 2679, 1346*. The United States Code clearly states, however, that "the district courts shall [*15] not have jurisdiction of any civil action or claim against the United States founded upon any express or implied contract with the United States . . . ." *28 U.S.C. § 1346*(a)(2). This court, therefore, is without jurisdiction to hear plaintiff's breach of contract claim, and will dismiss it accordingly.

The Federal Tort Claims Act (FTCA) provides the exclusive avenue for tort claims against the United States. *28 U.S.C. § 2679*(a). The FTCA requires that tort claims be presented first to the appropriate federal agency. *28 U.S.C. §§ 2675*(a), 2401(b). Plaintiff does not claim to have complied with this requirement. This court, therefore, cannot hear his claim under the Federal Tort Claims Act.

### IV. CONCLUSION

For the foregoing reasons, summary judgment will be entered against plaintiff on all claims and in favor of all defendants. An order consistent with this opinion shall issue.