IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MIKE V. MATA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-423 (KAJ) |
| | ) | |
| E. I. DU PONT DE NEMOURS AND | ) | |
| COMPANY, a Delaware corporation; | ) | |
| E. I. DU PONT DE NEMOURS AND | ) | |
| COMPANY, Plan Administrator; and | ) | |
| PENSION AND RETIREMENT PLAN, | ) | |
| | ) | |
| Defendants. | ) | |

## APPENDIX TO DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

### VOLUME III

POTTER ANDERSON & CORROON LLP
Kathleen Furey McDonough (I.D. 2395)
Sarah E. DiLuzio (I.D. 4085)
1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951
Telephone:  (302) 984-6000
Telefax:  (302) 658-1192
kmdonough@potteranderson.com
sdiluzio@potteranderson.com
*Attorneys for Defendants*

Dated: May 1, 2006
727208v4

## TABLE OF CONTENTS

Exerpts from the Deposition Transcript of Mike V. Mata, dated 03/16/06 ........................ A1-A46

Pension Estimate, dated 01/23/04 ............................................................... A47-A52

Summary Plan Description, dated 07/98 ......................................................... A53-A82

Excerpts of Pension and Retirement Plan (originally adopted 09/01/1904;
last amended 03/01/98) ...................................................................... A83-A104

E. I. du Pont de Nemours and CompanyContinuity of Services Rules (originally
adopted 06/02/1919; last amended 03/01/97) ................................................. A105-A111

Dupont Employee Status Sheet of Mike V. Mata ................................................. A112

Revised memorandum from George Hollodick, dated 10/22/91 re:
DuPont Automotive Products Nason Acquisition ............................................... A113-A115

Memorandum from G. A. Hollodick to F. J. Hutz, dated 10/28/91 re:
Recognition of Nason Service for DuPont Plans and Policies ................................. A116-A118

Letter to Mike V. Mata, dated 01/31/00 re: Adjusted Service Date ........................... A119

Letter to All Nason Employees, dated 10/31/91 ............................................... A120

Letter to Nason Employees, dated 09/25/92 ................................................... A121

Level 1 Appeal Initiation Form, dated 05/31/05 .............................................. A122-A124

Letter from Mike Mata to DuPont Determination Review Team, dated 05/31/05 ............ A125-A126

Letter from Mike Mata to E. I. DuPont de Nemours and Company, dated 06/01/05 .............. A127

Letter from Andrew F. Lesser to Mike Mata, dated 06/10/05 .................................. A128

Letter from Andrew F. Lesser to Mike Matta, dated 06/22/05 ................................. A129

Letter from DuPont Benefit Determination Review Team to Mike Mata,
dated 06/28/05 ............................................................................. A130-A131

Letter from Mike Mata to Dupont Determination Review Team, dated 07/25/05 ............ A132-A134

Decision of the Board of Benefits and Pensions, dated 09/27/05 ............................. A135-A137

Expression of Interest of Mike Mata, dated 04/21/04......................................................A138

Plaintiff's First Set of Interrogatories Directed to Defendants, dated 02/24/06 ...............A139-A140

Affidavit of Andrew F. Lesser, dated 05/01/06 ......................................................A141-A142

```
SSN: 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   Pers id: CA0102004  Name: MATA,MIKE V
Status & Employee Type Code Data for Clnt-id: 0102004CA  Hire Eff Dte: 19911101
**********************************************************  First Emp Dte: 19890508
                                                           Adj Serv Dte: 19890508
         Status    Status   Leave Future   Emp         Status   Comp Srce Cd: K
    Sel Eff Dte  Cd/Rsn   Term Date    Type Code  Imp Date  Prev Emp Comp Cd: 0291
    * ******** * ** **** ************   * ******* *******
    _ 20040630 T NW NWRK                R REGL     20040630
      20011105 A                        R REGL     20011105
    _ 20010917 L ND NDIS                R REGL     20010917
      19911101 A                        R REGL     19911101


    PREVIOUS EMPLOYER CO CODE:  0291
             CO SRCE CODE    :  _
             SHORT NAME         NASON
             NAME               NASON

       EXTENDED DESCRIPTION:

       ACQUISITION 11/1/91.  THIS DATE USED FOR EMPLOYEE'S ASD WHICH IS_____
       USED TO CALC FOR SEVERANCE PAY, ETC._____
       VACATION HOWEVER WAS BASED ON NASON SERVICE DATE.  BUSINESS MANUALLY___
       TRACKS VACATION._____
       _____
```

Hewitt M&A Requirements:

Title I (DuPont): Nason
The model for integrating employees for this merger or acquisition was:
* Add to existing plan with past service for ASD only
* Add to existing plan with future service only (beginning 11/1/1991) for vesting, Section IV and Section V eligibility, and benefit accrual
Comments: No asset transfer occurred for this group. There is no coordination of prior plan benefits with the DuPont benefit. No service prior to 11/1/1991 is considered for pension vesting, Section IV eligibility, Section V eligibility, or benefit accrual.

**A112**

cc:  R. L. Wright, B3324
     D. K. St. Martin, B3310
     E. Bertheaud, FIN, N10506
     T. Tandy, HR, N12400
     R. Hiss, B3306

October 22, 1991

GEORGE HOLLODICK
MANAGER - PENSIONS & BENEFITS
HR
N12423



PENSIONS
RECEIVED
OCT 2 4 1991

R E V I S E D

DU PONT AUTOMOTIVE PRODUCTS
NASON ACQUISITION

This replaces the October 8 memo and includes the following revisions:  Establishes November 1 as the actual rather than estimated hire date, and adds SIP to the benefit list, for which we will recognize Nason service.

The Refinish business of AP plans to acquire Nason Refinish Paint, a division of The O'Brien Corporation, which is headquartered in San Francisco, California.  The purchase includes the Nason business, including their technology and business relationships, as well as certain physical inventories of finished product.  No plants, offices, warehouses or physical facilities are included in our purchase offer.

We are currently in the process of offering full-service Du Pont employment to approximately 31 Nason employees, the majority of whom are sales and technical representatives who work out of their homes in various locations throughout the United States.  Approximately 5 to 7 Nason employees will be moved to Wilmington and have offices in the Brandywine Building.

