## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MIKE V. MATA, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 05-423(KAJ) |
| | ) |
| E. I. DU PONT DE NEMOURS AND COMPANY, | ) |
| a Delaware corporation; E. I. DU PONT DE | ) |
| NEMOURS AND COMPANY, Plan Administrator; | ) |
| And | ) |
| PENSION AND RETIREMENT PLAN, | ) |
|     Defendants. | ) |

**PLAINTIFF MIKE V. MATA'S OPENING BRIEF
SUBMITTED PER SCHEDULING ORDER
AS OF MAY 1, 2006**

_____

John M. Stull, Esq. (Del.Bar #568)
1300 N. Market Street, Ste 700
P. O. Box 1947
Wilmington, DE 19899
Ph. 302) 654-0399

## NATURE AND STAGE OF THE PROCEEDINGS

Complaint was filed on October 10, 2005, by Plaintiff Mike V. Mata seeking remedies under ERISA, 29 U. S. C. Section 1132, in the form of benefits from the DuPont Pension and Retirement Plan ("P & R P Plan" or "Plan").  E. I. DuPont de Nemours & Company ("DuPont") is the plan administrator of the Plan.  Jurisdiction exists under a federal question of the Employee Retirement Income Security Act of 1974.   Discovery has been limited to document production, deposition of Mike V. Mata and Interrogatory requests.  The within Brief is Plaintiff's Opening Brief filed May 1, 2006.

## SUMMARY OF ARGUMENT

1. Plaintiff Mike V. Mata ("Mata") is a former employee of DuPont and "Nason," an independent company formerly owned by the OBrien Corporation. Upon purchase of Nason by DuPont in 1989, DuPont acquired Mata and several dozen Nason employees as part of the Automotive Finishes and repair specialty business utilizing DuPont paint and finishes technology. On January 31, 2000, Mata received an advisory that his "Adjusted Service Date was established to be May 8, 1989. This advisory indicated that Mata was considered to be an employee of DuPont as of May 8, 1989, and this notice was directed to Mata as an individual. During 2004, a restructuring of employees by DuPont caused Mata to be placed in a position where he was forced to consider retirement. His leaving DuPont as of the end of July, 2004 resulted in his credited service being in issue due to the need for having "15 years of service" with DuPont in order to meet a layoff for lack of work with 15 years of service. This provision in the Plan allows for an immediate pension. Because Mata was vested (having had over five years service under the Plan), his claim is that, once vested, he is entitled to credited service under the Plan that includes all his years of service with Employer DuPont. Because ERISA requires "all years of service" to be credited toward benefit calculation, Mata should be given credit for benefit calculation purposes for all his years of service, namely 15 years, so as to allow his receipt of an immediate pension, rather than requiring him to reach an age of 60 or 65.

2. Mata was misled as to his potential pension entitlement and placed in a position that he was forced to make a decision as to accepting a Severance payment without being fully apprized of his full rights under the Plan. By virtue of his

being notified as to his adjusted service date being 15 years prior to his job termination date, Mata was placed in a position of having to make a decision as to accepting a Severance payment based on 15 years service, or receiving no severance. This misleading activity of DuPont as Plan Administrator is a fiduciary breach requiring an equitable remedy to allow Mata to receive an immediate pension benefit entitlement and it corresponding medical plan coverage normally granted to pensioners under the Plan. As the Severance payment was based on 15 years of service, Mata was indicated to have the requisite 15 years service necessary for an immediate pension. The misleading effect is due also to the indication in a general letter to "all employees" that pension plan and severance plan benefits were not being offered to Nason employees. Mata was misled by virtue of his being offered a severance plan benefit but not a pension plan benefit.

    3. Under the Continuity of Service Rules of the DuPont Company, an adjusted service date is indicative that an employee has been in the service of DuPont as an employee as of the Adjusted service date. Because the Continuity of Service Rules use the phrase "years of service" as descriptive of service under the Plan, there is an inherent ambiguity of a term of "years of service." No further definition is provided to elaborate as to this "years of service" phrase. Because of the ambiguity of such a term, contract interpretation guidelines require that the ambiguity be construed against the drafter of the contract, or the rule of contra proferentem. This interpretive rule would require the term "years if service" to be applied in Mata's situation to allow him credited service for benefit calculation purposes to reflect his 15 years of service per the adjusted service date from May 8, 1989 to July, 2006, thus giving Mata an immediate pension entitlement.

## **STATEMENT OF FACTS**

Plaintiff Mata received his notification of adjusted service date adjustment under date of January 31, 2000.  This was directed to him personally without qualification.  During his indoctrination as a "DuPont" employee as of the time Nason was purchased by DuPont, a breakout session was conducted to give orientation to Nason employees as to the full range of benefit plans of DuPont.  This session was conducted by Frank Lutz in California.  At no time did Mr.Lutz fully inform Mata or anyone else in the group as to details of qualifying for a DuPont pension.  This lead to confusion in Mr. Mata's mind and others as to what the details of pension and other benefits qualifications were available.

