IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MIKE V. MATA, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   C.A. No. 05-423 (KAJ) |
| | ) |
| E. I. DU PONT DE NEMOURS AND | ) |
| COMPANY, a Delaware corporation; | ) |
| E. I. DU PONT DE NEMOURS AND | ) |
| COMPANY, Plan Administrator; and | ) |
| PENSION AND RETIREMENT PLAN, | ) |
| | ) |
|     Defendants. | ) |

### DEFENDANTS' ANSWERING BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

POTTER ANDERSON & CORROON LLP
Kathleen Furey McDonough (I.D. 2395)
Sarah E. DiLuzio (I.D. 4085)
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
Telephone: (302) 984-6000
Telefax: (302) 658-1192
kmdonough@potteranderson.com
sdiluzio@potteranderson.com
*Attorneys for Defendants*

Dated: May 15, 2006
731526

# **TABLE OF CONTENTS**

**PAGES**

TABLE OF CONTENTS ..................................................................................................... i

TABLE OF AUTHORITIES .............................................................................................. ii

NATURE AND STAGE OF PROCEEDINGS ................................................................... 1

SUMMARY OF ARGUMENTS ......................................................................................... 2

COUNTER-STATEMENTS OF FACTS ............................................................................ 3

ARGUMENT ....................................................................................................................... 7

    I.    ERISA DOES NOT REQUIRE THAT PLAINTIFF'S YEARS OF SERVICE WITH A PRIOR EMPLOYER BE CONSIDERED FOR PURPOSES OF HIS PENSION ELIGIBILITY .................................................................................... 7

    II.    THERE IS ABSOLUTELY NO EVIDENCE THAT PLAINTIFF WAS MISLED OR MISINFORMED REGARDING THE UNAMBIGUOUS TERMS OF THE DUPONT PLAN ............................................................................. 9

CONCLUSION ................................................................................................................... 11

## TABLE OF AUTHORITIES

*Cent. States v. Cent. Transp.*,
    472 U.S. 559 (1985)................................................................................................................8

*DiGiacomo v. Teamsters Pension Trust Fund of Phila. and Vicinity*,
    420 F.3d 220 (3d. Cir 2005), *cert. denied*, 126 S.Ct. 1469 (2006)......................................7, 8

## OTHER AUTHORITIES

29 U.S.C. § 1052(b)(1) .................................................................................................................7

U.S.C. § 1054 ................................................................................................................................7

29 U.S.C. § 1054(b)(4)(A).............................................................................................................7

ERISA § 202(b) .............................................................................................................................7

ERISA § 203 ..................................................................................................................................8

ERISA § 204 ..................................................................................................................................7

29 CFR 2530.204-2(b) ..................................................................................................................8

## NATURE AND STAGE OF PROCEEDINGS

Plaintiff Mike V. Mata ("Plaintiff"), a former DuPont employee, filed this action on June 23, 2005, asserting claims under the Employee Retirement Income Security Act ("ERISA") that he is entitled to certain benefits under the DuPont Pension and Retirement Plan and that DuPont breached its fiduciary duties in administering the Pension Plan. The Defendants E. I. du Pont de Nemours and Company ("DuPont"), E. I. du Pont de Nemours and Company, Plan Administrator ("Plan Administrator"), and the DuPont Pension and Retirement Plan ("the Plan") (collectively, "Defendants") deny that Plaintiff is entitled to any benefits in addition to those he is currently receiving or that they breached their duties to Plaintiff.

The parties have each moved[1] for summary judgment, and both filed opening briefs in support of those motions on May 1, 2006. This is Defendants' Answering Brief in Opposition to Plaintiff's Motion for Summary Judgment.

---

[1] Plaintiff did not actually file a motion for summary judgment. Nonetheless, Defendants will assume he intended to move for summary judgment by his filing of an Opening Brief. (D.I. 38)

## SUMMARY OF ARGUMENTS

I.  ERISA Does Not Require That Plaintiff's Years of Service With A Prior Employer Be Considered for Purposes of His Pension Eligibility.

II. There is Absolutely No Evidence That Plaintiff Was Misled or Misinformed Regarding the Unambiguous Terms of The DuPont Pension and Retirement Plan.

