# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MIKE V. MATA, | ) |
|             Plaintiff, | ) |
| | ) |
|    v. | ) C.A. No. 05-423(KAJ) |
| | ) |
| E. I. DU PONT DE NEMOURS AND COMPANY, | ) |
| a Delaware corporation; E. I. DU PONT DE | ) |
| NEMOURS AND COMPANY, Plan Administrator; | ) |
| And | ) |
| PENSION AND RETIREMENT PLAN, | ) |
|             Defendants. | ) |

## PLAINTIFF MIKE V. MATA'S ANSWER BRIEF
## SUBMITTED PER SCHEDULING ORDER
## AS OF MAY 15, 2006

/s/ JOHN M. STULL

John M. Stull, Esq. (Del.Bar #568)
1300 N. Market Street, Ste 700
P. O. Box 1947
Wilmington, DE 19899
Ph. 302) 654-0399
jstullesq@aol.com
May 15, 2006

## NATURE AND STAGE OF THE PROCEEDINGS

Complaint was filed on October 10, 2005, by Plaintiff Mike V. Mata seeking remedies under ERISA, 29 U. S. C. Section 1132, in the form of benefits from the DuPont Pension and Retirement Plan ("P & R P Plan" or "Plan"). E. I. DuPont de Nemours & Company, Inc., ("DuPont") is the plan administrator of the Plan. Jurisdiction exists under a federal question of the Employee Retirement Income Security Act of 1974. Discovery has been limited to document production, deposition of Mike V. Mata and Interrogatory requests. The within Brief is Plaintiff's Answer Brief filed May 15, 2006.

## SUMMARY OF ARGUMENT

1.  Plaintiff Mike V. Mata ("Mata") is a former employee of DuPont and "Nason," an independent company formerly owned by the O'Brien Corporation. Upon purchase of Nason by DuPont in November, 1989, DuPont acquired Mata and several dozen Nason employees as part of the Automotive Finishes and repair specialty business utilizing DuPont paint and Finishes technology.  On January 31, 2000, Mata received an advisory that his "Adjusted Service Date" was established to be May 8, 1989.  This advisory indicated that Mata was considered to be an employee of DuPont as of May 8, 1989, and **this notice was directed to Mata as an individual**.  During 2004, a restructuring of employees by DuPont caused Mata to be placed in a position where he was forced to consider retirement.  His legal argument, based on plan language is that his leaving DuPont as of the end of July, 2004 resulted in his credited service being in issue due to the need for having "15 years of service" with DuPont under the Pension and Retirement Plan ("Plan") in order to meet a layoff for lack of work with 15 years of service.  This provision in the Plan allows for an immediate pension.  Because Mata was vested (having had over five years service under the Plan), his claim is that, once vested, he is entitled to credited service under the Plan that includes all his "years of service" with Employer DuPont.  Because ERISA requires "all years of service" to be credited toward benefit calculation, Mata should be given credit for benefit calculation purposes for all his years of service, namely 15 years, so as to allow his receipt of an immediate pension, other than requiring him to reach an age of 60 or 65.

2.  Mata was misled as to his potential pension entitlement and placed in a position that he was forced to make a decision as to accepting a Severance payment without being fully apprized of his full rights under the Plan.  By virtue of his being notified as to his **adjusted service date** being 15 years prior to his job

termination date, Mata was placed in a position of having to make a decision as to accepting a **Severance** payment based on 15 years service, or receiving no severance.  This misleading term by DuPont as **Plan Administrator** is a <u>fiduciary breach</u> requiring an equitable remedy to allow Mata to receive an immediate pension benefit entitlement and its status benefit medical plan coverage normally granted to pensioners under the Plan.  As the <u>Severance</u> payment was based on **15 years** of service, Mata was misled by DuPont to believe to have the requisite 15 years service necessary for an immediate pension.  The misleading effect is due also to the indication in a general letter to "all employees" that because pension plan <u>and</u> severance plan benefits were not being offered to Nason employees, Mata continued to be misled by virtue of his being offered a **severance plan** benefit but not a pension plan benefit.

3.  Under the Continuity of Service Rules of the DuPont Company, an <u>adjusted service date</u> is indicative that an employee has been in the service of DuPont as an employee **as of the Adjusted service date**.  Because the Continuity of Service Rules use the phrase "years of service" as descriptive of service under the Plan, there is an inherent ambiguity of the term of "years of service."  No further definition is provided either in the Plan or in the continuity of Service Rules to elaborate as to this "years of service" phrase.  Because of this ambiguity of such a term, contract interpretation guidelines require that the ambiguity be construed against the drafter of the contract, per the rule of contra proferentem.  This interpretive rule would require the **ambiguous term** "years if service" to be applied to allow Mata credited service for benefit calculation purposes to be 15 years of service per the **adjusted service date** of May 8, 1989 to July, 2004, i.e., 15 years.

