# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MIKE V. MATA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   C.A. No. 05-423 (KAJ) |
| | ) |
| E. I . DU PONT DE NEMOURS AND | ) |
| COMPANY, a Delaware corporation; | ) |
| E. I. DU PONT DE NEMOURS AND | ) |
| COMPANY, Plan Administrator; and | ) |
| PENSION AND RETIREMENT PLAN, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' REPLY BRIEF IN FURTHER SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

POTTER ANDERSON & CORROON LLP
Kathleen Furey McDonough (I.D. 2395)
Sarah E. DiLuzio (I.D. 4085)
1313 North Market Street
P.O. Box 951
Wilmington, DE  19899-0951
Telephone:  (302) 984-6000
Telefax:  (302) 658-1192
kmdonough@potteranderson.com
sdiluzio@potteranderson.com
*Attorneys for Defendants*

Dated: May 22, 2006
732570

## **TABLE OF CONTENTS**

**PAGES**

TABLE OF CONTENTS ................................................................................................................i

TABLE OF AUTHORITIES ..........................................................................................................ii

INTRODUCTION ..........................................................................................................................1

ARGUMENT .................................................................................................................................2

      I.     PLAINTIFF IS UNABLE TO SUPPORT HIS CLAIMS UNDER THE
            FACTUAL RECORD AND AS A MATTER OF LAW .................................2

CONCLUSION...............................................................................................................................5

# TABLE OF AUTHORITIES

## CASES

*Pell v. E. I. du Pont de Nemours and Co.*,
2003 WL 22466196 (D. Del. Oct. 29, 2003) ............................................................4

*Skretvedt v. E. I. du Pont de Nemours and Co.*,
268 F.3d 167 (3d Cir. 2001) ............................................................4

*Skretvedt v. E. I. du Pont de Nemours and Co*,
372 F.3d 193 (3d. Cir. 2004) ............................................................4

## STATUTES

29 U.S.C. § 1001, *et seq.* ............................................................1, 3, 4

29 U.S.C. § 1052............................................................3, 4

## **INTRODUCTION**

This is a very straightforward case, and the record evidence is limited to the documents exchanged by the parties and the deposition testimony of the Plaintiff. Plaintiff's Complaint asserts two claims under ERISA - that he is entitled to certain benefits under the DuPont Pension and Retirement Plan and that DuPont breached its fiduciary duties in administering the Plan. Defendants' Opening Brief in Support of Their Motion for Summary Judgment set forth the clear language of the Plan and its supporting documents, all of which consistently indicate that Plaintiff's prior service with Nason, a company acquired by DuPont, is not included within his years of service for pension eligibility and calculation purposes. Plaintiff has offered nothing to challenge this fact. Indeed, he cannot. The Plan, the Summary Plan Description, the Continuity of Service Rules, and the Service Recognition Document are unambiguous.

Because he cannot attack the integrity of the Plan documents, Plaintiff attempts to argue that he should receive early retirement pension benefits despite the Plan language because he was "confused." There is absolutely no basis in the law for Plaintiff to disregard the Plan requirements, which comport in all respects with ERISA. Nor is there any basis in fact to do so. Contrary to the uncited, unsupported allegations of Plaintiff's Answering Brief, there is no evidence, and no testimony from the Plaintiff, that he relied on any documents in arriving at the belief that his prior Nason service would be included for pension eligibility and calculation purposes. Instead, Plaintiff testified unequivocally that he never inquired about pension benefits or gave much thought to them at all until *after* he volunteered to participate in a reduction in force and a co-worker verbally

suggested the idea that he may be able to receive early retirement benefits. Accordingly, Defendants are entitled to judgment as a matter of law.

## ARGUMENT

I. PLAINTIFF IS UNABLE TO SUPPORT HIS CLAIMS UNDER THE FACTUAL RECORD AND AS A MATTER OF LAW.

The facts in this case, as set forth in Defendants' Opening Brief, are undisputed. What Plaintiff offers in response is pure rhetoric. The Answering Brief contains no cites to the record evidence in this case, presumably because there are no cites for the allegations contained in the brief. Plaintiff never testified that, before volunteering for participation in the reduction in force, he was "concerned that he would be able to obtain as (*sic*) immediate pension and its medical benefits." (Plaintiff's Ans. Brf., D.I. 42, at 5) On the contrary, Plaintiff testified, unequivocally, that he never gave any thought to his pension benefits whatsoever until a co-worker suggested to him, *after* he had volunteered for the reduction in force and attended an exit interview, that he may be eligible for an early retirement pension benefit. (A20-A21[1] (testifying "that's the first inkling I had" that he could be eligible for early retirement); A25 (testifying that he first inquired about receiving an early retirement pension benefit "[a]s soon as I found out that I might be able to get it [when I heard] the McConachie comment").)

