**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| MIKE V. MATA, | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| E. I. DU PONT DE NEMOURS AND COMPANY, a Delaware corporation; E. I. DU PONT DE NEMOURS AND COMPANY, Plan Administrator; and PENSION AND RETIREMENT PLAN, | ) | C.A. No. 05-423 (KAJ) |
| Defendants. | ) | |

# PROPOSED FINAL PRETRIAL ORDER

This matter comes before the Court at a final pretrial conference held pursuant to Rule 16, Federal Rules of Civil Procedure.

**Plaintiff's Counsel:** John M. Stull, 1300 North Market Street, Suite 700, P.O. Box 1947 Wilmington, Delaware 19899 appears as counsel for Plaintiff Mike V. Mata ("Plaintiff").

**Defendants' Counsel:** Kathleen Furey McDonough and Sarah E. DiLuzio of Potter Anderson & Corroon LLP, Hercules Plaza, Sixth Floor, 1313 North Market Street, P.O. Box 951, Wilmington, Delaware 19899 appear as counsel for Defendants E. I. du Pont de Nemours and Company ("DuPont"), E. I. du Pont de Nemours and Company, Plan Administrator ("Plan Administrator"), and the DuPont Pension and Retirement Plan ("the Plan") (collectively, "Defendants").

## I. NATURE OF THE CASE

Plaintiff Mike V. Mata ("Plaintiff"), a former DuPont employee, brought this action under the Employee Retirement Income Security Act ("ERISA"), claiming entitlement to early retirement benefits (Count I) and alleging that Defendants breached their fiduciary duties by failing to recognize Plaintiff's prior service with an acquired company, Nason Refinish Paint, as eligible service for DuPont pension eligibility and calculation purposes (Count II). Plaintiff filed his original Complaint against Defendants on June 23, 2005. At that time Plaintiff had not yet exhausted his administrative remedies. The parties agreed to extend the time that Defendants had to respond to the

Complaint until the DuPont Board of Benefits and Pensions (the "Board") had an opportunity to consider Plaintiff's administrative appeal. Following the Board's final decision, upholding the denial of Plaintiff's request for early retirement pension benefits, Plaintiff filed an Amended Complaint, on October 10, 2005 asserting the same claims for relief. Defendants responded to the Amended Complaint, denying that Plaintiff is entitled to any benefits in addition to those he is currently receiving or that they breached their fiduciary duties to Plaintiff.

Following discovery, Defendants filed a Motion for Summary Judgment arguing that Plaintiff is not entitled to an early retirement benefit under the clear terms of Section IV of the DuPont Pension and Retirement Plan and that Plaintiff's eligible service was properly determined, and communicated to Plaintiff, in accordance with the terms of the Plan, Continuity of Service Rules, and Service Recognition document for Nason employees. Plaintiff also filed a motion for summary judgment, attaching 36 pages of Appendix material, including Plaintiff's deposition testimony, arguing that Defendants violated ERISA by their application of DuPont's Continuity of Service Rules and their improper application of the Rule of Parity, 29 C.F.R. Sec. 2530.210(g), which Plaintiff claims would have "cured" his years of service requirement under the DuPont Plan. Additionally, Plaintiff argued that DuPont, as Plan Administrator and fiduciary, was required to communicate effectively, truthfully and without confusing Plaintiff. Defendants maintain that they have satisfied their fiduciary duties under ERISA, and at all times communicated truthfully with Plaintiff regarding his eligibility for an early retirement benefit.

To date, the parties' cross-motions for summary judgment remain pending.

## II. JURISDICTION

A. This is an action seeking remedies under ERISA, 29 U.S.C. § 1132, in the form of benefits from Defendants.

B. The jurisdiction of the Court is not disputed.

1. Subject matter jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 1132.

## III. UNCONTROVERTED FACTS

The following facts are not disputed or have been agreed to or stipulated to by the parties:

1. On May 8, 1989, Plaintiff began his employment with Nason Refinish Paint ("Nason").

2. On October 31, 1991, Nason was acquired by DuPont.

3. When DuPont acquired Nason, the DuPont Board of Benefits and Pensions determined that "recognition of service and eligibility for participation in the Pension Plan would be from date of acquisition, November 1, 1991."

