IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MIKE V. MATA, | ) |
|            Plaintiff, | ) |
| v. | ) |
| E. I . DU PONT DE NEMOURS AND COMPANY, a Delaware corporation; E. I. DU PONT DE NEMOURS AND COMPANY, Plan Administrator; and PENSION AND RETIREMENT PLAN, | ) C.A. No. 05-423 (KAJ) |
|            Defendants. | ) |

## MOTION TO ALTER AND AMEND COURT ORDER DATED OCTOBER 16, 2006

**I.     MOTION TO ALTER JUDGMENT**

      As stated in the parties pre-trial submissions, Plaintiff Mike V. Mata ("Plaintiff"), a former DuPont employee, brought this action under the Employee Retirement Income Security Act ("ERISA"), claiming entitlement to early retirement benefits (Count I) and alleging that Defendants breached their fiduciary duties by failing to recognize Plaintiff's prior service with an acquired company, Nason Refinish Paint, as eligible service for DuPont pension eligibility and calculation purposes. Plaintiff has exhausted his administrative remedies. Plaintiff has asserted he is entitled to benefits in addition to those he is currently receiving, DuPont having breached its fiduciary duties to Plaintiff.

      Plaintiff urges the Court to Alter and Amend its Order of October 16, 2006 to discuss and award Plaintiff his benefits on the basis that the fiduciary status of DuPont as Plan administrator of its benefit plans including its Pension and Retirement Plan include the duty not to mislead potential plan beneficiaries. See the case of <u>Leuthner v. Blue Cross of Northeastern Pennsylvania</u>, 38 EBC 2706, (D.C. E.Pa., July 27, 2006) wherein the Court cites Third Circuit precedent at 38 EBC 2711-12 detailing the duties of a fiduciary as affirmative obligations to avoid a claim that employee/beneficiaries are not misled. The Court in <u>Leuthner</u> further notes that there is an affirmative duty beyond merely citing to plan documents that may contain details that the Employee would not know or read. Further, in the instant case Mata received an unsolicited statement as to his Adjusted Service Date, which is determinative as to employment status with DuPont.

2.    **RECONSIDERATION OF DECISION**

     Mata urges the Court to reconcile the Third Circuit precedent cited in <u>Leuthner</u> as to misleading a plan beneficiary such as Mata is that indicates that DuPont did not seek to reconcile its revision of Mata's Adjusted Service Date advisory with DuPont's offer of Severance pay using a 15 year employment period with DuPont and not fully disclosing the details in time for Mata to adequately consider the need to refuse Severance and further consider retaining employment within DuPont to provide him with a vested pension and related medical benefits.

DATED:  October 30, 2006

                                      /s/ JOHN M. STULL
                                      John M. Stull (#568)
                                      1300 North Market Street, Suite 700
                                      P.O. Box 1947
                                      Wilmington, DE 19899
                                      *Attorney for Plaintiff*

Case 1:05-cv-00423-KAJ   Document 50   Filed 10/31/2006   Page 3 of 3