IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MIKE V. MATA, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 05-423 (KAJ) |
| | ) | |
| v. | ) | |
| | ) | |
| E. I. DU PONT DE NEMOURS AND COMPANY, a Delaware corporation; E. I. DU PONT DE NEMOURS AND COMPANY, Plan Administrator; and PENSION AND RETIREMENT PLAN, | ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

# DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT

Kathleen Furey McDonough (#2395)
Sarah E. DiLuzio (#4085)
Potter Anderson & Corroon LLP
Hercules Plaza – 6th floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000

Dated: November 14, 2006

759711

## ARGUMENT

### A. Standard for Motion Under Rule 59.

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Biggins v. Carroll,* 2002 WL 31107365, at *1 (D. Del. 2002), (attached as Exhibit A). Indeed, under Local Rule 7.1.5, "a motion for reargument will only be allowed when it is patently clear the judge has committed error." *TI Group Auto. Sys., (North America), Inc. v. VDO North America, L.L.C.,* 2002 WL 87472, at *1 (D. Del. 2002) (attached as Exhibit B). Recognizing the rarity of such a situation, this Court has held, "As a general rule, motions for reconsideration should be granted only 'sparingly.'" *Id.* "Any lesser constraint would only serve to encourage 'a never ending polemic between litigants and the court.'" *Id.* (citation omitted).

### B. The Court Did Not Commit an Error of Fact or Law.

Completing ignoring the legal standard for motions brought pursuant to Fed. R. Civ. P. 59, Plaintiff offers a scant reference to a recent decision from the District Court for the Middle District of Pennsylvania and insinuates that the decision should somehow alter this Court's analysis. Plaintiff offers no newly discovered evidence (or even record evidence) in support of his "argument," nor does he explain how the *Leuthner* case applies to the undisputed facts of this case. *See Leuthner v. Blue Cross of Northeastern Pennsylvania,* 2006 WL 2129077 (M.D. Pa. 2006), 38 Employee Benefits Cas. (BNA) 2706 (M.D. Pa. 2006) (denying defendant's motion for summary judgment on statute of limitations grounds) (attached as Ex. C).

In fact, it is difficult to discern how the decision in *Leuthner* bears on this case at all, as it involves the interpretation of ERISA's statue of limitations, which is not at issue here. 2006 WL 2129077 at *2 (explaining "the heart of" defendant's motion was the correct interpretation of

what triggered the statute of limitations under ERISA Section 413). Section 413 provides that claims for breach of fiduciary duty must be brought within "six years after (A) the date of the last action which constituted part of the breach or violation...." 29 U.S.C. § 1113. The insurer in *Leuthner* contended that the statute's reference to the "last act[ion]" referred to the insurer's last misrepresentation while the plaintiffs claimed that it referred to the last detrimental act taken in reliance upon the insurer's misrepresentation. 2006 WL 2129077 at *2. The court held that, if the insurer's communications were adjudged to be misrepresentations, they could support a valid claim of detrimental reliance if they were independent of and not merely a continuation of the previous misrepresentations, and if they had not been previously relied upon to the plaintiffs' detriment. *Id.* at *4. Again, that holding has little relevance in this case.

In dicta, the court also noted that plaintiffs' misrepresentation claims hinged on the principle that, once an ERISA beneficiary has requested information from an ERISA fiduciary who is aware of the beneficiary's status and situation, the fiduciary has an obligation to convey complete and accurate information material to the beneficiary's circumstance. *Id.*, citing *Bixler v. Central Pennsylvania Teamsters Health and Welfare Fund*, 12 F.3d 1292, 1300 (3d Cir. 1993); *In re Unisys Corp. Retiree Med. Benefit "ERISA" Litig.*, 242 F.3d 497, 506-507 (3d Cir. 2001)[1]. The plaintiff in this case has made no such claim, and can't, because he never inquired

---

[1] Plaintiff neither identifies this principle, nor cites these cases, other than to refer to "Third Circuit precedent." However, in an effort to be responsive, DuPont assumes that the brief discussion in *Leuthner* is what Plaintiff was attempting to rely upon in his motion. Although *Leuthner* may have been decided after the parties' summary judgment briefing in this case, *Bixler* and *Unisys III* were not. Plaintiff never raised either case during summary judgment (in any of his three briefs), and should not be permitted to do so now. *See Holland v. Big River Minerals Corp.*, 181 F.3d 597, 605-606 (4th Cir. 1999) (issue presented for first time in Rule 59(e) motion is not timely raised); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (Rule 59(e) motion cannot raise arguments that were not raised prior to judgment); *Santiago v. Canon U.S.A., Inc.*, 138 F.3d 1, 3-4 (1st Cir. 1998) (new legal theory as to liability may not be raised in motion for reconsideration).

about early retirement benefits until the eve of his termination, at which time he was accurately informed that he was not entitled to such benefits.

Not only is *Leuthner* completely inapposite to Plaintiff's claims in this case, but Plaintiff's continued reliance on receipt of a document altering his adjusted service date rather than the numerous Plan documents he received explicitly outlining his entitlement to pension benefits is contrary to the record evidence and, indeed, common sense. (D.I. 37 at A119.) As this Court found, DuPont never misinformed Plaintiff or misrepresented the terms of the DuPont Pension Plan to him. *See Mata v. E. I. du Pont de Nemours and Company*, C.A. No. 05-423 (KAJ), Mem. Op. at 18 (Oct. 16, 2006). On the contrary, "DuPont's records are clear that service rendered at Nason would not be recognized for pension purposes at DuPont. <u>DuPont never told Mr. Mata otherwise</u>." *Id.* (emphasis added). Plaintiff did not inquire about the possibility of receiving early retirement benefits until after he had already volunteered for termination, at which point he was immediately, and accurately, informed that he did not have the requisite service to qualify for such benefits. (D.I. 35 at A27.) Plaintiff does not cite to any newly discovered evidence or law that challenges this finding.

With regard to the adjusted service date document, the Court found, and the record shows, that "All of Mr. Mata's benefits documents clearly indicate that DuPont did not use his adjusted service date to determine whether he was eligible for early retirement. Moreover, none of the Plan documents state that DuPont will use an employee's adjusted service date to determine pension eligibility." (Mem. Op. at 14 (D.I. 35 at A48; D.I. 37 at A112, 114, 116, 119). Indeed, nothing about this document indicates that it bears any relation to the Pension Plan. Plaintiff's claim that this document was "determinative as to employment status with DuPont" is clearly unsupportable by the record evidence. (Plaintiff doesn't even try.) (D.I. 50).

3

In any event, Plaintiff placed no particular significance or reliance on this document at the time he received it; his testimony was unequivocal that he did not even consider that he might be entitled to an early retirement pension until after he had signed an Expression of Interest volunteering for termination and a coworker mentioned that he may be eligible for the benefit. (D.I. 37 at A20-21.) DuPont quickly corrected his misperception. Plaintiff adduced no evidence to the contrary during discovery, and offers nothing new here.

## CONCLUSION

Based on the facts and law as set forth above, Plaintiff's motion to alter or amend the judgment should be denied.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

By _/s/ Sarah E. DiLuzio_
Kathleen Furey McDonough (#2395)
Sarah E. DiLuzio (#4085)
Hercules Plaza – Sixth Floor
1313 North Market Street
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000

*Attorneys for Defendants*

Dated: November 14, 2006
759711

4