# EXHIBIT A

Westlaw.

Not Reported in F.Supp.2d                                                                                      Page 1
Not Reported in F.Supp.2d, 2002 WL 31107365 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

**H**
Biggins v. CarrollD.Del.,2002.Only the Westlaw citation is currently available.
United States District Court, D. Delaware.
James Arthur BIGGINS, Petitioner,
v.
Thomas L. CARROLL, Warden, and Attorney General of the State of Delaware, Respondents.
**No. Civ.A. 9901880GMS.**

Sept. 23, 2002.

*MEMORANDUM AND ORDER*
SLEET, J.
**\*1** On September 13, 2002, the court denied James Arthur Biggins' petition for a writ of habeas corpus. The court concluded that Biggins' exhausted claims lacked merit, and that his remaining claims were procedurally barred from federal habeas review. Biggins has now filed a document entitled "Motion for Rehearing," which the court treats as a timely motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. For the reasons that follow, the court will deny Biggins' motion.

### I. STANDARD OF REVIEW

The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985).* Accordingly, a court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir.1999)*(citing *North River Ins. Co. v. CIGNA Reinsurance Co ., 52 F.3d 1194, 1218 (3d Cir.1995).* A motion for reconsideration is not appropriate to reargue issues that the court has already considered and decided. *Brambles USA, Inc. v. Blocker, 735 F.Supp. 1239, 1240 (D.Del.1990).*

### II. DISCUSSION

Biggins first asserts that the court "erroneously interpreted and read" his claims. Inexplicably, he fails to cite any specific claim which the court misinterpreted. Moreover, in interpreting Biggins' lengthy and inartfully drafted submissions, the court liberally construed each in an effort to provide review of his claims to the fullest extent permissible under federal habeas law.

It next appears that Biggins alleges that the respondents waived their right to argue that some of his claims were procedurally defaulted. Biggins is mistaken. As a matter of federal habeas law, a court may raise the issue of procedural default *sua sponte,* notwithstanding the respondents' failure to assert it. *Szuchon v. Lehman, 273 F.3d 299, 321 (3d Cir.2001).*

Biggins next argues that the court erred by finding his claims procedurally barred because the exhaustion requirement is satisfied where no further state court remedies are available. Biggins is correct that the exhaustion requirement is deemed satisfied if state court review of his claims is no longer available. Even so, such claims are procedurally barred from federal habeas review absent a showing of cause and prejudice or a fundamental miscarriage of justice. *Lines v. Larkins, 208 F.3d 153, 160 (3d Cir.2000), cert. denied,* 531 U.S. 1082 (2001).

Finally, it appears that Biggins asks the court to reconsider its decision not to issue a certificate of appealability. For the reasons set forth in detail in its prior order, the court remains convinced that reasonable jurists would not debate its decision to deny Biggins' habeas petition. *See Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The court will not issue a certificate of appealability.

**\*2** In short, Biggins has not presented any reason warranting reconsideration of the court's order denying his habeas petition. To the extent that Biggins suggests that the court committed a clear error of law, the court is unpersuaded. His motion for reconsideration will be denied.

### III. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED THAT Biggins' Motion for Rehearing (D.I.48) is treated as Rule 59(e) motion for

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                    Page 2
Not Reported in F.Supp.2d, 2002 WL 31107365 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**


reconsideration, and so treated, is DENIED.

IT IS SO ORDERED.

D.Del.,2002.
Biggins v. Carroll
Not Reported in F.Supp.2d, 2002 WL 31107365
(D.Del.)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT B

Westlaw.

Not Reported in F.Supp.2d                                                                 Page 1
Not Reported in F.Supp.2d, 2002 WL 87472 (D.Del.)
**(Cite as: 2002 WL 87472 (D.Del.))**

**H**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, D. Delaware.
TI GROUP AUTOMOTIVE SYSTEMS, (NORTH
AMERICA), INC. Plaintiff,
v.
VDO NORTH AMERICA L.L.C. Defendant.
**No. C.A. 00-432-GMS.**

Jan. 22, 2002.

*MEMORANDUM AND ORDER*

SLEET, J.

I. INTRODUCTION

**\*1** On December 3, 2001, the court issued a *Markman* order construing the disputed claim terms in the above-captioned case. The plaintiff, TI Group Automotive Systems (North America), Inc. ("TI"), filed a motion for reconsideration on December 17, 2001. The court will now deny TI's motion because it has failed to demonstrate that the court erred in reaching its decision.

II. DISCUSSION

As a general rule, motions for reconsideration should be granted only "sparingly." *See Karr v. Castle,* 768 F.Supp. 1087, 1090 (D.Del.1991). In this district, motions for reconsideration are only granted if it appears that the court has patently misunderstood a party, has made a decision outside the adversarial issues presented by the parties, or has made an error not of reasoning, but of apprehension. *See e.g., Shering Corp. v. Amgen, Inc.,* 25 F.Supp.2d 293, 295 (D.Del.1998); *Brambles USA, Inc. v. Blocker,* 735 F.Supp. 1239, 1240 (D.Del.1990). Moreover, even if the court had committed one of these errors, there is no need to grant a motion for reconsideration if it would not alter the court's initial decision. *See Pirelli Cable Corp. v. Ciena Corp.,* 988 F.Supp. 424, 445 (D.Del.1998).

Furthermore, motions for reconsideration "should

not be used to rehash arguments already briefed." *See Dentsply Int'l. v. Kerr Mfg. Co.,* 42 F.Supp.2d 385, 419 (D.Del.1999). A guiding principle in applying the limitations on reargument under Local Rule 7.1.5 is that a motion for reargument will only be allowed when it is patently clear the judge has committed error. Any lesser constraint would only serve to encourage "a never ending polemic between litigants and the court." *See Shering Corp.* 25 F.Supp.2d at 295. Thus, "[i]t follows that a motion for reargument should be denied where the proponent simply rehashes material and theories already briefed, argued and decided." *Id.*

A. Claim 2: "Means For Routing"

TI proffers three reasons why it believes reconsideration is necessary with respect to the "means for routing" claim limitation: (1) the claimed function in the "means for routing" clause was not recited verbatim in the court's claim construction order; (2) the court's order ignores the embodiment shown in Figure 1; and (3) the order improperly identified structures unnecessary to perform the claimed function.

