IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MIKE V. MATA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 05-423-KAJ |
| | ) |
| E. I. DU PONT DE NEMOURS AND | ) |
| COMPANY, a Delaware corporation; E. I. | ) |
| DU PONT DE NEMOURS AND | ) |
| COMPANY, Plan Administrator; and | ) |
| PENSION AND RETIREMENT PLAN, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

**I.   INTRODUCTION AND BACKGROUND**

Before me is a Motion to Alter or Amend Judgment (Docket Item ["D.I."] 50; the "Motion") filed by plaintiff Mike Mata ("Plaintiff") against E.I. du Pont de Nemours & Co. Inc.; E.I. du Pont de Nemours and Company, Plan Administrator; and the DuPont Pension and Retirement Plan (collectively, "DuPont") pursuant to Federal Rule of Civil Procedure 59(e).[1]  Plaintiff's Motion comes in response to my October 16, 2006 Memorandum Opinion (D.I. 48) and accompanying Order (D.I. 49), in which I granted summary judgment to DuPont.  In that Memorandum Opinion, I determined that DuPont's Board of Benefits and Pension did not abuse its discretion in denying Mr.

---

[1] The factual background of the case is described in detail in *Mata v. E.I. DuPont De Nemours & Co.*, No. CIV.A.05-423-KAJ, 2006 WL 2946935, at *1-*5 (D. Del. Oct. 16, 2006).

Mata the benefits he sought under the DuPont Pension and Retirement Plan (the "Plan"), a plan governed by the Employee Retirement Income Security Act ("ERISA"). (D.I. 48 at 11-17.) I concluded that Mr. Mata was not entitled to early retirement pension benefits under the Plan, and that Mr. Mata did not adduce any evidence to indicate that DuPont should be estopped from enforcing the Plan. (*Id.*) I also concluded that Mr. Mata did not demonstrate that DuPont breached its fiduciary duties in administering the Plan. (*Id.* at 18-19.) Mr. Mata now asks me to alter or amend my judgment, claiming that DuPont breached its fiduciary duties by misleading Mr. Mata and by not "fully disclosing the details in time" for Mr. Mata to make an adequate decision concerning his employment with DuPont. (D.I. 50 at 1-2.) For the reasons that follow, I will deny Plaintiffs' Motion.

II.     **STANDARD OF REVIEW**

Motions for reconsideration should be granted sparingly. *TI Group Auto. Sys., (N. Am.), Inc. v. VDO N. Am., L.L.C.*, No. C.A.00-432-GMS, 2002 WL 87472, at *1 (D. Del. Jan. 22, 2002). The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied*, 476 U.S. 1171 (1986). A motion for reconsideration may be granted if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issues its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration is not properly grounded on a request that a court rethink a

decision already made. *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990) (citation omitted).

### III. DISCUSSION

Mr. Mata claims that amending or altering my judgment is appropriate because DuPont had a fiduciary duty not to mislead Mr. Mata. (D.I. 50 at 1.) Mr. Mata cites *Leuthner v. Blue Cross of Northeastern Pennsylvania*, No. 4:CV-02-1709, 2006 WL 2129077 (M.D. Pa. July 27, 2006) (denying defendant's motion for summary judgment, because it was not appropriate at that juncture to conclude that Plaintiffs' claims were time barred under Section 413 of ERISA), and other cases from the United States Court of Appeals for the Third Circuit, to support his contention that DuPont breached its fiduciary duties in its dealings with him. (D.I. 50 at 1-2.) *Leuthner* restates holdings from *Bixler v. Central Pennsylvania Teamsters Health and Welfare Fund*, 12 F.3d 1292 (3d Cir. 1993), and *In Re: Unisys Corp. Retiree Medical Benefit "ERISA" Litigation*, 242 F.3d 497 (3d Cir. 2001), *cert. denied*, 534 U.S. 1018 (2001). In *Bixler*, the Third Circuit stated that a fiduciary has an obligation not to mislead its beneficiaries and "to inform when the trustee knows that silence might be harmful." 12 F.3d at 1300. In *Unisys*, the Third Circuit confirmed that a fiduciary's failure to correct a beneficiary's mistaken belief can result in a breach of fiduciary duty, even when that belief is unreasonable, as long as unreasonable reliance is foreseeable by the fiduciary. 242 F.3d at 508-09 (citing

*Bixler*, 12 F.3d at 1302-03). The court in *Unisys* further stated that its holding was "based on a fiduciary's duty to deal fairly with its beneficiary and, more specifically, 'to communicate to the beneficiary material facts affecting the interest of the beneficiary which he knows the beneficiary does not know and which the beneficiary needs to know for his protection.'" *Id.* at 509 (citing *Bixler*, 12 F.3d at 1300).

As earlier noted, granting a motion to amend or alter judgment is appropriate only if there is an intervening change in the controlling law, there is new evidence that was not available when the court issued its order, or there is a need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café*, 176 F.3d at 677. None of those situations are present here. Mr. Mata has not adduced new evidence to demonstrate that DuPont misled him by its affirmative actions or its silence, that Mr. Mata's unreasonable reliance was foreseeable by DuPont, or that DuPont was aware of and did not communicate to Mr. Mata materials facts of which he had no knowledge.

Furthermore, Mr. Mata has not shown that there has been an intervening change in controlling law, or that there is a need to correct a clear error of law or fact to prevent injustice. In my Memorandum Opinion, I decided that DuPont consistently applied the terms of the Plan in its dealings with Mr. Mata, and that DuPont did not misinform him or misrepresent the terms of the Plan to him. (*Id.*) DuPont's records were clear that the service Mr. Mata rendered at his former employer would not be recognized for pension purposes at DuPont, and DuPont never told Mr. Mata otherwise. (*Id.*) DuPont sent out two letters in 1991 and 1992, explaining that DuPont would not recognize service rendered at Mr. Mata's former employer for pension purposes. (D.I. 37 at A120, A121.)

Even if Mr. Mata did not receive the 1991 and 1992 letters, the DuPont Summary Plan Description, in conjunction with other DuPont records, indicated that Mr. Mata's service with his former employer would not be recognized for pension purposes. (D.I. 35 at A60; D.I. 36 at A107.) Mr. Mata could have inquired at any time as to whether he had obtained the service necessary to be eligible for early retirement benefits. When he finally did inquire, DuPont promptly informed him that he was not eligible. (D.I. 35 at A27:7-9.)

Mr. Mata also contends that DuPont breached its fiduciary duties by not "fully disclosing the details in time for Mata to adequately consider the need to refuse [s]everance and further consider retaining employment within DuPont." (D.I. 50 at 2.) He directs me to "Third Circuit precedent cited in *Leuthner*" to support his arguments. (*Id.*) Again, Mr. Mata does not show a change in controlling law, nor does he provide new evidence that was not available when I issued my ruling in this case. Moreover, the holdings in *Bixler* and *Unisys* do not demonstrate that I made a clear error of law when concluding that DuPont did not breach its fiduciary duties to Mr. Mata.

## IV.   CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Alter or Amend Judgment (D.I. 50) is DENIED.

            _____
            UNITED STATES DISTRICT JUDGE

December 12, 2006
Wilmington, Delaware