We request the approval of the Board of Pensions & Benefits to accept the Nason employees under the following conditions:

DATE OF HIRE

We propose that the Du Pont date of hire be the day after the close of sale of the Nason business by The O'Brien Corporation to Du Pont.  The date of hire will be November 1, 1991.

**A113**

D000312

- 2 -

## PENSIONS

Although the O'Brien Corporation has a comprehensive benefit program, employees do not participate in a pension plan. We propose that Nason employees begin accruing Du Pont service for pensions effective on their Du Pont date of hire.

## SEVERANCE PAY

Nason employees would begin to accrue Du Pont service on the Du Pont date of hire for Severance Pay calculations.

## SAVINGS & INVESTMENT PLAN

Since Nason employees currently participate in a 401K plan similar to Du Pont's Savings & Investment Plan, we propose recognizing Nason service for our Savings & Investment Plan. We are in the process of arranging a fund-to-fund transfer.

## OTHER BENEFIT PLANS

We propose recognizing Nason service for the following Du Pont benefit plans:

> Total & Permanent Disability Income
> Vacation
> Dental
> Service Emblem
> - SIP- *addressed above*
> *[initials]*

## VARIABLE PAY PROGRAM

The majority of the Nason employees are paid a salary plus a commission based on sales. We plan to continue this program when they become Du Pont employees. In most cases, the commissions account for 20 to 40% of their total compensation. We propose that commissions be treated as follows with regard to benefits:

Pensions                    Commissions be credited to
                            pay records as having been
                            received in the months
                            actually earned.

Savings & Investment        Savings percentages elected
                            in SIP be applied to
                            commission payments.

**A114**

D000313

-- 3 -

| | |
|---|---|
| Contributory Life Insurance<br>Noncontributory Life Insurance<br>Severance Pay<br>T & P<br>Voluntary Termination Incentive | Employees pay be factored up as though no variable pay program exists. |
| Death in Family<br>Disability<br>Holidays<br>Jury Duty<br>Military Pay<br>Special Benefits<br>Vacation | Commissions would not impact pay under these plans. |
| Dental<br>Flexible Spending Accounts<br>H-M-S<br>Salary Allotment<br>Service Emblem | These plans are not pay-related and therefore commissions would have no impact. |

Ed Bertheaud, Du Pont Finance, estimates the cost of recognizing Nason service as indicated above to be $85,000 in the first year and $35,000 to $40,000 in subsequent years.

A summary of Nason employees is attached.

*Frank J. Lutz*

FRANK J. LUTZ
EMPLOYEE RELATIONS MANAGER
REFINISH

FJL/pam
Attach.

**A115**

D000314

cc: R. L. Wright, AP, B3524
D. K. St. Martin, AP, B3310
R. A. Hiss, AP, B3306
B. Andrzeyewski, HR, N10404
E. Bertheaud, FIN, N10506
D. T. Renshaw, HR, N10421
P. F. Richardson, HR N12402
T. Tandy, HR, N12400
BBP File
NASON ACQUISITION FILE

October 28, 1991

DU PONT HUMAN RESOURCES
Compensation & Benefits

TO:    F. J. LUTZ
       EMPLOYEE RELATIONS MANAGER-REFINISH
       DU PONT AUTOMOTIVE PRODUCTS
       B-5276

FROM:  G. A. HOLLODICK

## RECOGNITION OF NASON SERVICE FOR
## FOR DUPONT PLANS AND POLICIES

On behalf of the Board of Benefits and Pensions and in accordance with the Continuity of Services Rules, I approved recognition of service for the Nason Refinish Paint employees, listed in Exhibit A, who will become Du Pont employees on November 1, 1991, as follows:

1. recognition of service and eligibility for participation in the Pension Plan from date of acquisition, November 1, 1991;

2. recognition of Nason service for purpose of eligibility for the Savings and Investment Plan (SIP), and also recognition of participation in the Nason 401(k) Plan for purpose of vesting in SIP for those transferring an account;

3. recognition of service for Severance Pay calculations from date of acquisition, November 1, 1991; and

4. recognition of Nason service for purposes of eligibility for participation in all other Du Pont Company benefit plans and policies.

In addition, its recognized that since a majority of Nason employees are paid a salary plus a sales commission, that these commissions will be credited to pay records as having been received in the months actually earned for pension purposes; savings percentages elected in SIP will be applied to these commissions; and for Noncontributory and Contributory Group Life Insurance, Severance Pay, T&P, and the Voluntary Termination Incentive (VTI) program, employee's pay will be factored up as though no variable pay program exists as outlined in M. G. Beesley's letter of January 26, 1988.

**A116**

D000315

Rev. 10/18/91

EXHIBIT A

<u>NASON EMPLOYEES</u>

| NAME | SSN | DATE OF BIRTH | NASON SERVICE DATE | 1991 SALARY | 1990 COMMISSION/ BONUS |
|------|-----|---------------|--------------------|-------------|------------------------|
| Mike V. Mata | 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 | 07/04/51 | 05/08/89 | 2,950 | 1,479 (C) |

# A117

C = commission and is the variable pay in question
B = bonus like our IC and is not a factor in benefit administration

REDACTED

D000316

Rev. 10/18/91

EXHIBIT A

NASON EMPLOYEES

| NAME | SSN | DATE OF BIRTH | NASON SERVICE DATE |
|---|---|---|---|
| Mike V. Mata | 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 | 07/04/51 | 05/08/89 |

**A118**

REDACTED    D000317



E. I. du Pont de Nemours & Co, Inc.
1007 Market Street
Wilmington, DE 19898

January 31, 2000

MIKE V MATA
1819 GILPIN AVE APT 2
WILMINGTON, DE     19806-2305

Dear Mike,

The ADJUSTED SERVICE DATE in your personnel record has been changed
from Nov 1, 1991 to May 8, 1989

Reason for change: MANUAL CORRECTION
------------------------------------

There are a number of possible reasons for this correction. For example, the
new date may reflect one or more Leave of Absences, or you were rehired, or
your employment status changed, or you were credited for prior service,
or your prior Adjusted Service Date was inaccurate.