During 2004, Mata suspected that he would be subject to downsizing and was concerned that he would be able to obtain as immediate pension and its medical benefits.  At his "exit" interview, Mata was shown a checklist that included the notation that he was qualified for a "pension" in that he was so eligible.  He then received a Severance payment of 7.5 months pay, thus indicating that he had been qualified by his 15 years of service, due to the severance calculation of one months pay for each 2-years of service.  By his receiving 7.5 months pay, he was led to believe that he had 15 years of service.

During deposition, Mata indicated that he felt coerced into leaving employment, but that by receiving a severance payment based on 15 years service, he would be qualified for a pension due to lack of work having earned 15 years of service.  As a result of his being misled, Mata reluctantly went along with the job termination, without seeking to search out within DuPont, another job.

# ARGUMENT

**I. Under ERISA Section 204's benefit accrual rules, a Plan cannot disregard prior service earned previous to a break-in-service or ignore service time for benefit calculation purposes once the plan participant has obtained a status of being vested. Section 203, which contains language allowing permissive disregard of service for vesting purposes is separate and distinct from benefit accrual, and years of service are required to be used to calculate pension benefits once the participant is vested.**

Defendant DuPont, as plan administrator, advised Mata that his adjusted service date was changed to May 8, 1989. This service date thus indicated that Mata's service calculation began as of May 8, 1989. When Mata was advised that his job was being terminated in July, 2004, he was thus entitled to be given all years of service as a basis for pension benefit calculation under the Plan. The Third Circuit, in the case of <u>DiGiacomo v. Teamsters Pension Trust of Philadelphia,</u> 420 F.3d 220, (3d Cir.2005) ruled that "all years of service" must be taken into account in calculating a participant's accrued benefit. This case was subject to a petition for certiorari to the Supreme Court. Certiorari was denied March 3, 2006, No 05-841. The Third Circuit, in its ruling sided with the Second Circuit which also has ruled that a plan cannot disregard prior years of service for benefit calculation.

**II. Plaintiff Mata can show under any reasonable interpretation of events surrounding his employment change from Nason to DuPont, that there was widespread confusion as to the details of benefits programs, sufficient to impart misleading and incorrect assumptions on the part of many Nason former employees**

Based on the provable and established facts and relevant documents which authenticity is uncontested, as compiled in the attached Appendix material, it is obvious that there is no fixed or well-defined definition of "years of service." Because of this basic ambiguity of a contractual term, Mata urges that the contractual interpretive rule of contra proferentem be applied to require that the ambiguity be construed against the Plan, DuPont, and the effect of suing the term "years of service" to deny Mata his immediate benefits based on his 15 years of service and being terminated for "Lack of work" under the provisions of the Plan.

The Seventh Circuit has made it clear that pension plans are contracts. While they may be a special category of contract, they are non-the-less contracts. See the case of <u>Herzberger v. Standard Ins. Co.</u>, 205 F.3d 533. The term "years of service" is also used in the Continuity of Service Rules, but also without further definition. Since these phrases are without a definitive guideline, so that the "discretion of the plan administrator" is judicially reviewed within reasonable limits, Mata urges the Court to provide a definition that allows a sliding scale against the Plan and in favor of the participant and an award of benefits.

## **CONCLUSION**

      For the above reasons and case authority, Plaintiff Mata requests that his years of service be ruled sufficient for immediate pension benefit qualification under the provisions of the Plan granting pension and medical benefits for those employees with 15 years of service and whose job loss is due to lack of work, and for such other and further relief as the Court deems proper and necessary in the premises.

      Respectfully submitted,

/s/ JOHN M. STULL
John M. Stull, Esq. (Del.Bar #568)
1300 N. Market Street, Ste 700
P. O. Box 1947
Wilmington, DE 19899
Ph. 302) 654-0399
Attorney for Mike V. Mata
jstullesq@aol.com

Dated:  May 1, 2006

Case 1:05-cv-00423-KAJ    Document 38    Filed 05/01/2006    Page 9 of 10

## **Certificate of Service**

I HEREBY CERTIFY THAT ON May 1, 2006, I electronically filed a true and correct copy of the foregoing Plaintiff's Opening Brief in support of Plaintiff Mike V. Mata's claims for pension benefits with service on counsel for Defendant DuPont, using CM/ECF, with the clerk of District Court to allow service on counsel for DuPont at:

POTTER ANDERSON & CORROON LLP
Kathleen Furey McDonough, Esq.
Sarah E. DiLuzio, Esq.
1313 North Market Street
P. O. Box 951
Wilmington, DE 19899-0951

/s/ JOHN M. STULL
John M. Stull, Esq. (Del.Bar #568)
1300 N. Market Street, Ste 700
P. O. Box 1947
Wilmington, DE 19899
Ph. 302) 654-0399
Attorney for Mike V. Mata
jstullesq@aol.com

Dated:   May 1, 2006

~9~