## COUNTER-STATEMENT OF FACTS

The recitation of facts in Plaintiff Mike Mata's Opening Brief in support of his Motion for Summary Judgment is muddled, at best[2]. Plaintiff suggests that a document he received in January 31, 2000 had some bearing on his termination and application for early retirement benefits in the Spring of 2004. (D.I. 38 p.5.) On the contrary, the relevant sequence of events[3], according to the record evidence and Plaintiff's own deposition testimony, is as follows:

- April 21, 2004 – Plaintiff signs an "Expression of Interest," indicating that he "wish[ed] to be considered for involuntary termination of [his] employment with DuPont." (A138.[4])

- May-June 2004 - In connection with his impending termination, Plaintiff requests and receives a pension estimate, clearly identifying Plaintiff's "Benefit Service" as 12.5 years, which corresponds with the November 1, 1991 date that Plaintiff's DuPont employment commenced, following the Nason acquisition. (A48, see also A32-A33.)

- May-June 2004 - Plaintiff discusses his impending termination with co-worker and friend, Alan McConachie, and learns for the first time that he may be eligible for early retirement benefits because he was over 50 years old and had just celebrated his 15th service anniversary with DuPont. (A20-A21 (testifying "that's the first inkling I had" that he could be eligible for early retirement); A25 (testifying that he first inquired

---

[2] Defendants object to the Statement of Facts contained in Plaintiff's Opening Brief because it does not contain any cites to the record, as required by Local Rule 7.1.3.
[3] A more comprehensive explanation of the facts is set forth in Defendants' Opening Brief in Support of Their Motion for Summary Judgment. (D.I. 34)
[4] All references herein are to the Appendix to Defendants' Opening Brief in Support of Their Motion for Summary Judgment, filed on May 1, 2006. (D.I. 35-37)

3

about receiving an early retirement pension benefit "[a]s soon as I found out that I might be able to get it [when I heard] the McConachie comment").)

- May-June 2004 - Following his conversation with Mr. McConachie, Plaintiff contacts the human resources representative for the Performance Coatings business, Patty Drysdale, who directs Plaintiff to contact DuPont Connection, the administrator of the Plan. (A22; A26-A27.)

- May-June 2004 - Plaintiff calls DuPont Connection within the week and is immediately informed that he does not have the requisite 15 years of pension eligible service to be able to receive early retirement benefits. (A27.)

- June 30, 2004 – Plaintiff's last day of employment with DuPont. (A112; B5-B6.)

- August 1, 2011 - The first of the month following Plaintiff's 60th birthday, or the "Benefit Commencement Date" at which Plaintiff will begin to receive his vested pension benefits under Section V of the Plan. (A48.)

As is readily apparent, Plaintiff volunteered to be included within a reduction in force long before he ever even considered that he may be eligible for early retirement benefits[5]. Moreover, it is undisputed that, when Plaintiff finally requested information about his pension benefits from the proper authorities, on the eve of his termination, he was immediately given accurate information. (A47-52; A27, see also A32-A33.)

---

[5] The testimony elicited by Plaintiff's counsel that Plaintiff felt "coerced" into signing the Expression of Interest is belied by his earlier testimony that he signed the Expression of Interest because he believed his job to be in jeopardy and he wanted to ensure that he received the CTP, or severance, package being offered. (Compare B3 with B2.) Regardless of his motives for signing the document, Plaintiff knew he was being terminated months before it occurred to him to inquire about early retirement benefits.

4

Plaintiff nonetheless identifies two documents that he argues support his claim for early retirement benefits. (D.I. 38 p. 5.) The first is a letter dated January 31, 2000, in which Plaintiff was notified that his "adjusted service date" was changed from November 1, 1991 (his date of hire with DuPont) to May 8, 1989 (his date of hire with Nason). (A119.) An employee's adjusted service date is used by DuPont to determine an employee's seniority and eligibility for other benefits, such as vacation. (A112.) However, nowhere in the DuPont Pension Plan, or supporting documents, is the term "adjusted service date" referenced for purposes of determining pension eligibility. Nor is there any evidence that Plaintiff believed this document to indicate that his adjusted service date would be the operative date for purposes of determining his eligibility for pension benefits. Again, Plaintiff testified that he never inquired about, or gave any thought to, his pension benefits until his termination was imminent. (A12-17; A20-21; A25; A29-33.)