## STATEMENT OF FACTS

Plaintiff Mata received his notification of adjusted service date adjustment under date of January 31, 2000.  This was directed to him personally without qualification.  During his indoctrination as a "DuPont" employee as of the time Nason was purchased by DuPont, a breakout session was conducted by Frank Lutz to give orientation to Nason employees as to the full range of benefit plans of DuPont.  This session was conducted by Frank Lutz in California.  At no time did Mr. Lutz fully inform Mata or anyone else in the group as to details of qualifying for a DuPont pension.  This led to confusion in Mr. Mata's mind and others as to what the details of pension and other benefits qualifications were available.

During 2004, Mata suspected that he would be subject to downsizing and was concerned that he would be able to obtain as immediate pension and its medical benefits.  At his "exit" interview, Mata was shown a checklist that included the notation that **he was qualified for a "pension"** in that he was so eligible.  He then received a Severance payment of 7.5 months pay, thus indicating that he had been qualified by his 15 years of service, due to the severance calculation of one months pay for each 2-years of service.  By his receiving 7.5 months pay, he was led to believe that he had 15 years of service.

During deposition, Mata indicated that **he felt coerced** into leaving employment, but that by receiving a severance payment based on 15 years service, he would be qualified for a pension **due to lack of work** having earned 15 years of service.  As a result of his being misled, Mata reluctantly went along with the job termination, without seeking to search out within DuPont, another job.  This assumption was reinforced by his exit interview document showing a pension.

As further support and elaboration of the confusion as to what is meant by the term "15 years of service," see the Opening Brief of Defendants and the references as to "years of service" plus the confusion as to when service starts under both the Continuity of Service Rules and the Pension and Retirement Plan. It is urged by Mata that DuPont and its Human Resources staff, plus counsel representing DuPont and the Plans that, not only did the "Board of Benefits and Pensions" via Mr. Andrew Lesser not know or appreciate what terminology was definitive under the "Plan" but neither did they know to apply same in a situation such as occurred in Mr. Mata's job termination scenario.  It is also apparent that the "Board" did not appreciate the definitional impact since it did not explore or explain the differences of ambiguity impact in its denial of Mr. Mata's appeals to cover the Third Circuit requirement of requiring a Plan Administrator to fully apprize a claimant as to the exact basis for decision, especially since the response of Board of Benefits and Pension of DuPont, as a fiduciary, is required, under ERISA, to exercise its actions solely with consideration of the rights and concern of the beneficiary of an ERISA plan as a paramount concern in its decisional process.

As support for and a reference to pronouncements of the Third Circuit, See Skretvedt v. DuPont, et.al., 268 F.3d 167 (3d Cir.2001) "Skretvedt I", and Skretvedt v. DuPont, et.al., "Skretvedt II," 372 F.3d 193 (3d Cir.2004).  DuPont and its internal staff, plus its counsel, **need to read these cases** and appreciate their impact in order to apply ERISA and its fiduciary requirements, as set forth both in the above decisions of the Third Circuit and the Supreme Court of the United States in Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 122 S.Ct. 708, 151 L.Ed.2d. 635 (2002).

# ARGUMENT

**I.  Under ERISA Section 204's benefit accrual rules, a Plan cannot disregard prior service earned previous to a break-in-service or <u>ignore service time</u> for benefit calculation purposes once the plan participant has obtained a status of being vested.  Section 203, which contains language allowing permissive disregard of service for <u>vesting</u> purposes is separate and distinct from benefit accrual, and years of service are required to be used to calculate pension benefits once the participant is vested.**

Defendant DuPont, as plan administrator, advised Mata that his adjusted service date was changed to May 8, 1989.  This service date thus indicated that Mata's service calculation began as of May 8, 1989.  When Mata was advised that his job was being terminated in July, 2004, he was thus entitled to be given all years of service as a basis for pension benefit calculation under the Plan.  The Third Circuit, in the case of <u>DiGiacomo v. Teamsters Pension Trust of Philadelphia,</u> 420 F.3d 220, (3d Cir.2005) ruled that "all years of service" must be taken into account in calculating a participant's accrued benefit.  This case was subject to a petition for certiorari to the Supreme Court.  **Certiorari was denied** March 3, 2006, No. 05-841.  The Third Circuit, in its ruling sided with the Second Circuit which also has ruled that a plan cannot disregard prior years of service for benefit calculation.