Plaintiff's clear testimony in this regard also belies the argument contained in his brief that he relied on documents identifying his "adjusted service date" or severance benefit in forming the mistaken impression that he was entitled to early retirement

---

[1] All references herein are to the Appendix to Defendants' Opening Brief in Support of Their Motion for Summary Judgment, filed on May 1, 2006. (D.I. 35-37)

pension benefits. Again, the record evidence establishes that Plaintiff only thought about the possibility of early retirement benefits when a co-worker and friend mentioned it, after which he promptly called DuPont Connection, the Plan administrator, who informed him immediately that he was not eligible for such benefits under the Plan because he did not have the requisite years of pension eligible service with DuPont. (A20-A22; A25-A27) Plaintiff's "reliance" on certain documents (none of which misrepresent Plaintiff's years of pension eligible service) arose only in the context of this litigation.

In any event, the terms of the Plan documents are clear and unambiguous. The Plan allows DuPont to "prescribe reasonable rules under this paragraph for each acquisition, such rules to be uniformly applicable to all employees and former employees affected thereby." (A103-A104) Likewise, the Continuity of Service Rules define eligible service as service "to the extent specified by the DuPont Company's Board of Benefits and Pensions or its delegate with any of the following companies: . . . [companies] which were acquired, in whole or in part, by the DuPont Company subsequent to January 1, 1920." (A107) When DuPont acquired Nason (Plaintiff's prior employer), the DuPont Board of Benefits and Pensions determined that "recognition of service and eligibility for participation in the Pension Plan [will be] from date of acquisition, November 1, 1991." (A116-A118) DuPont has consistently applied the Board's decision. (A142)

The Plan documents are also consistent with the accrual requirements of ERISA. In calculating an employee's credited service time for benefit accrual purposes, ERISA requires, with some limited exceptions, that "all years of service *with the employer* or employers *maintaining the plan* shall be taken into account in computing the period of

3

service for purposes of subsection (a)(1) of this section." 29 U.S.C. § 1052(b)(1) (emphasis supplied). That is exactly what DuPont has done.

The decisions of the Third Circuit in *Skretvedt v. E. I. du Pont de Nemours and Co.*, offer no insight for resolving the issues presented by this case. 268 F.3d 167 (3d Cir. 2001) and 372 F.3d 193 (3d. Cir. 2004). In *Skretvedt I*, the plaintiff claimed to be disabled and sought an Incapability Retirement pension under the DuPont Plan. The plaintiff's years of pension eligible service with the Company were not at issue. 268 F.3d at 170. *Skretvedt II* then resolved the question of whether the plaintiff was entitled to an award of pre-judgment interest on his delayed incapability pension benefits. 372 F.3d at 195. Again, the decision contains no discussion of what years of service are included for pension eligibility or accrual purposes.

Nor does this Court's decision denying defendant's motion for judgment on the pleadings in *Pell v. E. I. du Pont de Nemours and Co.* offer support for Plaintiff's claims. No. Civ. A. 02-21-KAJ, 2003 WL 22466196 (D. Del. Oct. 29, 2003) (Exhibit A hereto). The Complaint in this case does not include an equitable estoppel claim. Nor has Plaintiff adduced any facts to support such a claim.

**CONCLUSION**

For the foregoing reasons, Plaintiff's claim fails as a matter of law and Defendants E. I. du Pont de Nemours and Company, E. I. du Pont de Nemours and Company, Plan Administrator, and the DuPont Pension and Retirement Plan are entitled to summary judgment.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

By: _____*/s/ Sarah E. DiLuzio*_____
    Kathleen Furey McDonough (I.D. 2395)
    Sarah E. DiLuzio (I.D. # 4085)
    1313 North Market Street
    P.O. Box 951
    Wilmington, DE  19899-0951
    Telephone:  (302) 984-6000
    Telefax:  (302) 658-1192
    kmdonough@potteranderson.com
    sdiluzio@potteranderson.com
    *Attorneys for Defendants*

Dated: May 22, 2006
732570

## CERTIFICATE OF SERVICE

I, Sarah E. DiLuzio, hereby certify this 22nd day of May, 2006, I caused the foregoing **REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** to be electronically filed with the U.S. District Court District of Delaware via CM/ECF (Official Court Electronic Document Filing System) and served a copy upon counsel of record in the following manner:

<u>**Via Hand Delivery**</u>
John M. Stull (No. 568)
1300 North Market Street
Suite 700
P.O. Box 1947
Wilmington, DE 19801

     */s/ Sarah E. DiLuzio*
Kathleen Furey McDonough (I.D. 2395)
Sarah E. DiLuzio (DSB ID No. 4085)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Post Office Box 951
Wilmington, Delaware 19899-0951
Tel: (302) 984-6000
E-mail: sdiluzio@potteranderson.com
*Attorneys for Defendants*

732570