4. On November 1, 1991, all active Nason employees, including Plaintiff, became employees of the DuPont Performance Coatings business.

5. In early 2004, Plaintiff became aware that there would be a reduction in force in the DuPont Performance Coatings business.

6. Plaintiff received a pension estimate dated January 23, 2004 which identifies Plaintiff's benefit service as 12.5 years.

7. Plaintiff's benefit service of 12.5 years, as of January 23, 2004, corresponds with the November 1, 1991 date that Plaintiff's DuPont employment commenced.

8. The pension estimate dated January 23, 2004 identifies Plaintiff's benefit commencement date as August 1, 2011, which is the first of the month following Plaintiff's 60th birthday.

9. The pension estimate dated January 23, 2004 identifies Plaintiff's earliest unreduced benefit commencement date as August 1, 2016, which is the first of the month following his 65th birthday.

10. In April 2004, DuPont solicited employees who wished to be included within the reduction in force to express their interest in exchange for which they would be eligible to participate in the Career Transition Program ("CTP") and receive severance pay.

11. On April 21, 2004, Plaintiff signed a document entitled "Expression of Interest To Be Terminated For Lack of Work" ("Expression of Interest").

12. After Plaintiff signed the Expression of Interest, Plaintiff was discussing his impending termination with a co-worker and friend, Alan McConachie, and learned for the first time that he may be eligible for early retirement benefits because he was over 50 years old and had just celebrated his 15th service anniversary with DuPont.

13. Plaintiff testified that this was the first "inkling" he had that he could be eligible for early retirement.

14. Following Plaintiff's conversation with Mr. McConachie, Plaintiff contacted Patty Drysdale, Human Resources representative for DuPont Performance Coatings, who encouraged Plaintiff to contact DuPont Connection, the administrator of the Plan.

15. Plaintiff called DuPont Connection within the week and was immediately informed that he did not have the requisite fifteen (15) years of pension eligible service to be able to receive early retirement benefits.

16. On June 30, 2004, Plaintiff's employment with DuPont was terminated for lack of work.

17. On May 31, 2005, Plaintiff submitted a Level 1 appeal to the DuPont Determination Team of DuPont Connection regarding the denial of his early retirement benefits.

18. The next day, before DuPont Connection had an opportunity to respond to Plaintiff's appeal, Plaintiff submitted a letter to the DuPont Board of Benefits and Pensions requesting a "Level 2" appeal.

19. Initially, the Board accepted the appeal because, on its face, Plaintiff's letter stated that he had completed his Level 1 appeal. Once it became clear that Plaintiff had not, in fact, completed his Level 1 appeal, the Board wrote to Plaintiff and informed him that his Level 2 appeal would be withdrawn, but that, in the event his Level 1 appeal was denied, he could then submit a Level 2 appeal that would be considered by the Board.

20. On June 28, 2005, DuPont Connection denied Plaintiff's Level 1 appeal, and provided information regarding Plaintiff's rights to a Level 2 appeal.

21. On July 25, 2005, Plaintiff initiated a Level 2 appeal.

22. On September 27, 2005, the Board issued a decision denying Plaintiff's appeal for eligibility to retire under Section IV of the Plan.

23. The September 27, 2005 decision of the Board concluded Plaintiff's rights of appeal within DuPont.

24. Generally, if an employee is at least 58 years old and has 27 years of pension eligible service with DuPont, he is entitled to an unreduced pension benefit.

25. Otherwise, an employee will begin to receive unreduced pension benefits upon reaching normal retirement age.

26. Section IV of the Plan defines the parameters of the early retirement pension benefit.

27. A DuPont employee is eligible for an early retirement pension benefit if the Employee is at least 50 years old and has 15 years of pension eligible service with DuPont.