Insofar as TI requests that the court modify its order to recite the verbatim function described in the claim, the court will do so. Accordingly, Paragraph 6 of the December 3, 2001 order will be amended to read as follows:

6. Claim 2: "means for routing a first portion of the output of the high pressure fuel to the supply port and a second portion of the output of high pressure fuel to the pumping means ..."
This language is construed pursuant to 35 U.S.C. § 112 ¶ 6. The function is to "route a first portion of the output of high pressure fuel to the supply port and a second portion of the output of high pressure fuel to the pumping means." The structure corresponding to the "means for routing" to perform the function encompasses main housing 140, check valve 38, supply nozzle 134 and the associated structure leading to jet pump 30.

**\*2** TI's second and third arguments merely reiterate arguments the court has already considered and rejected. Therefore, its motion for reargument of this claim term is denied.

B. Claim 2: "Pumping Means"

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                    Page 2
Not Reported in F.Supp.2d, 2002 WL 87472 (D.Del.)
**(Cite as: 2002 WL 87472 (D.Del.))**

TI requests reargument with regard to the "pumping means" construction on four grounds: (1) the court's claim construction did not take into account the structure shown in Figure 1; (2) connecting tube 164 is not part of the pumping means; (3) the court's construction improperly includes structures not necessary to perform the recited function; and (4) "pumping means" is not a means-plus-function claim limitation.

None of TI's arguments demonstrate that the court patently misunderstood a party, has made a decision outside the adversarial issues presented by the parties, or has made an error not of reasoning, but of apprehension. *See Shering Corp.,* 25 F.Supp.2d at 295. Instead, TI seeks to reargue points the court has already considered and rejected. Accordingly, TI's motion for reconsideration of the court's "pumping means" construction is denied.

**C. Claim 2: "Fuel Reservoir"**

TI takes exception with the court's construction of the term "fuel reservoir." Again, TI merely attempts to reargue its original position. Thus, the court finds that this argument is not a proper one on which to base a motion for reargument. TI's motion for reconsideration of the court's "fuel reservoir" construction is denied.

**D. Claim 2: "Opening is Located At The Bottom Of The Reservoir"**

TI's final argument for reconsideration is that the court's construction of  "at the bottom of the reservoir" is "directly contrary to the only use of this phrase in the '714 patent specification." In support of its argument, TI simply repeats its argument that "at the bottom" should mean "near the bottom." The court rejected that argument in its December 3, 2001 order. Thus, the court will not grant TI's motion for reargument on this ground.

**III. CONCLUSION**

TI has simply listed a number of reasons of why it disagrees with the court's order. In all of these instances, it has essentially argued that a second look at the facts would convince the court that it has reached the wrong conclusion. However, this is not a proper argument to raise in a motion for reconsideration. Even if it were, the court did not make its decision lightly. It carefully considered the propriety of its ruling before issuing it. While TI may

not be pleased with the conclusion which the court reached, its displeasure is not an appropriate ground for reargument.

For these reasons, IT IS HEREBY ORDERED that:
  1. The Motion for Reconsideration (D.I.98) filed by the Plaintiff, TI Group Automotive Systems (North America), Inc. is DENIED.
  2. The court will issue an Amended Order reflecting the modification to Paragraph 6 of its December 3, 2001 Order (D.I.96).

**Motions, Pleadings and Filings (Back to top)**

• 1:00CV00432 (Docket) (Apr. 25, 2000)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT C

Westlaw.

Slip Copy                                                                                               Page 1
Slip Copy, 2006 WL 2129077 (M.D.Pa.), 38 Employee Benefits Cas. 2706
(Cite as: 2006 WL 2129077 (M.D.Pa.))

H

**Motions, Pleadings and Filings**

United States District Court,
M.D. Pennsylvania.
Frank W. LEUTHNER, et al., Plaintiffs,
v.
BLUE CROSS OF NORTHEASTERN
PENNSYLVANIA, Defendant.
No. 4:CV-02-1709.

July 27, 2006.
Joel P. Trigiani, Law Office of Joel P. Trigiani,
Philadelphia, PA, for Plaintiffs.

**MEMORANDUM AND ORDER**

JOHN E. JONES III, District Judge.

**THE BACKGROUND OF THIS ORDER IS AS
FOLLOWS:**

*1 Pending before the Court is a Second Motion for
Summary Judgment ("the Motion") (doc. 266) filed
by Defendant Blue Cross of Northeastern
Pennsylvania ("Defendant" or "Blue Cross") on
March 27, 2006. For the reasons that follow, the
Motion shall be denied in all respects.

**FACTUAL             BACKGROUND/PROCEDURAL
HISTORY:**

The factual background and procedural history of
this case has been thoroughly set forth in prior orders
and is well known to the parties. The following brief
recitation of that history is sufficient for the purpose
of reviewing the pending Motion.

The plaintiffs Frank W. Leuthner ("Leuthner") and
William Reasner ("Reasner") (collectively
"Plaintiffs") initiated this action on September 26,
2002, pursuant to the Employee Retirement Income
Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001,
et seq. and Pennsylvania state law. This suit was
brought by Plaintiffs in their capacity as retired
salaried employees of Blue Cross and as participants
in the Blue Cross of Northeastern Pennsylvania
Retiree Health Insurance Plan ("the Plan"), an
employee welfare plan sponsored and administered

by Blue Cross which is subject to ERISA.

On May 4, 2005 Defendant filed its First Motion for
Summary Judgment (doc. 220), asserting that
Plaintiffs' claims were barred by the six year statute
of limitations found in § 413 of ERISA. This Court
denied that Motion as per a September 8, 2005 Order
(doc. 256) as we found that the statute of limitations
had not expired prior to the filing of the complaint.