This change is being made in accordance with the Continuity of Service Rules
and may affect your accrued Pension benefit under the Pension Plan. Please
review the employment history listed below and contact your Site
Administrator if you feel there are any inaccuracies.

| Date | Status | Reason | Emp Type |
|------|--------|--------|----------|
| 1991/11/01 | ACT | | REGL |

**A119**

D000059

P.2

Jun 08 04 10:32a

**DUPONT**

AUTOMOTIVE PRODUCTS
Wilmington, DE 19898

TO:  ALL NASON EMPLOYEES

cc:  J. D. Ow[ ]son
     F. T. Smith, Nason
     W. J. Andres, Nason
     R. Marett, Nason
     R. E. Oakley, Nason
     R. W. Fratella, Nason
     R. Lowell, Nason

October 30, 1991



EMPLOYMENT SIGN-UP
BENEFIT SELECTION

       Enclosed is all of the information needed for you to
complete the process of becoming a Du Pont employee.  It is very
important that you take the time to read all of this information,
complete the enclosed forms and return the package immediately.
Any delays could cause problems in receiving your first paycheck
on time and with the proper taxes deducted.

       There will be no interruption of your benefit coverage.
Du Pont coverage will begin when Nason coverage ends.  One
specific point regarding medical insurance -- if you have paid
medical expenses against a deductible under Nason's plan, you
will receive credit for Du Pont's 1991 deductible.  Just be sure
to send in a copy of any "Explanation of Benefits" statement
which you have received this year when making a claim on
Du Pont's medical insurance.

       Returning the enclosed package will provide benefit
coverage through 1991.  Within the next week or two, you can
expect to receive another booklet and sign-up sheet for BeneFlex,
Du Pont's flexible benefits program which begins January 1, 1992.
Selecting BeneFlex coverage will be considerably less involved
than the process you are undergoing now.

       If you have any questions about the sign-up procedure
or benefit selection, call (800) 626-6282 and talk with any of
the Benefits representatives who answer the phone.  It would also
be helpful to identify yourself as being in the Nason
acquisition, since we are recognizing Nason service for most of
our Du Pont benefits -- the most notable exception is Du Pont's
pension plan.

       One final word on pay.  Employees who work out of
Delaware, North Carolina, South Carolina and Florida will be paid
once a month; all others are paid twice a month.  If you work out
of one of those four states, I apologize in advance for any
inconvenience.

       Good luck, and please return the sign-up package as
soon as possible.

                                   Frank
                                 Frank J. Lutz
                                 Employee Relations Manager

Better Things for Better Living

**A120**

FF-8258  Rev. 5789

D000057

Jun 08 04 10:32a                                                                p.3

cc:  P. A. Milburn, HR, Parkview



Wilmington, Delaware
September 25, 1992

NASON EMPLOYEES

### FIRST YEAR OF SERVICE BENEFITS LETTER

On September 16, all Du Pont employees associated with the Nason business were sent a letter from the Benefits Delivery Section entitled "Benefits Available After Completing First Year of Service".

When Nason employees joined Du Pont on November 1, 1991, they were granted Du Pont service, except for pensions and severance pay, for their years of Nason employment.

The September 16 letters were sent in error, and I apologize for any confusion this has caused.

Recently you should have also received an envelope marked "Personal and Confidential - Important Benefit Information Inside" which contained your 1993 Du Pont Beneflex enrollment form. All Du Pont employees were sent this personalized information which must be acted upon to select 1993 Flexible Benefits.

Please do not confuse these two recent mailings. You will need to act on the Beneflex-Flexible Benefits information to insure that you receive the benefits you desire during 1993. This must be done by October 30, 1992.

If you have any questions, please call me at (302) 774-8363 or Duvox 774-8363.

Thanks for your understanding and cooperation in these matters.


FRANK LUTZ


FJL/pam


# A121

D000058

Tuesday, May 31, 2005
**Via U.S. Certified Mail**

**TO:**
DuPont Determination Review Team
DuPont Connection
P.O. Box 1488
Lincolnshire, IL  60069-1488

**FROM:**
Mike Mata
1819 Gilpin Ave
Wilmington, Delaware
19806-2305
tel.  302 654-1546
[ref SBU  DuPont Performance Coatings]

**cc:** Pension and Retirement Plan Administrator Wilmington Delaware

**Re:** LEVEL 1 APPEAL INITIATION FORM POSSESSING REQUEST

Dear Benefit Determination Review Team:

On or about May 28, 2004 I phoned in request to DuPont Connection for retirement benefits, but was told I did not qualify, based on records in the system reflecting only 12.6 years of service.  A second attempt (conference call), took place via Human Resources on or about June 8, 2004, which was also denied.

Subsequently, on May 4, 2005 I phoned DuPont Connection requesting permission to appeal, these denials, hence now submit the above mentioned (enclosed) completed appeal form (and supporting documentation) for processing.  *[basis for this appeal is, that, I believe data entered into system reflecting 13.6 years is wrong, and assert that the correct figure for service years toward pension should be 15.2 years.]*

Please note that during this May 4, 2005 telephone conversation I was clearly told, that, this appeal review group will not review anything except the calculation itself, and will omit any consideration to extenuating circumstances *(e.g. other employees in my same situation as being part of an acquisition were granted pension)*.  Because I disagree with the appropriateness of this policy, I have included circumstantial information anyway.  Further, I hereby request, that, it (the policy), be amended to include relevant facts, without which, I do not think a fair review can be made.

In addition,  please accept my request to be provided any and all information available as to how (or if) I can go about formally contesting this policy, beyond my doing so now, with your group.

# A122

5315 ler dupt canecr appeal team.doc

Page two, Mike Mata Level 1 appeal text

<u>Follows is my formal "Level 1" appeal request/explanation</u>.

I met the, 15 years service/over 50, requirement set forth in the policy, yet was denied, based on conflicting 13 year old documents (enclosed) that were not directed to me, nor properly explained, in relation to my previous company (Nason Automotive Finishes) which was acquired by DuPont on November 1, 1991.

"Nason Employees" were granted credit for service years, prior to acquisition, to be applied toward "Total DuPont Service Years".  **It was not explained with any amount of reasonable clarity** that these so called "Total Years Service" did not include pension, and what impact that fact could have on new "Nason" acquired DuPont employees reaching retirement age.  During the "Acquisition" there was so much going on, all at once (i.e. meetings, discussions, memos, letters, booklets etc,) that, it simply was not made clear that an employee could stand to loose early retirement benefits entirely (pension/medical), if they were not to reach the 15 year mark.