The other document Plaintiff relies on is the form, or checklist, filled out by his supervisor during the exit interview at the time of his termination. (B5-B7.) This checklist includes a line under the heading "Termination Reason" that says:

__X__ (PN) CTP – Pension Eligible     ____ (NW) CTP – Non-Pension Eligible

("CTP Final Pay" Doc) Plaintiff's form has an 'X' next to the "pension eligible" designation. (B6.) Plaintiff testified that his supervisor, Ross Morgan, marked that line. (B4.) Mr. Morgan is not a human resources representative nor does he have any responsibility for pension eligibility decisions. (B4.) Nor does the checklist indicate that Plaintiff is eligible for an early retirement pension. (B5-B7.) Plaintiff is, in fact, eligible for a vested, deferred pension benefit. (A47-A52.) Interestingly, the checklist also

5

includes the heading "Medical Coverage: (to be completed for non-pension eligible employees only)." (B6.) Under this heading, there is a line that reads:

Continue Medical coverage through 12 month extension period (non-pension eligible)?

    Yes _X_       No _____

(B6.) Had Plaintiff been eligible to receive an early retirement pension upon his termination, he would have also been eligible to receive retiree medical benefits and would not have needed the 12 month extension offered by the CTP, or severance, program. There is no ambiguity in this form. Nor is there any reasonable basis for Plaintiff to believe anything on this form indicates that he is entitled to an early retirement benefit. Finally, and in any event, this form was signed by Plaintiff on April 30, 2004, prior to his conversation with Mr. McConachie when he first discovered that he may be eligible for early retirement benefits. (Id.)

## ARGUMENT

I.  ERISA Does Not Require That Plaintiff's Years of Service With A Prior Employer Be Considered for Purposes of His Pension Eligibility.

The Employee Retirement Income Security Act ("ERISA") proscribes certain benefit accrual requirements that the DuPont Pension Plan must (and does) honor. 29 U.S.C. § 1054, or ERISA § 204. Specifically, ERISA Section 204 provides:

> For purposes of determining an employee's accrued benefit, the term "year of participation" means a period of service (beginning at the earliest date on which the employee is a <u>participant in the plan</u> and which is included in a period of service required to be taken into account under section 1052(b) of this title, determined without regard to section 1052(b)(5) of this title) as determined under regulations prescribed by the Secretary which provide for the calculation of such period on any reasonable and consistent basis.

29 U.S.C. § 1054(b)(4)(A) (emphasis supplied). In calculating an employee's credited service time for benefit accrual purposes, ERISA provides a cross-reference to § 202(b), which provides, with some limited exceptions, that "all years of service <u>with the employer</u> or employers <u>maintaining the plan</u> shall be taken into account in computing the period of service for purposes of subsection (a)(1) of this section." 29 U.S.C. § 1052(b)(1) (emphasis supplied). *See also DiGiacomo v. Teamsters Pension Trust Fund of Phila. and Vicinity*, 420 F.3d 220, 222 (3d. Cir 2005), *cert. denied*, 126 S.Ct. 1469 (2006) (holding that, for benefit accrual purposes, ERISA prevents pension plans from denying credit for pre-ERISA service time accrued prior to a break-in-service).

Plaintiff asserts that *DiGiacomo* stands for the proposition that all years of service must be taken into account in calculating a participant's accrued benefit. (D.I. 38 p. 6.) It does not. In *DiGiacomo*, the Third Circuit was called upon to resolve an apparent

7

inconsistency between the vesting requirements of ERISA § 203 and the benefit accrual requirements of Section 204. *Id.* In resolving the issue before it, the Court discussed the fact that Section 204 requires all years of service during which an employee is employed by the employer who administers the plan be included for benefit accrual purposes. *Id.* Accordingly, the Court found, the employer could not disregard prior service with the employer/plan sponsor simply because that service occurred before the enactment of ERISA. *Id.* In reaching this conclusion, the *DiGiacomo* Court simply applied the clear terms of ERISA Section 204.[6]

---

[6] The regulations implementing the statute are equally clear. 29 CFR 2530.204-2(b) provides:
> For purposes of applying the accrual rules of section 204(b)(1)(D) of the Act and section 411(b)(1)(D) of the Code (relating to accrual requirements for defined benefit plans for periods prior to the effective date of those sections), all service from the date of participation in the plan as determined in accordance with applicable plan provisions, shall be taken into account in determining an employee's period of service. When the plan documents do not provide a definite means for determining the date of commencement of participation, the date of commencement of employment covered under the plan during the period that the employer maintained the plan shall be presumed to be the date of commencement of participation in the plan. The plan may rebut this presumption by demonstrating from circumstances surrounding the operation of the plan, such as the date of commencement of mandatory employee contributions, that participation actually began on a later date.