**II. Plaintiff Mata can show under any reasonable interpretation of events surrounding his employment change from Nason to DuPont, that there was widespread confusion as to the details of benefits programs, sufficient to impart misleading and incorrect assumptions on the part of many Nason former employees.**

Based on the provable and established facts and relevant documents the authenticity of which is uncontested, as compiled in the attached Appendix material, it is obvious that **there is no fixed or well-defined definition** of "years of service."  Because of this basic ambiguity of a contractual term, Mata urges that the contractual interpretive rule of contra proferentem be applied to require that the ambiguity be construed **against** the Plan, DuPont, and the effect of using the term "years of service" to deny Mata his immediate benefits based on his 15 years of service and being terminated for "Lack of Work" under the provisions of the Plan.  As to treating the Plan as a "contract" and by this approach, requiring a contractual interpretation analysis, see Henglein v. Colt  Industries Operating Corp., 260 F.3d 201, n. 8, at 213, wherein the Court states "In reviewing the terms of an ERISA plan, we are mindful that ERISA plans are contractual documents, and established principles of contract and trust law govern their interpretation."

The Seventh Circuit has also made it clear that pension plans are contracts. While they may be a special category of contract, they are non-the-less contracts. See the case of Herzberger v. Standard Ins. Co., 205 F.3d 533.  Plaintiff would also note that the term "years of service" is used in the Continuity of Service Rules, but

also without further definition.  Since these phrases are without a definitive guideline, so that the "discretion of the plan administrator" is judicially reviewed within reasonable limits, Mata urges the Court to provide a definition that allows a sliding scale against the Plan and in favor of the participant and an award of benefits.

**III. Plaintiff Mata can also show that because of widespread confusion as to the details of benefits programs, sufficient to impart misleading and incorrect assumptions on the part of many Nason former employees, that his situation is comparable to the standards embodied in the case of <u>Pell v. E. I. DuPont de Nemours & Co., Inc.</u>, 2003 WL  22466196(KAJ).**

It is clear from the summaries and analysis of this decision that if a retiree such as Mata detrimentally relied on his employer's oral and written assurances that his pension benefits would be based on an earlier date of service, the employer would be estopped from using a later date in calculating benefit rights under the applicable pension plan, (DuPont Pension and Retirement Plan), here the "Plan." This case includes testimony that Mr. Pell was ever given details as to how his pension benefits would be calculated.  In Mata's case, his breakout session with Frank Lutz in 1991 never spelled out any details, and when he was coerced into leaving DuPont, under which conditions he was led to believe he would qualify for a pension due to the exit interview notations showing that he was "pension qualified," he was given a material misrepresentation on which he reasonably relied to his detriment constituting extraordinary circumstances, thus equating anequitable estoppel under the standards of <u>Curcio v. John Hancock Mutual Life</u>

<u>Ins. Co.</u>, 33 F.3d 226, 235 (3d Cir.1994).

## <u>CONCLUSION</u>

For the above reasons and case authority, Plaintiff Mata requests that his years of service be ruled sufficient for immediate pension benefit qualification under the provisions of the Plan granting pension and medical benefits for those employees with 15 years of service and whose job loss is due to lack of work, and for such other and further relief as the Court deems proper and necessary in the premises.

Respectfully submitted,

<u>/s/ JOHN M. STULL</u>
John M. Stull, Esq. (Del.Bar #568)
1300 N. Market Street, Ste 700
P. O. Box 1947
Wilmington, DE 19899
Ph. 302) 654-0399
Attorney for Mike V. Mata
jstullesq@aol.com

Dated:   May 15, 2006

## **Certificate of Service**

I HEREBY CERTIFY THAT ON May 15, 2006, I electronically filed a true and correct copy of the foregoing Plaintiff's Answer Brief in support of Plaintiff Mike V. Mata's claims for pension benefits with service on counsel for Defendant DuPont, using CM/ECF, with the clerk of District Court to allow service on counsel for DuPont at:

POTTER ANDERSON & CORROON LLP
Kathleen Furey McDonough, Esq.
Sarah E. DiLuzio, Esq.
1313 North Market Street
P. O. Box 951
Wilmington, DE 19899-0951

/s/ JOHN M. STULL
John M. Stull, Esq. (Del.Bar #568)
1300 N. Market Street, Ste 700
P. O. Box 1947
Wilmington, DE 19899
Ph. 302) 654-0399
Attorney for Mike V. Mata
jstullesq@aol.com

Dated:   May 15, 2006