28. The early retirement pension benefit is a reduced benefit and the reduction factor is defined by the Plan, depending upon an employee's age and years of pension eligible service.

29. DuPont's Continuity of Service Rules define eligible service as service "to the extent specified by the DuPont Company's Board of Benefits and Pensions or its delegate with any of the following companies . . . [companies] which were acquired in whole or in part, by the DuPont Company subsequent to January 1, 1920."

30. With regard to acquisitions, the Plan allows DuPont to "prescribe reasonable rules under this paragraph for each acquisition, such rules to be uniformly applicable to all employees and former employees affected thereby."

31. When DuPont acquires another entity, the Board of Benefits and Pensions determines to what extent prior service with the acquired entity will be recognized for DuPont Pension Plan purposes.

32. None of the Plan documents references an employee's adjusted service date for purposes of determining pension eligibility.

33. At the time of his termination on June 30, 2004, Plaintiff was 53 years old and thus met the age requirement of Section IV of the Plan.

34. Plaintiff had completed 2.48 years of service with Nason at the time that Nason was acquired by DuPont and Plaintiff became a DuPont employee on November 1, 1991.

35. Nason did not offer its employees a pension plan.

36. Plaintiff will receive pension benefits under Section V of the Plan upon reaching normal retirement age.

## IV. ISSUES OF FACT THAT REMAIN TO BE LITIGATED

Defendants object to Plaintiff's Statement of Facts.

### A. Plaintiff's Statement of Facts He Will Prove At Trial

1. Plaintiff disputes that Item 1 below in that any communication relied on by DuPont was directed by form letter dated 10/30/91 was to "all Nason employees" and Mata never received said letter.

2. Item 2 below omitted "Severance Pay" that would be entitled to service.

3. Item 3 below was a form letter addressed to all Nason employees and was signed by Frank Lutz.

4. By letter dated September 25, 1992 addressed to all Nason employees, DuPont stated that when Nason employees joined DuPont on November 1, 1991 they were granted DuPont service, except for pensions and severance, for their years of Nason employment.

5. During the course of his employment with DuPont, Plaintiff did not undertake any retirement planning, nor did he have an individual retirement account, or regularly contribute to his DuPont-provided 401(k) plan. This entire statement is disputed and will be shown to be irrelevant and immaterial.

6. Plaintiff experienced financial difficulties for years prior to his termination from DuPont, which depleted any savings he had. This entire statement is disputed and will be shown to be irrelevant and immaterial.

7. After his termination from DuPont, Plaintiff quickly dissipated his DuPont Savings and Investment Plan. This entire statement is disputed and will be shown to be irrelevant and immaterial.

8. Plaintiff's benefit service is separate and distinct from Plaintiff's adjusted service date of May 8, 1989. This is disputed as a matter of interpretation of an unsolicited letter dated January 31, 2000, addressed to Mata as a "correction" of Plaintiff's "Adjusted Service Date" from November 1, 1991, to May 8, 1989.

9. In April 2004, DuPont solicited employees who wished to be included within the reduction in force to express their interest in exchange for which they would be eligible to participate in the Career Transition Program ("CTP") and receive severance pay.

10. The Expression of Interest provided, at paragraph 1: "I wish to be considered for involuntary termination of my employment with DuPont." This statement is disputed on the basis that this "expression" was made without full knowledge of the effect of the above legal analyses and implications as to Plaintiff's conclusions as to his Adjusted service date and its reference in the Severance payments submitted to him without dispute, plus Plaintiff was not privy to DuPont's in-house memos and interpretations of Continuity of Service Rules.

11. Prior to his conversation with Mr. McConachie in late May or early June 2004, Plaintiff had never inquired about or considered the possibility of receiving an early retirement pension from DuPont. This is disputed as irrelevant.

12. Mr. McConachie was in marketing and was not in a position of authority. This is disputed as irrelevant.

13. The Plan allows for both normal retirement benefits and early retirement benefits. This statement and the subsequent two statements are subject to the rule that the Plan document speaks for itself.