On January 27, 2006, the Third Circuit Court of
Appeals handed down its decision in Ranke v. Sanofi-
Synthelabo Inc., 436 F.3d 197 (3d Cir.2006)
(hereinafter "Ranke "). Blue Cross now brings a
Second Motion for Summary Judgment before this
Court, arguing that the precedent announced in Ranke
conflicts with the rationale utilized by this Court in
denying Blue Cross' First Motion for Summary
Judgment. Defendant's Second Motion for Summary
Judgment maintains that the Ranke precedent binds
this Court to grant summary judgment in the
Defendant's favor. The Motion was filed on March
27, 2006, and has been briefed by the parties.
Therefore, the Motion is ripe for disposition.

**STANDARD OF REVIEW:**

Summary judgment is appropriate if "there is no
genuine issue as to any material fact and ... the
moving party is entitled to judgment as a matter of
law." Fed.R.Civ.P. 56(c); see also Turner v.
Schering-Plough Corp., 901 F.2d 335, 340 (3d
Cir.1990). The party moving for summary judgment
bears the burden of showing "there is no genuine
issue for trial." Young v. Quinlan, 960 F.2d 351, 357
(3d Cir.1992). Summary judgment should not be
granted when there is a disagreement about the facts
or the proper inferences which a fact finder could
draw from them. Peterson v. Lehigh Valley Dist.
Council, 676 F.2d 81, 84 (3d Cir.1982). Initially, the
moving party has a burden of demonstrating the
absence of a genuine issue of material fact. Celotex
Corporation v. Catrett, 477 U.S. 317, 323 (1986).
This may be met by the moving party pointing out to
the court that there is an absence of evidence to
support an essential element as to which the non-
moving party will bear the burden of proof at trial. Id.
at 325.

*2 Federal Rule of Civil Procedure 56 provides that,
where such a motion is made and properly supported,

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy, 2006 WL 2129077 (M.D.Pa.), 38 Employee Benefits Cas. 2706
**(Cite as: 2006 WL 2129077 (M.D.Pa.))**

the non-moving party must then show by affidavits, pleadings, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue for trial. Fed.R.Civ.P. 56(e). The United States Supreme Court has commented that this requirement is tantamount to the non-moving party making a sufficient showing as to the essential elements of their case that a reasonable jury could find in its favor. Celotex Corp., 477 U.S. at 322-23.

It is important to note that "the non-moving party cannot rely upon conclusory allegations in its pleadings or in memoranda and briefs to establish a genuine issue of material fact." Pastore v. Bell Tel. Co. of Pa., 24 F.3d 508, 511 (3d Cir.1994) (citation omitted). However, all inferences "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir.1992), cert. denied, 507 U.S. 912 (1993) (citations omitted).

Still, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)(emphasis in original). "As to materiality, the substantive law will identify which facts are material." Id. at 248. A dispute is considered to be genuine only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

### DISCUSSION:

Blue Cross contends that the Third Circuit's Ranke opinion conflicts with the rationale used by this Court in determining that the statute of limitations found in § 413 of ERISA (also referred to as "29 U.S.C. § 1113") does not bar Plaintiff's breach of fiduciary duty claim. Section 413 of ERISA provides that:
No action may be commenced under this title with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part, or with respect to a violation of this part [29 U.S.C. § 1101 et seq.], after the earlier of--
(1) six years after (A) the date of the last action which constituted part of the breach or violation, or (B) in the case of an omission, the latest date on which the fiduciary could have cured the breach or violation, or
(2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or

violation;
except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.
29 U.S.C. § 1113 (2006).

### A. Interpretation of § 413 of ERISA

At the heart of both Motions for Summary Judgment that have been asserted by Defendant in the case sub judice is the correct interpretation of the phrase "the date of the last action which constituted part of the breach or violation." Defendant contends that the "last act" refers to Defendant's last misrepresentation (which is outside the statutory period), while Plaintiffs assert that it refers to the last detrimental act taken in reliance upon Defendant's misrepresentation (which is within the statutory period). In deciding Defendant's First Motion for Summary Judgment, the Court relied upon the Third Circuit Court of Appeals' decision in In Re: Unisys Corp. Retiree Medical Benefit "ERISA" Litigation (hereinafter "Unisys III").

**\*3** The Third Circuit has instructed that "It may be that retirees who retired before those dates [six years prior to the filing of the complaint] relied to their detriment in making other decisions after those dates." Unisys III, 242 F.3d 497, 506-07. Therefore, summary judgment would be inappropriate in such instances. Id. at 507. However, summary judgment would be appropriate with respect to those "who assert claims based solely on retirement decisions made more than six years before suit was filed." Id. When read in concert, such statements from Unisys III are ambiguous in that on the one hand, they could mean that a claim is valid so long as it is based upon any act of detrimental reliance, subsequent to a misrepresentation if that claim is brought within the statutory period. On the other hand, the statements at issue could mean that a claim is valid only if it is grounded in the first act of reliance upon a particular misrepresentation if the claim is brought within the statutory period. We previously adopted the former interpretation. See Rec. Doc. 256. Thus, we concluded that although earlier claims of detrimental reliance based on decisions to retire may be barred by the statute of limitations, subsequent decisions made in reliance upon misrepresentations would be timely if made within six years of this reliance. (Rec. Doc. 256 at 18-19). Stated differently, any claim based on detrimental reliance upon defendant's misrepresentations would be timely if pleaded within six years of its occurrence.