While it is true the enclosed documents do mention pension, they are not, however, directed to me personally but rather to "All Employees" thus easily lost in the big picture, of complex logistical matters involved in becoming part of a large corporation.  This matter should have been reviewed at least every two years as part of annual employee reviews; but it was not.  In fact, this subject was never reviewed or directly explained to me.

During the years after November 1, 1991 (when the acquisition became finalized), there was always confusion over this issue, among the general DuPont population (e.g.  acquires, H.R., fellow employees, management, etc.).

During the restructuring of our business unit (DuPont Performance Coatings / DPC), beginning on April 29, 2004, **this subject was still not clear in many peoples minds** and was the subject of many conversations from employees all over the country calling in to find out what was going to happen with pension, retirement and other benefit related matters. [since this group is not going to consider such things, I will not go into specifics but will promptly provide that information should this group change it's mind and decide to consider it]

<u>It is not contested by DuPont that final tally for my "Total Years Service" is 15.2</u>. *Also it is not contested by DuPont that I met the age requirement (50 yrs) for pension* . What is at issue is that several fellow employees, <u>including management</u> were in fact already congratulating me for being able to "just make it" for the early retirement. **This alone clearly shows, that,  the facts were never clearly explained**. If they had, been, people at our corporate headquarters offices, *with whom I have known and worked with for 14 years (Wilmington DE.  BMP)* would not have been congratulating me or in some cases doing the opposite, by indicating confusion, over what would happen to me.

**A123**

D000013

Page three,  Mike Mata Level 1 appeal text

## SUMMARY STATEMENT:

Regarding DuPont's November 1, 1991 "Acquisition" of "Nason Automotive Finishes" whereby I Mike Mata, then became a new DuPont employee:

**Not, Before, During, or After November 1, 1991,**
did DuPont provide proper or sufficient information, follow-up employee reviews, explanations, or other information, underline essential to gaining true and full understanding, of it's Pension and Retirement Plan, so that employees (me) could have a fair chance to employ the best possible retirement planning tactics.

---

This concludes my remarks, for this level 1 appeal.  If there is anything else I need to do or can do please notify me immediately.

For your convenience, I have provided an index (list) of those enclosures I have provided, as documentation.

Very truly yours,

*Mike Mata*

Mike Mata

# A124



**DuPont Connection**

**Benefit Dete**    **nation Review Team**
**DuPont Connection**
**Level 1 Appeal Initiation Form**
Statement Date 05-06-2005

*C Q Y*

A000426
MIKE V. MATA
1819 GILPIN AVE APT 2
WILMINGTON DE  19806-2305

To make an official Level 1 Appeal regarding eligibility or enrollment* under the DuPont Company's "claims procedures," as defined under section 503 of ERISA (Employee Retirement Income Security Act), you must complete and return all pages of this form and any documentation to:

Benefit Determination Review Team
DuPont Connection
P.O. Box 1488
Lincolnshire, IL 60069-1488

## Appeal Information

*This Level 1 Appeal is submitted on behalf of:*

Claimant Name __*MATA*_____ __*Mike*_____ __*V*_____
                 *Last Name*            *First Name*          *Middle Initial*

Claimant Address __*1819 Gilpin Ave*_____
                  *Street Address*

__*Wilmington*_____ __*DE.*_____ __*19806-2350*_____
    *City*                     *State*              *Zip Code*

Claimant Social Security Number __*554  72  3022*_____

*This appeal relates to the DuPont Company:*

☒  Active Health and Welfare Plan

*Level 1 Appeals related to health and welfare plan coverage or benefit payments should be sent to your Plan carrier. For assistance in properly directing your appeal, please refer to the Summary Plan Description or contact DuPont Connection at 1-800-775-5955.

# A125

delivered by **Hewitt**



Level 1 Appeal Initiation For                                                                    Page 2

## Level 1 Appeal Procedure                                        C O P Y

The Summary Plan Description for the Plan under which you are filing this Level 1 Appeal describes the claims and appeals procedures.

The Benefit Determination Review Team will process your Appeal within a reasonable period of time after receiving this form and the supporting documentation.

The Benefit Determination Review Team will send you a written notice of its determination of your Appeal. You will receive this written notice within the time period allowed under ERISA, as noted in the SPD.

If the Benefit Determination Review Team denies your Appeal, the written notice will provide the reason for the decision and the specific Plan provisions on which it is based. If this Appeal is denied, you may obtain information on how to process a Level 2 Appeal by referring to the SPD for the Plan under which you made the Level 1 Appeal.

If the Benefit Determination Review Team needs additional time to process your Appeal, you will receive: a written notice of the need for a longer processing period; the reasons for the longer period; and a date on which you can expect your appeal to be processed. You will receive written notice of a longer processing period within the original time period the Benefit Determination Review Team had to process the Appeal under ERISA.

## Claimant Acknowledgment and Signature

By signing below and returning this completed form, I am formally filing a Level 1 Appeal under the plan identified above.

_Mik Mato_                                              MAY 3 1 2005

_Claimant Signature_                                    _Date_

## For More Information

If you need additional information, access the *Your Benefits Resources*™ Web site at **http://resources.hewitt.com/dupont** or call DuPont Connection toll-free at **1–800-775-5955**. DuPont Connection Representatives are available between 8 a.m. and 5 p.m., Eastern time, Monday through Friday. The Web site and automated telephone system are available 24 hours a day, Monday through Saturday, and after 1 p.m., Eastern time, on Sunday.

# A126

Wednesday, June 01, 2005
**Via U.S. Certified Mail**

**TO:**
E.I. DuPont de Nemours and Company
**Plan Administrator** of
DuPont Pension and Retirement Plan
1007 Market Street
Wilmington, DE  19898
**FROM:**
Mike Mata
1819 Gilpin Ave
Wilmington, Delaware
19806-2305
tel.  302 654-1546
[ref SBU  DuPont Performance Coatings]

Re:  ALEDGED WRONGFUL DENIAL OF PENSION

Dear Plan Administrator:

On June 6, 2004 I was denied pension benefits under the DuPont Career Transition Program, because I was told I did not meet the 15 years service requirement.