*See also Cent. States v. Cent. Transp.*, 472 U.S. 559, 567 n.7 (1985) (stating that "[t]he consistent view of the Secretary of Labor is that, under ERISA's minimum participation, vesting, and benefit accrual standards for pension plans, 29 U.S.C. §§ 1052, 1053, 1054, a pension plan covered by ERISA *must* award credit "solely on the basis of service performed for a participating employer....") (emphasis in original) (citations omitted).

8

The Court here must do the same. Plaintiff was not a "plan participant" until November 1, 1991, when he officially became an employee of DuPont, the employer who sponsors the Pension Plan. The record is undisputed that Plaintiff's pension benefits began to accrue on November 1, 1991. DuPont has thus acted entirely consistent with the benefit accrual requirements of ERISA.

## II.   There is Absolutely No Evidence That Plaintiff Was Misled or Misinformed Regarding the Unambiguous Terms of The DuPont Plan.

As demonstrated by the foregoing recitation of facts, Plaintiff has absolutely no evidence to suggest that he was misinformed or misled in any way regarding his eligibility for early retirement benefits. Plaintiff never cared to inquire about his pension benefits until his termination was imminent. (A12-17; A20-21; A25; A29-33.) At that time, the very first pension estimate Plaintiff received accurately informed him that he was not eligible for an early retirement pension benefit, but did have a deferred, vested pension benefit that he could begin to receive one he reached 60 years of age. (A47-A52.) Likewise, the very first time Plaintiff contacted DuPont Connection, the plan administrator, he was accurately informed that he was not eligible for an early retirement pension benefit because he did not have the requisite years of service. (A27.)

Plaintiff disingenuously claims that the Plan documents do not define what period of service will be considered for eligibility and accrual purposes. In fact, the Continuity of Service Rules, referenced by Plaintiff, define eligible service as service "to the extent specified by the DuPont Company's Board of Benefits and Pensions or its delegate with any of the following companies: . . . [companies] which were acquired, in whole or in part, by the DuPont Company subsequent to January 1, 1920." (A107.) The Nason Service

9

Recognition document, adopted by the DuPont Board of Benefits and Pensions in accordance with the Continuity of Service Rules, determined that "recognition of service and eligibility for participation in the Pension Plan [will be] from date of acquisition, November 1, 1991." (A116-A118.) There is no ambiguity.

Moreover, none of the Plan documents references an employee's "adjusted service date" for purposes of determining pension eligibility. An employee's adjusted service date is used by DuPont to determine an employee's seniority and eligibility for other benefits, such as vacation. (A112.) It is not relevant to a determination of an employee's eligibility for, and accrual of, pension benefits.

## CONCLUSION

For the foregoing reasons, Plaintiff's claim fails as a matter of law and his motion for summary judgment should be Denied.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP


By:    /s/ *Sarah E. DiLuzio*
     Kathleen Furey McDonough (I.D. 2395)
     Sarah E. DiLuzio (I.D. # 4085)
     1313 North Market Street
     P.O. Box 951
     Wilmington, DE 19899-0951
     Telephone: (302) 984-6000
     Telefax: (302) 658-1192
     kmdonough@potteranderson.com
     sdiluzio@potteranderson.com
     *Attorneys for Defendants*

Dated: May 15, 2006
731526

## CERTIFICATE OF SERVICE

I, Sarah E. DiLuzio, hereby certify this 15th day of May, 2006, I caused the foregoing **ANSWERING BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** to be electronically filed with the U.S. District Court District of Delaware via CM/ECF (Official Court Electronic Document Filing System) and served a copy upon counsel of record in the following manner:

> **Via Hand Delivery**
> John M. Stull (No. 568)
> 1300 North Market Street
> Suite 700
> P.O. Box 1947
> Wilmington, DE 19801

> /s/ *Sarah E. DiLuzio*
> Kathleen Furey McDonough (I.D. 2395)
> Sarah E. DiLuzio (DSB ID No. 4085)
> POTTER ANDERSON & CORROON LLP
> Hercules Plaza, 6th Floor
> 1313 North Market Street
> Post Office Box 951
> Wilmington, Delaware 19899-0951
> Tel: (302) 984-6000
> E-mail: sdiluzio@potteranderson.com
> *Attorneys for Defendants*

731526

12