14. Normal retirement age is defined by the Plan as 65 years old.

15. Section V of the Plan defines normal retirement benefits and sets forth the criteria used to determine when employees become eligible to receive an unreduced pension.

16. The Plan documents define "service" to mean "the length, in years and fractions of a year, of an employee's period of 'continuous service' for computing the amount of a pension as determined under the provisions of the Company's Continuity of Service Rules ...." This statement is supplemented with language that refers to "service as beginning with the "Adjusted Service Date."

17. The Summary Plan Description, which is provided to all DuPont employees, also references the Continuity of Service Rules but the SPD does not include a copy of the referenced Continuity Rules so as to advise and communicate with the intended plan beneficiaries.

18. An employee's adjusted service date is used by DuPont to determine an employee's seniority and eligibility for other benefits, such as vacation. This statement is disputed as misleading in that it is intended to divorce a pension entitlement from other benefits such as severance pay.

19. At the time of his termination on June 30, 2004, Plaintiff had completed 12.67 years of service with DuPont and thus failed to satisfy the 15 year eligibility requirement of Section IV of the Plan. This statement is disputed as to Plaintiff's belief as to the entitlement indicated to him by the 1/31/00 letter changing his adjusted service date to 5/8/89.

20. DuPont recognized Plaintiff's former service with Nason for purposes of seniority, vacation time, and other benefits (other than pension benefits). This statement is disputed as failing to include "severance benefits" which used "15 years of service" as a basis for entitlement.

21. No former Nason employees who became employees of DuPont on November 1, 1991 in connection of the October 31, 1991 acquisition of Nason by DuPont received early retirement pension benefits under Section IV of the Plan. This is disputed as being unsupported by documents which were requested by Plaintiff on discovery.

## B. Defendants' Statement of Facts They Will Prove At Trial

1. At the time of the Nason acquisition, DuPont communicated to affected employees that Nason service would *not* be recognized for purposes of eligibility under the DuPont Pension and Retirement Plan (the "Plan").

2. For most other purposes, including vacation eligibility and service awards, Nason service was recognized as DuPont service.

3. By letter dated October 30, 1991 addressed to all Nason employees, DuPont explained that it would recognize Nason service for most of DuPont's benefits, with the most notable exception being DuPont's pension plan.

4. By letter dated September 25, 1992 addressed to Nason employees, DuPont stated that when Nason employees joined DuPont on November 1, 1991 they were granted DuPont service, except for pensions and severance, for their years of Nason employment.

5. During the course of his employment with DuPont, Plaintiff did not undertake any retirement planning, nor did he have an individual retirement account, or regularly contribute to his DuPont-provided 401(k) plan.

6. Plaintiff experienced financial difficulties for years prior to his termination from DuPont, which depleted any savings he had.

7. After his termination from DuPont, Plaintiff quickly dissipated his DuPont Savings and Investment Plan.

8. Plaintiff could not have altered his retirement planning in any way that would have enabled him to become eligible for an early retirement benefit.

9. Plaintiff's benefit service is separate and distinct from Plaintiff's adjusted service date of May 8, 1989.

10. The Expression of Interest that Plaintiff signed on April 21, 2004 provided, at paragraph 1: "I wish to be considered for involuntary termination of my employment with DuPont."

11. Prior to his conversation with Mr. McConachie in late May or early June 2004, Plaintiff had never inquired about or considered the possibility of receiving an early retirement pension from DuPont.

12. Mr. McConachie was in marketing and was not in a position of authority.

13. The Plan allows for both normal retirement benefits and early retirement benefits.

14. Normal retirement age is defined by the Plan as 65 years old.

15. Section V of the Plan defines normal retirement benefits and sets forth the criteria used to determine when employees become eligible to receive an unreduced pension.

16. The Plan documents define "service" to mean "the length, in years and fractions of a year, of an employee's period of 'continuous service' for computing the amount of a pension as determined under the provisions of the Company's Continuity of Service Rules ...."