Slip Copy                                                                                      Page 3
Slip Copy, 2006 WL 2129077 (M.D.Pa.), 38 Employee Benefits Cas. 2706
**(Cite as: 2006 WL 2129077 (M.D.Pa.))**

In *Ranke,* the Third Circuit illuminated its understanding of the "last date of action" as referenced by § 413 of ERISA. In rendering this decision, the *Ranke* Court specifically stated that *Unisys III* was controlling. *Ranke,* 436 F.3d at 202. It stated, "*Unisys III* did not hold that plaintiffs may 'reset the clock' by later detrimental reliance occurring after their claims first accrued." *Id.* at 203. In explaining that plaintiffs who retired outside the limitations period may still have viable claims if they relied to their detriment within the six year limitation period, we interpret that the Court meant to extend this "exception" only to those plaintiffs who did not previously rely to their detriment on the specific misrepresentation in which their claim was grounded. *See id.* at 203. The granting of this extension is based upon the presumptions that the Defendant "may have engaged in additional acts of breach that were separate from the original breach [ ]," and that the claim was grounded in a first reliance on an additional breach. *Id.*

Nonetheless, the *Ranke* Court refrained from determining whether the date of the detrimental reliance or the date of the defendant's misrepresentation constituted the "date of last action," as both occurrences fell on the same date. *Id.* The Court stated,

> 'The date of last action' was [when defendant employer misrepresented pension plan benefits in an attempt to persuade plaintiff employees to change employment, which plaintiffs did at that time]. Appellant's complaint contains no other allegation of misrepresentations occurring [after this misrepresentation] that are independent and not mere continuations of the initial misrepresentations that led to the changes of employment.

**\*4** *Id.* at 203.

## B. The Applicability of Ranke to the Case Sub Judice

The Plaintiffs in the instant case contend that the clarification *Ranke* provides to § 413 of ERISA is not applicable to the case *sub judice.* They claim that *Ranke* is applicable solely to situations in which misrepresentation and reliance are simultaneous, and then proceed to note that the misrepresentation predated the detrimental reliance in this instance. (Rec. Doc. 274 at 5). Further, Plaintiffs note that *Ranke* contains no allegations of breach of fiduciary duty or detrimental reliance on a breach of fiduciary duty within the six year statutory period, *id.* at 11,

whereas they specifically allege a subsequent course of systematic and pervasive misrepresentations and acts of detrimental reliance within the statutory period. (Pls'. Second Am. Comp. at ¶ 9).

While *Ranke* does not directly involve situations such as that presented in the above-captioned case, it does provide important guidance for situations such as this. In starting the statutory period from the date on which there was both misrepresentation and reliance, the Third Circuit noted that the complaint contained "no other allegation of misrepresentations occurring [after the date of initial misrepresentation and reliance] that are independent of and not mere continuations of the initial misrepresentation" upon which Plaintiffs had already relied. *Ranke,* 436 F.3d at 203. It then proceeded to note that the *Unisys III* plaintiffs who had viable claims even though they retired outside the statutory period received such a favorable presumption because they had not detrimentally relied when they retired (their incidents of post-retirement reliance were their first acts of reliance on that particular misrepresentation). *Id.*

We accordingly infer the following about the Third Circuit's interpretation of § 413 of ERISA. The claims of employees who retire outside the limitations period and who make no additional detrimental reliance allegations are time barred. *Unisys III* at 507. Claims of employees who retire within the limitation period and aver detrimental reliance resulting from that retirement are viable. *See id.* Claims of employees who retire outside the limitations period are viable only if that retirement was not in detrimental reliance upon the misrepresentation in question and if the reliance upon the misrepresentation in question is the employee's first reliance on that misrepresentation. *Ranke,* 436 F.3d at 203. Stated another way, claims in the latter situation are viable only if based on acts of detrimental reliance on misrepresentations that are "independent and not mere continuations of" any previous misrepresentations upon which claims have already accrued (i.e. upon which detrimental reliance has already occurred). *See id.* The Third Circuit explained that any misrepresentation that was "independent of and not merely a continuation of" any previous misrepresentation starts the statutory period anew for claims based on that particular misrepresentation. *Id.* at 203.

**\*5** We are cognizant that these dictates emanating from *Ranke* are dicta, and are accordingly not directly binding upon this Court. However, the case *sub judice* revolves around an emerging area of law that

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                                    Page 4
Slip Copy, 2006 WL 2129077 (M.D.Pa.), 38 Employee Benefits Cas. 2706
**(Cite as: 2006 WL 2129077 (M.D.Pa.))**

is still in its nascent stages of development. We find it prudent and it necessary to follow the persuasive dicta announced in the recent Third Circuit decision, rather than to send this incipient area of law spiraling into the doldrums of confusion and uncertainty. Thus, we will apply the *Ranke* dicta to this case.

## C. Defendant's Statute of Limitations Argument

Plaintiffs initiated this action on September 26, 2002. Consequently, the six year statutory period announced in § 413 of ERISA mandates that, in order to be viable, any claim raised in this case must be based on actions occurring after September 26, 1996. It is conceded that Plaintiff Leuthner retired in December 1994 and that Plaintiff Reasner retired in 1999. (Rec. Doc. 267 at 1). While it is further conceded that Plaintiffs did not receive explicit misrepresentations from Defendants after 1994, *id.* at 4-5, Plaintiffs contend that Defendant engaged in a systematic, pervasive, and continuing course of misrepresentation that lasted until 1999. (Rec. Doc. 274 at 11). As a result of this conduct, Plaintiffs aver that they were victims of detrimental reliance until 2001, at which point they became cognizant of the Defendant's misrepresentations through its manifest intent to alter their retirement plan. *Id.* at 8.

In averring this, Plaintiffs seem to insinuate that Defendant engaged in a systematic scheme of misrepresentation that induced the detrimental reliance of Plaintiffs until 2001. At this juncture, it is important to note that the existence of such a scheme (i.e. the relatedness of the misrepresentations to each other) is inapposite to the disposition of this case; rather, the novelty and independence of the misrepresentations are the dispositive elements. For if Defendant engaged in post-retirement misrepresentations that were new and independent from the misrepresentation(s) that induced Plaintiff's retirement, the occurrence of each new misrepresentation would serve as a benchmark for the beginning of the statute of limitations on any claim based on that misrepresentation, regardless of the interrelatedness of the misrepresentations. If the post-retirement misrepresentations are not substantially new and independent from the misrepresentation(s) that induced Plaintiff's retirement, then Plaintiff's claims are time barred since the latest possible date to which an initial act of detrimental reliance can be traced (i.e.retirement) falls outside the 6 year statutory period.