I am writing to you because **I have exhausted all avenues of trying to get someone to dignify my claim** (above).  DuPont Connection says there is no one to contact on this matter, beyond the Level 1 appeal team, and that all they can do is review the information in the system to verify the service years.

My being denied, was in error not only for the reasons explained in my letter to the Review Team, but also because I did not receive the same treatment as another other employee, with my same circumstances, whom was granted his pension with less than 15 years service.  These circumstances are summarized in the Level 1 appeal (enclosed).  **Enclosed please find a copy of my completed Level 1 appeal** and documentations I submitted via Hewitt in Lincolnshire, IL / DuPont Connection, which I implore you to dignify and review based on merit of my claims.

It is my sincere hope that someone will be appointed to meet with me to allow me to speak the merits of my grievance.  Please accept this letter as formal request for this matter to be heard, dignified and investigated. Would you be so kind as to contact me, upon receipt of this letter?  I would greatly appreciate it and how to hear back at your earliest chance.

Very truly yours,

Mike Mata

**A127**

615 let 1 dupt administrator wilm pension.doc



**DUPONT**
Board of Benefits and Pensions

received
JUN 1 3 2005
M · M ·

June 10, 2005

Mr. Mike Mata
1819 Gilpin Avenue
Wilmington, DE 19806-2305

Re: Appeal of Pension Benefit Eligibility

Dear Mr. Mata:

This is to confirm that Board of Benefits and Pensions (the "Board") of E. I. du Pont de Nemours and Company Inc. has received your letter requesting an appeal of the determination of your eligibility for retirement benefits from the DuPont Pension and Retirement Plan.

The Board will review the information provided as well as supplemental information from Benefits Administration Services, and will render a decision at its regularly scheduled meeting on Tuesday, July 12, 2005, if our review is complete by that time. You will be notified of the Board's decision in writing within two weeks of the meeting date. If more time is needed to review the case, you will be notified. You may submit any additional information that becomes available until the meeting date.

The Board does not allow appellants to meet or personally address the Board. Any additional information that you wish to present to the Board must be submitted in written form. Please address any further correspondence regarding this appeal to my attention at the following address:

E. I. du Pont de Nemours & Company
Brandywine 4440
1007 Market Street
Wilmington, DE 19898

Sincerely,

Andrew F. Lesser
DELEGATE OF THE BOARD OF BENEFITS AND PENSIONS

/afl

# A128



## DUPONT
### Board of Benefits and Pensions

June 22, 2005

Mr. Mike Mata
1819 Gilpin Avenue
Wilmington, DE 19806-2305

Re: Appeal of Pension Benefit Eligibility

Dear Mr. Mata:

We have been informed that you submitted an appeal concerning eligibility for pension benefits to DuPont Connection. DuPont Connection is currently treating this appeal as a Level 1 Appeal. Consequently your request to the Board of Benefits and Pension has been withdrawn.

In the event that the Level 1 appeal is denied, you have the right to submit your claim as a Level 2 Appeal that will be considered by the Board of Benefits and Pensions. Level 2 Appeals must be submitted through DuPont Connection, not directly to DuPont.

Sincerely,

Andrew F. Lesser
DELEGATE OF THE BOARD OF BENEFITS AND PENSIONS

/afl

**A129**

# *Benefit Determination Review Team*
# *DuPont Connection*

received

7  1  '05

June 28, 2005

Private and Confidential

Mr. Mike V. Mata
1819 Gilpin Avenue
Apartment 2
Wilmington, DE 19806-2305

Dear Mr. Mata:

This letter is in response to your Level 1 Appeal received on June 3, 2005, requesting to have prior service, while employed at Nason, applied to your years of eligible pension service. DuPont has directed the Benefit Determination Review Team to review your Level 1 Appeal. In reviewing your Level 1 Appeal, we considered the information submitted with your written Level 1 Appeal, the records at DuPont Connection, and the relevant plan provisions. Your request has been denied.

The following information can be found in the First Year of Service Benefits Letter, dated September 25, 1992, sent to all Nason Employees, in pertinent part:

> When Nason employees joined Du Pont on November 1, 1991, they were granted Du Pont service, except for pensions and severance pay, for their years of Nason employment.

Additionally, the following information can be found on pages 7, 8, 23 and 24 of Your DuPont Benefit Resources Pension and Retirement Plan, Summary Plan Description (SPD), effective July 1998, impertinent part:

Pages 7 and 8 state:

### DEFINITION OF SERVICE (FULL AND LIMITED SERVICE EMPLOYEES)

> Service is also important for the purpose of benefit accrual in the calculation of your benefit. For full-service employees (FSEs), length of service for benefit accrual purposes is "continuous service" as determined under the Company's Continuity of Service Rules, that is, the time elapsed since your date of hire (or rehire) including any prior service which has been restored.

Pages 23 and 24 state:

### BREAKS IN SERVICE AND COMPUTATION PERIODS

> You do not have a break in service for periods when you are away from work for:
>
> * leave of absence with full or part pay.

**A130**

*Pers note:*
*over*

356000014

D000003



Mr. Mike V. Mata
Page 2
June 28, 2005

Research indicates your original date of hire at Nason was May 8, 1989, and your date of termination from DuPont was June 30, 2004. This results in a service calculation of 15 years and 2 months. However, for purposes of pension service, the time you were employed at Nason, from May 8, 1989 through October 31, 2001, cannot be credited. Additionally, the time period you were on a leave of absence without pay, from September 17, 2001 through November 4, 2001, is also not included for pension service calculation. Your pension service calculation is 12.66667 years. Therefore your request to have prior service, while employed at Nason, applied to your pension service cannot be approved

You may appeal this denial to DuPont within 60 days from the date of this letter. If you do not submit a Level 2 Appeal to DuPont during this time period, you may not file a Level 2 Appeal for this Level 1 Appeal at a later date. You may submit your Level 2 Appeal in writing to:

DuPont
P.O. Box 1488
Lincolnshire, IL 60069-1488

In preparing your Level 2 Appeal, you have the right to receive, upon request and without charge, reasonable access to or copies of any relevant documents, records, or other information relied upon by the Benefit Determination Review Team in making this determination. If you have any additional information or documentation to support your Level 1 Appeal, you must submit it with your Level 2 Appeal.