17. The Summary Plan Description, which is provided to all DuPont employees, also references the Continuity of Service Rules.

18. An employee's adjusted service date is used by DuPont to determine an employee's seniority and eligibility for other benefits, such as vacation.

19. At the time of his termination on June 30, 2004, Plaintiff had completed 12.67 years of service with DuPont and thus failed to satisfy the 15 year eligibility requirement of Section IV of the Plan.

20. DuPont recognized Plaintiff's former service with Nason for purposes of seniority, vacation time, and other benefits (other than pension benefits).

21. No former Nason employees who became employees of DuPont on November 1, 1991 in connection of the October 31, 1991 acquisition of Nason by DuPont received early retirement pension benefits under Section IV of the Plan.

22. Defendants have consistently applied the terms of the Plan, Continuity of Service Rules, and Service Recognition document for former Nason employees.

## V. ISSUES OF LAW

Plaintiff and Defendants are each proposing separate statements.

### A. Plaintiff's Issues of Law

1. Whether, pursuant to the terms of the DuPont Pension Plan, Plaintiff's prior years of service with Nason must be included in his pension eligible service for purposes of determining his eligibility for early retirement benefits.

2. Whether due to the actions of the Plan Administrator Fiduciary DuPont, Plaintiff was misled as to his pension entitlements under the Pension Plan.

### B. Defendants' Issue of Law

1. Whether, pursuant to the terms of the DuPont Pension Plan, Plaintiff's prior years of service with Nason must be included in his pension eligible service for purposes of determining his eligibility for early retirement benefits.

## VI. WITNESSES (Please note those who will testify by deposition.)

A. List of witnesses the Plaintiff expects to call, including experts:

1. Expert witnesses: Not applicable.

2. Plaintiff Mike V. Mata

3. Plaintiff reserves the right to call as witnesses any witnesses of Defendants so indicated.

B. List of witnesses Defendants expect to call, including experts:

1. Expert witnesses: Not applicable.

2. Non-expert witnesses:

(a) Andrew F. Lesser

(b) Mary Dineen,
Incoming Chair of the DuPont Board of Benefits and Pensions

(c) Frank Lutz

(d) Alan McConachie

(e) Patricia Drysdale

(f) Defendants reserve the right to call as witnesses at trial any witnesses identified by Plaintiff.

C. If there are any third parties to the action, they should include an identical list of witnesses as that contained in Parts A and B above: None.

D. **Rebuttal Witnesses**. Each of the parties may call such rebuttal witnesses as may be necessary, without prior notice thereof to the other party.

E. **Notice of Witnesses' Testimony:** Plaintiff and Defendants shall identify the witnesses they shall call at trial twenty-four (24) hours in advance.

## VII. EXHIBITS

A. List of exhibits Plaintiff expect to use:

1. Exhibit A hereto lists exhibits that Plaintiff intends to offer at trial with a specification of those which will be admitted in evidence without objection, Defendants' objections and the Federal Rule of Evidence relied upon by Plaintiff. All items submitted as attachments to Plaintiff's Motion for Summary Judgment that were indicated as Appendix notations.

B. List of exhibits the defendants expect to use:

1. Defendants reserve the right to introduce into evidence any exhibit identified herein by Plaintiff.

2. Exhibit B hereto lists exhibits that Defendants intend to offer at trial with a specification of those which will be admitted in evidence without objection, Plaintiff's objections and the Federal Rule of Evidence relied upon by Defendants.

C. There are no joint exhibits.

D. Demonstrative Exhibits. The parties agree to exchange demonstrative exhibits that they intend to use at trial at 5:00 p.m. on Tuesday, November 28, 2006. The parties agree that the notice provision of this paragraph shall not apply to demonstrative exhibits created in the courtroom during testimony, to the enlargement, highlighting, etc. of trial exhibits or of testimony, or to demonstrative exhibits created in rebuttal or in response to evidence presented by the other side.