Plaintiff Reasner alludes to Exhibits C and D to support the pervasive scheme allegation. Exhibit C is a handout distributed at a meeting regarding the 1999 changes to the retirement plan offered by Defendant. Plaintiff Reasner avers that although this handout outlined changes to the retirement plans of future retirees, it affirmatively stated that "current retirees would remain under the traditional indemnity program." (Rec. Doc. 274 at 8). Exhibit D is a memorandum sent to Plaintiff Reasner from Blue Cross indicating that he would be grand-fathered under the 1994 Plan, without any indication that this Plan could be altered in the future. *Id.* at 11-12. Plaintiff Reasner asserts that these actions by Blue Cross constitute additional and independent misrepresentations.

**\*6** Plaintiffs Leuthner and Reasner also direct the Court to Exhibit E, a benefits booklet, which they contend implies that their retirement plan will be left unaffected. *Id.* at 13. Additionally, Plaintiffs allege that Blue Cross engaged in further independent acts of misrepresentation by sending out letters to current retirees that allegedly implied that current changes would not impact them. *Id.*

Defendant responds by asserting that not only were these instances not *new* and *independent* acts of misrepresentation, they were not acts of misrepresentation at all. With regard to Exhibit C, Defendant asserts:

> Even a brief review of the document ... demonstrates that Plaintiffs have either misunderstood or misrepresented it. Under the heading **'Will the Company Ever Eliminate Post-Retirement Medical?'** Blue Cross disclosed that it 'reserve [d] the right to change, modify or eliminate *any* benefit in the future and may do so depending on the circumstances which may occur in the future.'

Rec. Doc. 278 at 6 (quoting Pls.' Second Am. Comp., Ex. C at 1, ¶ 8).

Similarly, Blue Cross alleges that claims regarding Exhibit D misrepresent the nature of that document. Defendant asserts that this document alerted Plaintiff Reasner to changes to the Blue Cross *pension plan,* not the retirement plan in question, and informed him that changes to the *pension plan,* would not affect him. (Rec. Doc. 278 at 6). Additionally, Blue Cross urges this Court to reject any claims of detrimental reliance on Exhibit E because it is alleged that neither Plaintiff read the pamphlet and therefore could not have detrimentally relied upon it. *Id.* It is further alleged that the Plaintiffs could not have detrimentally relied upon the pamphlet even if they

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy, 2006 WL 2129077 (M.D.Pa.), 38 Employee Benefits Cas. 2706
**(Cite as: 2006 WL 2129077 (M.D.Pa.))**

had read it, as it supposedly disclosed Blue Cross' right to modify or terminate the retirement plans of the Plaintiffs. *Id.*

Finally, Plaintiffs direct the Court to a letter dated March 4, 1999 that informed existing retirees to changes in the retirement plan that would not affect them. In response to Plaintiffs' claims of detrimental reliance on this document, Defendant notes that the document plainly disclosed only that "this change" would not affect the existing retirees. *Id.* at 8. Defendant avers that the document never precluded the possibility that future changes could affect existing retirees. *Id.*

Defendant's response to Plaintiffs' averments regarding these documents allegedly reveal the "truth" behind Plaintiffs' retirement benefits; which, in Plaintiffs' view, is that Blue Cross retained the right to alter the employees' benefits at any time. *See* Rec. Doc. 222 at 7-13. Defendant argues that reliance on any alleged misrepresentations or expectancies by an employer is always unreasonable when employees have in their possession information explaining their benefits. *See In re Unisys Corp. Retiree Medical Benefit "ERISA" Litig.,* 58 F.3d 896, 908 (3d Cir .1995) [hereinafter "*Unisys I* "]. Defendant further notes that prior changes to employees' plans should have alerted Plaintiffs that their benefit structure was subject to change. However, *Unisys I* does not hold that such evidence is sufficient to defeat a claim of detrimental reliance upon a breach of fiduciary duty.

*\*7* A fiduciary's obligations with respect to its beneficiaries include not only the duty not to mislead, but "also an affirmative duty to inform when the trustee knows that silence might be harmful." *Bixler v. Central Pennsylvania Teamsters Health and Welfare Fund,* 12 F.3d 1292, 1300 (3d Cir.1993). The Third Circuit's decision in *Bixler* led to the district court's reconsideration and ultimate reinstatement of the *Unisys I* plaintiffs' claims for breach of fiduciary duty, which the Third Circuit subsequently affirmed. *See Unisys III,* 242 F.3d at 500-02. The *Unisys III* court asserted that providing plaintiffs with a summary of their benefits did not satisfy Unisys's fiduciary responsibility. *Id.* at 508. In some circumstances, a fiduciary's failure to correct beneficiaries' mistaken reliance on benefits can constitute a breach of fiduciary duty, even if the beneficiaries' reliance is unreasonable. *Id.* The *Bixler* and *Unisys I* decisions focus on " 'a fiduciary's duty to deal fairly with its beneficiary and, more specifically, to communicate ... material facts affecting the interest of the beneficiary which [the

fiduciary] knows the beneficiary does not know and which the beneficiary needs to know for his protection.' " *Id. (quoting* Restatement (Second) of Trusts § 173 cmt. d (1959) (internal citations omitted)).

Accordingly, Plaintiffs' failure to take note of the various changes and documents that Defendant alleges should have apprized them of "the truth" behind their plan will not, as a matter of law, preclude their claims of detrimental reliance. Rather, if the fiduciary should have foreseen that the messages conveyed could have caused employees to rely to their detriment, and failed to correct such confusion, a trier of fact could find that a fiduciary had breached its duty to adequately inform its beneficiaries. *See Unisys III,* 242 F.3d at 508.