DuPont will review the facts, the reasons for the Level 1 Appeal decision, and the information that you have provided. DuPont will respond in writing within 60 days following the receipt of your appeal. If DuPont needs additional time to make a decision, they will notify you in writing of the extension within 60 days following the receipt of your Level 2 Appeal. The decision of DuPont is final and binding.

If DuPont denies your Level 2 Appeal, you have the right to initiate a civil action in federal court under section 502(a) of the Employee Retirement Income Security Act of 1974 (ERISA). This option is available to you only after you have exhausted all of the administrative remedies available to you through DuPont's claims and appeals process.

If you need additional information, access the *Your Benefits Resources*™ Web site at **http://resources.hewitt.com/dupont** or call DuPont Connection toll-free at **1-800-775-5955**. DuPont Connection Representatives are available between 8 a.m. and 5 p.m., Eastern time, Monday through Friday. The Web site and automated telephone system are available 24 hours a day, Monday through Saturday, and after 12 p.m., Eastern time, on Sunday

Sincerely,

Benefit Determination Review Team

**A131**

356000014

D000004

Friday, July 25, 2005

**TO:**
DuPont Determination Review Team
DuPont Connection
P.O. Box 1488
Lincolnshire, IL  60069-1488

**FROM:**
Mike Mata
1819 Gilpin Ave
Wilmington, Delaware
19806-2305
tel, 302 654-1546

**Re:** SUBMISSION OF LEVEL 2 APPEAL on DENIAL OF PENSION BENEFITS

Dear Benefit Determination Review Team:

Per your letter dated June 28, 2005 (announcing the denial of my Level 1 appeal):  Enclosed please find my Level 2 appeal for processing.

Because this decision does not, appear to me, to have considered all the data I submitted, I am re-submitting it (the level 1 appeal) to be viewed **in combination with other new data**, to then be considered, as my formal  my Level 2 Appeal.

Before receiving your determination, I had been corresponding with the "Plan Administrator", via Mr. Andrew F Lesser.  Now I am told I am not allowed to do this, hence I did not mail to Mr. Lesser the response letter I wanted, to regarding, his last letter to me dated June 22, 2005.  I am enclosing a copy of that letter in order to illustrate merits of my claim.  I still intend him as a recipient, but will comply with the guidelines set forth in your Level 1 Appeal denial, and not mail it to him.

---

**Important Notes:**
- *I request that any previous thoughts leading up to the "Review Team's" June 28th determination, not be basis for conclusions in the Level 2 matter.*

- *What was already decided in the Level 1 Appeal, should not now, be the basis for conclusions drawn in the Level 2 Appeal.*

- *Any persons that were not involved with the Level 1 Appeal, whom may now be making decisions on this Level 2 Appeal, should be especially mindful of this.*

**A132**

755 lev 2 appeal.doc

Page two,  Mike Mata SUBMISSION OF LEVEL 2 APPEAL
   *"Important notes"* continued:

- *I request that, impartial objective thinking, be kept foremost in mind in order to ensure, the decision making thought process, in kept in proper perspective, so as not to taint viewpoints with irrelevant data.*

ARGUMENTS SUPPORTING MY LEVEL 2 APPEAL ARE AS FOLLOWS:

**1).** Contrary to being told, I may not submit an appeal directly to DuPont's plan administrator *[reference, a telephone conversation with DuPont Connection on July 1, 2005 and in a letter from Andrew F. Lesser dated June 22, 2005]:*

   a) The Board of Benefits and Pensions located at 1007 Market Street in Wilmington, Delaware, **had already in fact,** *(per a letter dated June 10, 2005)* **accepted a second appeal** from me directly, to the plan administrator.

   b) Not only did the "Board" accept my appeal directly, **it also made the announcement that it would render a decision** (at its regularly scheduled meeting on Tuesday, July 12, 2005). *[Enclosed please find a copy of the above mentioned June 10th letter from Andrew F. Lesser "DELEGATE OF THE BOARD OF BENEFITS AND PENSIONS", to me.]*

   c) My assertion it that the above are not proper or fair actions, done in "good faith" as I understand the plan requirements intend.

**2).** Per a second letter from Andrew F. Lesser (dated June 22, 2005), the board reneged on the above promise (to review my claim) and instead withdrew my request.

   a) In the above mentioned 6/22, letter (first paragraph line 1), Mr. Lesser states "We have been informed that you submitted an appeal", and cites this as basis for withdrawing my request.  Fact is Mr. Lesser knew before her wrote this letter that, a Level 1 Appeal was in process, hence "The Board's) withdrawal unfair and invalid.

   b) I had provided a complete and detailed, set of facts to "The Board" / Mr. Lesser, whereby I state very clearly that there was a level 1 appeal in process. *(see enclosure, my 6/1/2005 letter to Plan Administrator, "ALLEGED WRONGFUL DENIAL OF PENSION", paragraph 3, line 5,)*

   c) My assertion it that item #2 (a) (b) above are not proper or fair, or, done in "good faith" as I understand the plan requirements intend.

**3).** Page 2, paragraph 1, line 4; states I was on a leave of absence without pay as part of the decision.

   a) I was never on a leave of absence without pay, or otherwise. This is incorrect consideration, invalidates the entire decision, because, it shows lack of sound judgment and proper research.

**A133**

D000017

**Page 3, Mike Mata SUBMISSION OF LEVEL 2 APPEAL**
*Item 3) continued*

    b) If the group had researched the matter properly, it would have found my only absence from employ was in the form of "Temporary Disability", under EAP, with no interruption to my normal pay schedule.

    c) Page 1, beginning at paragraph 5, improperly uses "BREAKS IN SERVICE AND COMPUTATION PERIODS" as part of the decision, when if fact there were no breaks in my service. (Only a period of Temporary Disability which does not constitute a "break in service")

    d) The above shows lack of proper information gathering and research, hence invalidates the entire decision

**4)** Page 1, paragraph 3, cites a 1992 letter entitled "TO ALL NASON EMPLOYEES" as a determining factor in calculating years of service.

    a) This letter was not addressed to me, and furthermore, there is nothing substantiating, that I ever received a copy of it. I was traveling extensively during that period, and the letter probably never reached me. Also with such "national mailings" it is not unusual some people to not receive their copy.

    b) Even if I had received a copy of the letter (not addressed to me), the significance of this writing was never reviewed or explained during yearly career planning activities or employee reviews, with supervision, or any other way.

    c) Using a single letter, not even addressed to me, nor subsequently explained in later years was not proper or fair, to use as such a key part of this determination (Denial of Benefits)

## SUMMARY:

The Benefit Determination Review Team's letter explaining the reasons for denial of benefits, is based on three main points, **one of which was Incorrect** (Leave of Absence ) **another was irrelevant** (Break of Service), **and a highly questionable letter** (ALL NASON EMPLOYEES). Because of this, the denial clearly lacks substantive reasoning, and further shows lack of proper research and attention to the entire matter.