## VIII. Damages

Plaintiff is seeking Pension Plan entitlements plus status benefits such as Medical Plan Qualification and any interest on delayed payments either based on entitlements based on voluntary payments or those based on judgment by Court decree.

## IX. Bifurcated Trial

The parties do not desire a bifurcated trial.

## X. Trial Briefs

A. Plaintiff's Motions *in limine*:

B. Defendants Motions *in limine*: Defendants do not intend to present any Motions *in limine* at this time.

## XI. Limitations, Reservations and Other Matters

A. **Length of Trial.** This matter is scheduled for a one-day non-jury trial beginning at 9:00 a.m. on December 1, 2006.

B. **Number of Jurors.** Not applicable.

C. **Jury Voir Dire.** Not applicable.

**XII. Proposed Post-Trial Briefing Schedule**

A. Opening Briefs to be filed simultaneously by both parties on January 26, 2007.

B. Answering Briefs to be filed simultaneously by both parties on February 26, 2007.

IT IS ORDERED that this Final Pretrial Order may be modified at the trial of the action, or prior thereto, to prevent manifest injustice or for good cause shown. Such modification may be made either on application of counsel for the parties or on motion of the Court.

DATED: October 3, 2006

______________________________
UNITED STATES DISTRICT JUDGE

APPROVED AS TO FORM AND SUBSTANCE:

**JOHN M. STULL, ESQUIRE**

/s/ John M. Stull
John M. Stull (#568)
1300 North Market Street, Suite 700
P.O. Box 1947
Wilmington, DE 19899
*Attorney for Plaintiff*

and

**POTTER ANDERSON & CORROON LLP**

/s/ Sarah E. DiLuzio
Kathleen Furey McDonough, Esquire (#2395)
Sarah Elizabeth DiLuzio, Esquire (#4085)
1313 North Market Street, P.O. Box 951
Wilmington, Delaware 19899-0951
*Attorneys for Defendants*

*Mike V. Mata v. E. I. du Pont de Nemours and Company, E. I. du Pont de Nemours and Company, Plan Administrator), and the DuPont Pension and Retirement Plan*

**VII .A. EXHIBIT A – PLAINTIFF'S PROPOSED TRIAL EXHIBITS**

| Pltf's Exh. No. | Description | Defendants' Basis for Objection | Plaintiff's Response to Objection |
|---|---|---|---|
| | All Items listed and included in Appendix submitted with Motion for Summary Judgment. | *see below | |
| | | | |
| | | | |

* Defendants object to Plaintiff's failure to specifically identify the exhibits he intends to rely upon at trial. Defendants reserve the right to object to any exhibits Plaintiff proffers at trial. However, Defendants object to the designation of Plaintiff's deposition testimony as an exhibit, which testimony appears at pages A10-A33 of Plaintiff's Appendix in Support of his Motion for Summary Judgment (D.I. 39) pursuant to F.R.E. 402, 802. Defendants further object to A34-A36 of Plaintiff's Appendix in Support of his Motion for Summary Judgment (D.I. 39) pursuant to F.R.E. 106, 402, 802, 901.

*Mike V. Mata v. E. I. du Pont de Nemours and Company, E. I. du Pont de Nemours and Company, Plan Administrator), and the DuPont Pension and Retirement Plan*