If the communications at issue are adjudged to be misrepresentations, they can support a valid claim of detrimental reliance if they are independent of and not merely a continuation of the previous misrepresentations, and if they have not been previously relied upon to the Plaintiffs' detriment. Such an inquiry into the nature and context of the various messages and representations that Plaintiffs received, and the foreseeability of their misunderstanding, are matters most appropriately decided by the trier of fact, in accordance with our September 8, 2005 Order. (Rec. Doc. 256 at 7). Therefore, summary judgment is inappropriate at this juncture.

**D. *Defendant's § 1113(1)(B) Claim***

Defendant alternatively argues that if this Court does not adopt its interpretation regarding the running of the statute of limitations found in 29 U.S.C. § 1113(1)(A), we should instead adopt 29 U.S.C. § 1113(1)(B) to commence the running of the statute of limitations. The relevant language of this section states that in the case of omissions, the six year statutory period runs from the "the latest date on which the fiduciary could have cured the breach or violation." 29 U.S.C. § 1113(1)(B) (2006). This section is properly applied only to those claims characterized as "omissions."

*\*8* In the instant case, Plaintiffs initially aver that their claims are based in misrepresentation, and then proceed to proffer the omission argument in the alternative. These alternative arguments are mutually exclusive, since a communication cannot simultaneously be both a misrepresentation and an omission. The nature of each communication will

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                          Page 6
Slip Copy, 2006 WL 2129077 (M.D.Pa.), 38 Employee Benefits Cas. 2706
**(Cite as: 2006 WL 2129077 (M.D.Pa.))**

therefore indicate which section of 29 U.S.C. § 1113(1) is appropriate in commencing the statutory period for claims based on that communication. As previously addressed and noted, this Court has determined that the trier of fact is best equipped to determine the nature and context of the communications in question. Defendant's Motion is accordingly denied. **NOW, THEREFORE, IT IS ORDERED THAT:**

1. Defendants' Second Motion for Summary Judgment (doc. 266) is DENIED.

Slip Copy, 2006 WL 2129077 (M.D.Pa.), 38 Employee Benefits Cas. 2706

**Motions, Pleadings and Filings (Back to top)**

• 2006 WL 1854318 (Trial Motion, Memorandum and Affidavit) Reply Memorandum of Law in Support of Defendant's Motion for Summary Judgment (May 18, 2006)Original Image of this Document (PDF)

• 2006 WL 1854315 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Brief In Opposition to Defendant's Second Motion for Summary Judgment Filed March 27, 2006 (May 5, 2006)Original Image of this Document (PDF)

• 2006 WL 1021751 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Defendant's Motion for Summary Judgment (Mar. 27, 2006)Original Image of this Document (PDF)

• 2004 WL 1367196 (Trial Motion, Memorandum and Affidavit) Defendant's Brief in Opposition to Plaintiffs' Motion for Reconsideration with Respect to the Issue of Spousal Reliance/Detriment Regarding Familial Decisions (Apr. 8, 2004)Original Image of this Document (PDF)

• 2004 WL 1367178 (Trial Pleading) Defendant's Answer, Affirmative Defenses and Counterclaims to Plaintiffs' Second Amended Complaint (Mar. 10, 2004)Original Image of this Document with Appendix (PDF)

• 2004 WL 1367194 (Trial Motion, Memorandum and Affidavit) Reply Memorandum in Support of Defendant's Motion to Dismiss and/or Strike Intervenors' Amended Class Action Complaint (Mar. 1, 2004)Original Image of this Document (PDF)

• 2004 WL 1367193 (Trial Motion, Memorandum

and Affidavit) Memorandum of Law in Support of Defendant's Motion to Dismiss and/or Strike Intervenors' Amended Class Action Complaint (Jan. 26, 2004)Original Image of this Document (PDF)

• 2004 WL 1367191 (Trial Motion, Memorandum and Affidavit) Reply Memorandum in Support of Defendant Blue Cross of Northeastern Pennsylvania's Motion to Dismiss Plaintiffs' Second Amended Complaint and/or for Summary Judgment (Jan. 20, 2004)Original Image of this Document (PDF)

• 2003 WL 23570467 (Trial Motion, Memorandum and Affidavit) Defendant Blue Cross of Northeastern Pennsylvania's Statement of Material Facts in Support of Its Motion to Dismiss Plaintiffs' Second Amended Complaint and/or for Summary Judgment (Dec. 5, 2003)Original Image of this Document (PDF)

• 2003 WL 23570469 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Defendant Blue Cross of Northeastern Pennsylvania's Motion to Dismiss Plaintiffs' Second Amended Complaint and/or for Summary Judgment (Dec. 5, 2003)Original Image of this Document with Appendix (PDF)

• 2003 WL 23570465 (Trial Motion, Memorandum and Affidavit) Defendant's Memorandum of Law in Response to Plaintiffs' Brief Regarding the Applicability of the Reasner Release and in Further Support of Defendant's Motion for Summary Judgment (Nov. 24, 2003)Original Image of this Document (PDF)

• 2003 WL 23570461 (Trial Motion, Memorandum and Affidavit) Defendant's Brief in Opposition to Plaintiffs' and Putative Intervenors Joint Motion to Extend Scheduling Order Dates (Oct. 17, 2003)Original Image of this Document (PDF)

• 2003 WL 23570460 (Trial Motion, Memorandum and Affidavit) Defendant's Reply Brief in Support of Its Motion to Dismiss Plaintiffs' Amended Class Action Complaint and/or for Summary Judgment (Oct. 2, 2003)Original Image of this Document with Appendix (PDF)

• 2003 WL 23570456 (Trial Motion, Memorandum and Affidavit) Defendant's Brief in Opposition to Ms. Jean Mikulis and Ms. Elizabeth Melley's Motion to Intervene (Sep. 18, 2003)Original Image of this Document (PDF)