The panel arbitrarily selected only these three items as criteria to base their conclusions. This is not correct reasoning nor proper process, upon which to administer the Pension Plan as I understand it's intent and rules to be. Especially it does not show any reasonable "good faith" toward me as a participant, which I understand to be a primary and mandatory administrative requirement of the plan.

For your convenience; I have included a list of enclosures for both appeals.

Very truly yours:        Mike Mata

*[signature: Mike Mata]*

**A134**

755 lev 2 appeal.doc

m

# Board of Benefits and Pensions

September 27, 2005

Mr. Mike Mata
1819 Gilpin Avenue
Wilmington, DE 19806-2305

Re: Appeal of Pension Benefit Eligibility

Dear Mr. Mata:

The Board of Benefits and Pensions (the "Board") of E. I. du Pont de Nemours and Company, Inc. ("DuPont") has completed its review of your appeal. Your appeal for eligibility to retire under Section IV of the DuPont Pension and Retirement Plan (the "Plan") is denied.

On May 8, 1989, you were employed by Nason Refinish Paint. Nason was purchased by DuPont on October 31, 1991. All active Nason employees became employees of the DuPont Performance Coatings business on November 1, 1991. At the time of the purchase, DuPont communicated to affected employees that Nason service would not be recognized for pension plan purposes. This is consistent with DuPont's recognition policies for acquired companies that did not themselves sponsor pension plans. For most other purposes, including Vacation Eligibility and Service Awards, Nason service was recognized as DuPont service.

At the time of your termination of employment, you had completed 15.14722 years of combined service with Nason and DuPont, but had completed only 12.66667 years of service with DuPont. Under the terms of the Pension Plan, Continuity of Service Rules, and Service Recognition document for Nason employees, you had 12.66667 years of Section IV Eligibility Service. Because 15 years of Section IV Eligibility Service (and attainment of age 50) is required for Section IV benefits, you did not qualify.

In your appeal, you claim that:

> **Not Before, During, or After November 1, 1991,** did DuPont provide proper or sufficient information, follow-up employee reviews, explanations, or other information, essential to gaining true and full understanding of it's Pension and Retirement Plan, so that employees (me) could have a fair chance to employ the best possible retirement planning tactics.

However, within the documents that you provided to make your claim, the "First Year of Service Benefits Letter" dated September 25, 1992 clearly states: "When Nason employees joined DuPont on November 1, 1991, they were granted DuPont service, except for pensions and severance, for their years of Nason employment." This notice applied to you, even though it was addressed to "All Employees" rather to your personally.

You initially submitted a Level 1 appeal to DuPont Connection on May 31, 2005. While this claim was not yet even in process at DuPont Connection, you submitted a second claim on June 1, 2005 directly to DuPont's Plan Administrator stating that you had "exhausted all avenues of

# A135

Mr. Mike Mata
September 27, 2005
Page 2

trying to get someone to dignify my claim." As a result of the letter to the Administrator, the Delegate of the Board sent a response on June 10, 2005 accepting the appeal on behalf of the Board. Once notified that DuPont Connection had received your original Level 1 appeal and were prepared to consider it, the Delegate send another letter on June 22, 2005 advising that the Board would not consider his appeal because DuPont Connection was considering it.

DuPont Connection denied your Level 1 appeal on June 28, 2005. Your then filed a Level 2 appeal on July 25, 2005 via DuPont Connection. In addition to your previous claims from the Level 1 appeal, you added two additional contentions: 1) that the confusion regarding his Level 1 claim to DuPont Connection and simultaneous appeal to the Plan Administrator somehow infringed on your pension rights; and that 2) some minor mis-statements of fact regarding a leave of absence in DuPont Connection's Level 1 response somehow invalidated the entire conclusion.

We have also been informed that your attorney has already filed suit against DuPont regarding the substance of this appeal, prior to the resolution of this Level 2 appeal. Regardless of the confusion you created with your multiple appeals, the only issue for this appeal is whether your service with Nason (2.48055 years) should be included with your DuPont service (12.66667) to meet the requirement of 15 years of Section IV Eligibility Service necessary for consideration of benefits under Section IV of the DuPont Pension and Retirement Plan.

The terms of treatment documents prepared by DuPont's Human Resources group clearly state that Nason service is not considered for pension purposes. This is shown not to be an arbitrary decision, but consistent with DuPont's service recognition policy for acquired companies that did not sponsor defined benefit pension plans prior to acquisition. General communications that the participant provided clearly state that the pension plan would consider only DuPont service. There is no requirement that a personal statement be addressed directly to the participant explaining his pension eligibility. Furthermore, you were involuntarily terminated due to lack of work – so no amount of "retirement planning" that you missed out on would have allowed you to plan a way to attain retirement eligibility.

Based on the information available to us, and the documented procedures for determining pension service for eligibility purposes, we have determined that you are not eligible for benefits under Section IV of the Pension and Retirement. The Board has concluded that your benefits have been calculated correctly under Section V of the Plan. Your appeal for additional pension benefits under Section IV of the Plan and post-retirement health and welfare benefits is therefore denied.

Please be aware that this review by the Board of Benefits and Pensions concludes your rights of appeal within DuPont.

Sincerely,


Andrew F. Lesser
DELEGATE OF THE BOARD OF BENEFITS AND PENSIONS

/afl
cc: Secretary of the Board of Benefits and Pensions

**A136**

Mr. Mike Mata
September 27, 2005
Page 3

**A137**

# EXPRESSION OF INTEREST

## TO BE TERMINATED FOR LACK OF WORK

NAME _Mike Mata_    SSN. NO. _554 72 3022_

BUSINESS _Performance Coatings_    SITE _BMP_

1. I wish to be considered for involuntary termination of my employment with DuPont.

2. I understand that I may not be selected and that submission of this form grants me no right to entitlement to a CTP benefit.