**VII. B. EXHIBIT B – DEFENDANTS' PROPOSED TRIAL EXHIBITS**

| Deft's Exh. No. | Description | Plaintiff's Basis for Objection | Defendants' Response to Objection |
|---|---|---|---|
| DX1 | DuPont Pension and Retirement Plan<br>Originally adopted Sept. 1, 1904; last amended March 1, 1998<br>Bates Nos. D000160-D000311 | | |
| DX2 | DuPont Pension and Retirement Plan<br>Summary Plan Description<br>Bates Nos. D000128-D000157 | | |
| DX3 | DuPont Continuity of Services Rules<br>Originally adopted June 2, 1919; last amended March 1, 1997<br>Bates Nos. D000318-D000324 | | |
| DX4 | Memorandum to All Nason Employees from F. Lutz, DuPont Automotive Products Employee Relations Manager, regarding Employment Sign-Up Benefit Elections<br>Dated October 31, 1991<br>Bates No. D000057 | | |
| DX5 | Revised memorandum to George Hollodick, from F. Lutz, DuPont Refinish Employee Relations Manager, regarding DuPont Automotive Products - Nason Acquisition<br>Dated October 22, 1991<br>Bates Nos. D000312-D000314 | | |
| DX6 | Memorandum from G. Hollodick to F. Lutz regarding Recognition of Nason Service for DuPont Plans and Policies<br>Dated October 28, 1991<br>Bates Nos. D000315-D000318 | | |

| Deft's Exh. No. | Description | Plaintiff's Basis for Objection | Defendants' Response to Objection |
|---|---|---|---|
| DX7 | Memorandum to Nason Employees from F. Lutz regarding First Year of Service Benefits Letter<br>Dated September 25, 1992<br>Bates No. D000058 | | |
| DX8 | Plaintiff's DuPont Employee Status Sheet<br>Bates No. D000047 | | |
| DX9 | Memorandum to Plaintiff from DuPont regarding Adjusted Service Date<br>Dated January 31, 2000<br>Bates No. D000059 | | |
| DX10 | Plaintiff's Pension Estimate Package<br>Dated January 23, 2004<br>Appendix to Defendants' Opening Summary Judgment Brief – A47-A52 | | |
| DX11 | Plaintiff's Expression of Interest to be Terminated for Lack of Work<br>Dated April 21, 2004<br>Appendix to Defendants' Opening Summary Judgment Brief – A138 | | |
| DX12 | Plaintiff's DuPont Human Resources Compensation Center Termination Form<br>Re: April 30, 2004<br>Appendix to Defendants' Answering Brief in Opposition to Plaintiff's Motion for Summary Judgment Brief – B5 | | |
| DX13 | Plaintiff's CTP Final Pay Form<br>Dated April 30, 2004<br>Appendix to Defendants' Answering Brief in Opposition to Plaintiff's Motion for Summary Judgment Brief – B6-B7 | | |

| Deft's Exh. No. | Description | Plaintiff's Basis for Objection | Defendants' Response to Objection |
|---|---|---|---|
| DX14 | Plaintiff's Level 1 Appeal Initiation Form submitted to DuPont Connection Determination Review Team<br>Dated May 31, 2005<br>Bates Nos. D000010-D000014 | | |
| DX15 | Letter from Plaintiff to the Plan Administrator regarding Alleged Wrongful Denial of Pension<br>Dated June 1, 2005<br>Bates No. D000005 | | |
| DX16 | Letter to Plaintiff from A. Lesser, delegate of the Board, regarding Appeal of Pension Eligibility<br>Dated June 10, 2005<br>Bates No. D000006 | | |
| DX17 | Letter to Plaintiff from A. Lesser, delegate of the Board, regarding withdraw of appeal of pension eligibility as it is currently being treated as a Level 1 Appeal by DuPont Connection.<br>Dated June 22, 2005<br>Bates No. D000007 | | |
| DX18 | Letter from DuPont Connection Benefit Determination Review Team denying Plaintiff's Level 1 Appeal<br>Dated June 28, 2005<br>Bates Nos. D000003-D000004 | | |
| DX19 | Plaintiff's letter to DuPont Connection Determination Review Team - Submission of Level 2 Appeal on Denial of Pension Benefits.<br>Dated July 25, 2005<br>Bates Nos. D000016-D000018 | | |

| Deft's Exh. No. | Description | Plaintiff's Basis for Objection | Defendants' Response to Objection |
|---|---|---|---|
| DX20 | Letter to Plaintiff from the Board denying Plaintiff's appeal for eligibility to retire under Section IV of the Plan.<br>Dated September 27, 2005<br>Appendix to Defendants' Opening Summary Judgment Brief – A135-A137 | | |