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                          Page 7
Slip Copy, 2006 WL 2129077 (M.D.Pa.), 38 Employee Benefits Cas. 2706
**(Cite as: 2006 WL 2129077 (M.D.Pa.))**

• 2003 WL 23570455 (Trial Motion, Memorandum and Affidavit) Defendant's Brief in Opposition to Plaintiffs' Motion for Reconsideration of the Court's Order of July 11, 2003 (Sep. 5, 2003)Original Image of this Document with Appendix (PDF)

• 2003 WL 23570452 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Defendant Blue Cross of Northeastern Pennsylvania's Motion to Dismiss Plaintiffs' Amended Class Action Complaint and/or for Summary Judgment (Aug. 18, 2003)Original Image of this Document with Appendix (PDF)

• 2003 WL 23570448 (Trial Motion, Memorandum and Affidavit) Defendant's Motion to Enlarge Time to Respond to Plaintiffs' Amended Class Action Complaint (Aug. 1, 2003)Original Image of this Document (PDF)

• 2003 WL 23570447 (Trial Motion, Memorandum and Affidavit) Defendant Blue Cross of Northeastern Pennsylvania's Brief in Response to the Court's Order of June 13, 2003 (Jul. 7, 2003)Original Image of this Document with Appendix (PDF)

• 2003 WL 23570445 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Reply Brief in Support of Motion for Class Action Certification (May 30, 2003)Original Image of this Document with Appendix (PDF)

• 2003 WL 23570444 (Trial Motion, Memorandum and Affidavit) Defendant Blue Cross of Northeastern Pennsylvania's Brief in Opposition to Plaintiffs' Motion for Class Action Certification (Apr. 30, 2003)Original Image of this Document with Appendix (PDF)

• 2003 WL 23570440 (Trial Motion, Memorandum and Affidavit) Defendant's Motion to Enlarge Time to Respond to Plaintiffs' Motion for Class Action Certification (Feb. 19, 2003)Original Image of this Document (PDF)

• 2003 WL 23570438 (Trial Motion, Memorandum and Affidavit) Defendant Blue Cross of Northeastern Pennsylvania's Reply Brief in Support of Its Motion to Dismiss (Jan. 27, 2003)Original Image of this Document (PDF)

• 2003 WL 23570436 (Trial Motion, Memorandum and Affidavit) Defendant's Motion to Enlarge Time to Respond to Plaintiffs' Motion for Class Action Certification (Jan. 21, 2003)Original Image of this

Document (PDF)

• 2003 WL 23570434 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Brief in Opposition to Defendant's Motion to Dismiss (Jan. 8, 2003)Original Image of this Document (PDF)

• 2003 WL 23570433 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Brief in Support of Motion for Class Action Certification (Jan. 6, 2003)Original Image of this Document (PDF)

• 2002 WL 32537927 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Motion for Class Action Certification (Dec. 26, 2002)Original Image of this Document (PDF)

• 2002 WL 32537926 (Trial Motion, Memorandum and Affidavit) Defendant Blue Cross of Northeastern Pennsylvania's Motion to Continue Case Management Conference (Dec. 20, 2002)Original Image of this Document (PDF)

• 2002 WL 32537924 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Concurred in Motion to Enlarge the Time for Plaintiffs to Respond to Defendants Motion to Dismiss (Dec. 16, 2002)Original Image of this Document (PDF)

• 2002 WL 32537920 (Trial Motion, Memorandum and Affidavit) Defendant Blue Cross of Northeastern Pennsylvania's Motion to Dismiss Plaintiffs' Complaint (Dec. 5, 2002)Original Image of this Document (PDF)

• 2002 WL 32537922 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Support of Defendant Blue Cross of Northeastern Pennsylvania's Motion to Dismiss Plaintiffs' Complaint (Dec. 5, 2002)Original Image of this Document (PDF)

• 2002 WL 32537933 (Trial Motion, Memorandum and Affidavit) Motion to Extend Date for Rule 56 Responses (Sep. 26, 2002)Original Image of this Document (PDF)

• 2002 WL 32537935 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Cross Motion Pursuant to Rule 56(f) (Sep. 26, 2002)Original Image of this Document (PDF)

• 2002 WL 32537936 (Trial Motion, Memorandum and Affidavit) Motion for Reconsideration of the Court's Order of July 11, 2003 (Sep. 26, 2002)Original Image of this Document with

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                   Page 8
Slip Copy, 2006 WL 2129077 (M.D.Pa.), 38 Employee Benefits Cas. 2706
**(Cite as: 2006 WL 2129077 (M.D.Pa.))**

Appendix (PDF)

• <u>2002 WL 32537938</u> (Trial Motion, Memorandum and Affidavit) Brief in Support of Motion for Reconsideration of the Court's Order of July 11, 2003 (Sep. 26, 2002)Original Image of this Document (PDF)

• <u>2002 WL 32537940</u> (Trial Motion, Memorandum and Affidavit) Brief in Support of Motion to Intervene (Sep. 26, 2002)Original Image of this Document (PDF)

• <u>2002 WL 32537941</u> (Trial Motion, Memorandum and Affidavit) Parties Joint Motion to Extend Due Dates and for Additional Pages (Sep. 26, 2002)Original Image of this Document (PDF)

• <u>2002 WL 32537943</u> (Trial Motion, Memorandum and Affidavit) Plaintiffs' and Putative Intervenors Joint Motion to Extend Scheduling Order Dates (Sep. 26, 2002)Original Image of this Document (PDF)

• <u>2002 WL 32537944</u> (Trial Motion, Memorandum and Affidavit) Plaintiffs' Brief in Opposition to Defendant's Motion to Dismiss (Sep. 26, 2002)Original Image of this Document with Appendix (PDF)

• <u>2002 WL 32537946</u> (Trial Motion, Memorandum and Affidavit) Reply Brief in Support of Motion for Reconsideration of the Court's Order of July 11, 2003 (Sep. 26, 2002)Original Image of this Document with Appendix (PDF)