3. I understand my Expression of Interest will only be used as one element of the overall selection process.

4. I understand that the final decision of who is terminated under CTP is management's decision as determined by an objective selection process.

5. I understand that a pension estimate is available to me upon request.

6. I understand that once the deadline for submission of Expression of Interest has passed by, the Expression of Interest becomes irrevocable and I am subject to termination for lack of work.

This form must be received by:    Patty Drysdale
Barley Mill Plaza 21 – 1213
4417 Lancaster Pike
Wilmington, DE  19805

No later than  Noon on Friday, April 23, 2004.

I have read and understand the above statements.

_Mike Mata_
**(SIGNED)**

_4/21/04_
**(DATE)**

res04.02

# A138

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

MIKE V. MATA,                                          )
            Plaintiff,                             )
         v.                                             )   C.A. No. 05-423(KAJ))
E. I. DU PONT DE NEMOURS AND COMPANY, )
  a Delaware corporation; E. I. DU PONT DE      )
NEMOURS AND COMPANY, Plan Administrator, )
  and                                          )
PENSION AND RETIREMENT PLAN,                  )
           Defendants.                            )

## PLAINTIFF'S FIRST SET OF
## INTERROGATORIES DIRECTED TO DEFENDANTS

       COMES NOW the Plaintiff, by undersigned counsel, and proposes the following Interrogatories to be answered by Defendants by providing responses to counsel for Plaintiff within thirty days from date of service of same, at his offices at 1300 N. Market Street, Suite 700, Wilmington, DE 19801. Reference is here made to Plaintiff's Response to Defendants' First Request for Documents made to Plaintiff, which documents are attached and made a part hereof. Defendants are requested to provide answers to the following Interrogatories, with reference to Plaintiff's Documents as needed:

       1. Please produce, provide a copy of, or a narrative of any notes, advisories, handouts, discussion or other information used or relied on by Frank Lutz to discuss "Safety, Benefits, Q&A" discussion at the February 12, 1993 meeting with DuPont employees as they were reconstituted from Nason employment. Reference this meeting via the Tab 5 document attached, Salon C, Breakout Agenda.

       2. Please provide the following requested information as to the certain listed individuals named below to the extent it is not privileged. If declared privileged, please provide the legal basis therefore. Information requested and the named individuals are as follows:

   A. INFORMATION REQUESTED:

Granted DuPont Retirement: Yes/No. Pension from DuPont P&R Plan: Yes/no

**A139**

    a. Larry G. Sayre

    b. William McConachie

    c. Robert Thompson

    d. Robert Napote

    e. John Vance

    f. Frank Smith

    g. Wayne Neet

As to each individual please note  When retired, if retired; Age at retirement:

3. Please advise as to whether "Adjusted Service Date" is interpreted by DuPont Human Resources as the beginning of "credited service," and if not, why not.

4. Please provide basis for granting medical (Medcap) benefits to DuPont pensioners and retirees under the P & R Plan who retire after 15 years service and are over the age of 50 due to lack of work.  If medical benefits are not available, please provide the reasons why not.

/s/ JOHN M. STULL
John M. Stull, Esq. (Bar No. 568)
1300 North Market Street, Ste #700
P. O. Box 1947
Wilmington, DE 19899-1947
Phone 302) 654-0399
Attorney for Plaintiff
jstullesq@AOL.Com.

Date:  February 24, 2006

**A140**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MIKE V. MATA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-423 (KAJ) |
| | ) | |
| E. I . DU PONT DE NEMOURS AND | ) | |
| COMPANY, a Delaware corporation; | ) | |
| E. I. DU PONT DE NEMOURS AND | ) | |
| COMPANY, Plan Administrator; and | ) | |
| PENSION AND RETIREMENT PLAN, | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF ANDREW F. LESSER
## IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | ss |
| COUNTY OF NEW CASTLE | ) | |

I, Andrew F. Lesser, being duly sworn, do depose and say as follows:

1.    I am employed by E. I. du Pont de Nemours and Company ("DuPont"), the defendant in this action, as a Senior Pension Analyst. I submit this affidavit in support of Defendants' Motion for Summary Judgment. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would competently testify thereto.

2.    I am aware that the plaintiff in this action has identified the following individuals as former DuPont employees who also had prior service with Nason:

    a.    Larry G. Sayre
    b.    William McConachie
    c.    Robert Thompson
    d.    Robert Napote

**A141**

    e.    John Vance
    f.    Frank Smith
    g.    Wayne Neet

3.    For purposes of pension eligibility and calculation, the service date DuPont recognizes for each of the named individuals is 11/1/91, the date of DuPont's acquisition of Nason. Consistent with the terms of the DuPont Pension and Retirement Plan and the Advice of Action for Recognition of Nason Service for DuPont Plans and Policies, the individuals' prior service with Nason is not included in their years of service for purposes of pension eligibility or calculation.

4.    Furthermore, each of the above named individuals became eligible for a pension under Section V of the DuPont Pension and Retirement Plan upon reaching the age and service combination specified in the Plan. The named individuals were <u>not</u> eligible for an early retirement pension under Section IV of the Plan.

_____
Andrew F. Lesser

SWORN TO and subscribed before me this _1st_ th day of ~~April~~ May, 2006.

_____
Notary Public

**A142**

## CERTIFICATE OF SERVICE

I, Sarah E. DiLuzio, hereby certify this 1st day of May, 2006, I caused the foregoing **APPENDIX TO OPENING BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** to be electronically filed with the U.S. District Court District of Delaware via CM/ECF (Official Court Electronic Document Filing System) and served a copy upon counsel of record in the following manner:

**Via Hand Delivery**
John M. Stull (No. 568)
1300 North Market Street
Suite 700
P.O. Box 1947
Wilmington, DE 19801

Kathleen Furey McDonough (I.D. 2395)
Sarah E. DiLuzio (DSB ID No. 4085)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Post Office Box 951
Wilmington, Delaware 19899-0951
Tel: (302) 984-6000
E-mail: sdiluzio@potteranderson.com
*Attorneys for Defendants*

730195