• <u>2002 WL 32537947</u> (Trial Motion, Memorandum and Affidavit) Plaintiffs' and Interveners' Motion to Extend Due Date for Their Reply Brief in Support of Motion for Intervention (Sep. 26, 2002)Original Image of this Document (PDF)

• <u>2002 WL 32537949</u> (Trial Motion, Memorandum and Affidavit) Plaintiffs' and Putative Intervenors Joint Brief in Support of Motion to Extend Scheduling Order Dates (Sep. 26, 2002)Original Image of this Document (PDF)

• <u>2002 WL 32537950</u> (Trial Motion, Memorandum and Affidavit) Reply Brief in Support of Motion to Intervene (Sep. 26, 2002)Original Image of this Document (PDF)

• <u>2002 WL 32537951</u> (Trial Motion, Memorandum and Affidavit) Plaintiffs' Brief Regarding the Applicability of the Reasner Release (Sep. 26,

2002)Original Image of this Document with Appendix (PDF)

• <u>2002 WL 32537953</u> (Trial Motion, Memorandum and Affidavit) Motion for Leave Extend Date to Respond to Defendant's Motion to Dismiss (Sep. 26, 2002)Original Image of this Document (PDF)

• <u>2002 WL 32537954</u> (Trial Motion, Memorandum and Affidavit) Plaintiffs' Brief in Opposition to Defendants Motion to Dismiss and/or for Summary Judgment (Sep. 26, 2002)Original Image of this Document with Appendix (PDF)

• <u>2002 WL 32537955</u> (Trial Motion, Memorandum and Affidavit) Plaintiffs' Concurred in Motion to File a Sur-Reply Brief (Not Exceeding 10 Pages) in Response to Defendant's Reply Brief in Support of Defendant's Motion to Dismiss Plaintiffs' Second Amended Complaint (Sep. 26, 2002)Original Image of this Document (PDF)

• <u>2002 WL 32537956</u> (Trial Motion, Memorandum and Affidavit) Plaintiffs' Concurred in Motion to Set Date for Plaintiffs' Sur-Reply Brief (Sep. 26, 2002)Original Image of this Document (PDF)

• <u>2002 WL 32537959</u> (Trial Motion, Memorandum and Affidavit) Intervenors' Brief in Opposition to Defendants Motion to Dismiss and/or Strike Intervenors' Amended Complaint (Sep. 26, 2002)Original Image of this Document (PDF)

• <u>2002 WL 32537961</u> (Trial Motion, Memorandum and Affidavit) Plaintiffs' Sur-Reply Brief in Opposition to Defendants Motion to Dismiss and/or for Summary Judgment (Sep. 26, 2002)Original Image of this Document with Appendix (PDF)

• <u>2002 WL 32537962</u> (Trial Motion, Memorandum and Affidavit) Motion for Extra Pages and to Set the Briefing Schedule in Regard to Plaintiffs and Intervenors Motion for Class Certification (Sep. 26, 2002)Original Image of this Document (PDF)

• <u>2002 WL 32537963</u> (Trial Motion, Memorandum and Affidavit) Motion for Class Action Certification (Sep. 26, 2002)Original Image of this Document (PDF)

• <u>2002 WL 32537964</u> (Trial Motion, Memorandum and Affidavit) Plaintiffs' Motion for Reconsideration with Respect to the Issue of Spousal Reliance/Detriment Regarding Familial Decisions (Sep. 26, 2002)Original Image of this Document

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                                       Page 9
Slip Copy, 2006 WL 2129077 (M.D.Pa.), 38 Employee Benefits Cas. 2706
**(Cite as: 2006 WL 2129077 (M.D.Pa.))**

(PDF)

• 2002 WL 32537966 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Motion for Reconsideration With Respect to Trial List (Sep. 26, 2002)Original Image of this Document (PDF)

• 2002 WL 32537969 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Brief in Support of Motion for Reconsideration With Respect to the Issue of Spousal Reliance/Detriment Regarding Familial Decisions (Sep. 26, 2002)Original Image of this Document with Appendix (PDF)

• 2002 WL 32537972 (Trial Motion, Memorandum and Affidavit) Brief in Support of Motion for Class Certification (Sep. 26, 2002)Original Image of this Document with Appendix (PDF)

• 2002 WL 32537977 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Motion to Dismiss Counterclaim Filed by Defendant in Violation of Federal Rules of Procedure, Rule 12(b)(6), 12(c) and 56 (Sep. 26, 2002)Original Image of this Document with Appendix (PDF)

• 2002 WL 32537983 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Brief in Support of Their Motion to Dismiss Counterclaims Filed by Defendant in Violation of Federal Rules of Civil Procedure, Rule 12(b)(6), 12(c) and 56 (Sep. 26, 2002)Original Image of this Document with Appendix (PDF)

• 2002 WL 32537985 (Trial Motion, Memorandum and Affidavit) Plaintiffs' Reply Brief to Defendant's Brief in Opposition to Plaintiffs' Motion for Reconsideration with Respect to the Issue of Spousal Reliance/Detriment Regarding Familial Decisions (Sep. 26, 2002)Original Image of this Document with Appendix (PDF)

• 4:02cv01709 (Docket) (Sep. 26, 2002)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2006, I caused true and correct copies of the foregoing **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO ALTER OR AMEND THE JUDGMENT** to be electronically filed with the U.S. District Court District of Delaware via CM/ECF (Official Court Electronic Document Filing System) and served two (2) true and correct copies upon counsel of record in the following manner:

### Via Hand Delivery

John M. Stull (No. 568)
1300 North Market Street
Suite 700
P.O. Box 1947
Wilmington, DE 19801

Kathleen Furey McDonough (I.D. 2395)
Sarah E. DiLuzio (DSB ID No. 4085)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Post Office Box 951
Wilmington, Delaware 19899-0951
Tel: (302) 984-6000
E-mail: sdiluzio@potteranderson.com
*Attorneys for Defendants*

759711

5